Molly M. Rezac
Nevada Bar No. 7435
molly.rezac@ogletreedeakins.com
Erica J. Chee
Nevada Bar No. 12238
erica.chee@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
3800 Howard Hughes Parkway, Suite 1500
Las Vegas, NV  89169
Telephone:  702.369-6800
Fax:  702.369.6888

Robert F. Shaffer
robert.shaffer@finnegan.com
District of Columbia Bar No. 472423 *(Pro Hac Vice Pending − will comply with LR IA 10-2 within 45 days)*
James R. Barney
james.barney@finnegan.com
District of Columbia Bar No. 473732 *(Pro Hac Vice Pending − will comply with LR IA 10-2 within 45 days)*
Anthony D. Del Monaco
anthony.delmonaco@finnegan.com
District of Columbia Bar No. 978164 *(Pro Hac Vice Pending − will comply with LR IA 10-2 within 45 days)*
FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP
901 New York Avenue, NW
Washington, DC  20001-4413
Telephone:  202.408.4000
Fax:  202.408.4400

*Attorneys for Plaintiffs CG Technology Development, LLC,
Interactive Games Limited, and Interactive Games LLC*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| CG TECHNOLOGY DEVELOPMENT, LLC, INTERACTIVE GAMES LIMITED, and INTERACTIVE GAMES LLC,<br><br>              Plaintiffs,<br><br>vs.<br><br>888 HOLDINGS PLC,<br><br>              Defendant. | Case No.:<br><br>**PLAINTIFFS' COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

      Plaintiffs CG Technology Development, LLC ("CG Tech"), Interactive Games Limited ("IG Limited"), and Interactive Games LLC ("IG LLC") (collectively "Plaintiffs"), by and through

their counsel, hereby bring this Complaint against Defendant 888 Holdings PLC ("Defendant" or "888 Holdings"), and allege as follows:

## NATURE OF ACTION

1.      This is an action for patent infringement under 35 U.S.C. § 271 *et seq.* by Plaintiffs against Defendant for infringement of U.S. Patent Nos. RE39,818; 6,899,628; 7,534,169; 6,979,267; 8,342,924; 7,029,394; 9,111,417; 8,771,058; 8,814,664; and 6,966,832 (collectively the "Patents-in-Suit").

## PARTIES

2.      CG Tech is a wholly owned subsidiary of CG Technology, L.P. ("CG"), a limited partnership, with its principal place of business at 2575 South Highland Drive, Las Vegas, Nevada, 89109.  CG and CG Tech are both incorporated in Nevada.  CG is an innovative gaming technology solutions provider for lottery, gaming, racing, and sports wagering worldwide.  It specializes in providing secure, scalable, mobile technology and risk management solutions to integrated resorts, gaming partners, race and sports books, and lottery industries.  Headquartered in Las Vegas, Nevada, CG and CG Tech continue to expand into new global markets in response to partner demand for their gaming and manufacturing expertise and superior technology solutions.  Their products include Android™- and Apple®-compatible applications for real-money and social casino gaming, as well as state-of-the-art, account-based wagering systems.

3.      IG LLC is a limited liability company incorporated in Nevada with its principal place of business at 110 East 59th St., New York, New York, 10022.

4.      IG Limited is a private limited company with its principal place of business at One Churchill Place, Canary Wharf, London, UK E14 5RB.

5.      Upon information and belief, 888 Holdings is a corporation organized and existing under the laws of Gibraltar, with its principal place of business located at Suite 601/701, Europort, Gibraltar.

## JURISDICTION AND VENUE

6.      This is a civil action for patent infringement arising under the patent laws of the

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

United States, 35 U.S.C. § 271 *et seq.*

7.    This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

8.    888 Holdings is subject to personal jurisdiction in this District because, based on information and belief, Defendant has transacted business in this District and has committed, by itself or in concert with others, acts of patent infringement in this District.  On information and belief, Defendant has conducted business within the State of Nevada.  In addition, Defendant offered for sale, sells, advertises, and/or uses its products and services (including the products accused of infringement in this lawsuit) in the United States, the State of Nevada, and this District. Further, Defendant purposefully and voluntarily placed one or more infringing products and services into the stream of commerce with the expectation that they will be used by consumers in the State of Nevada.  Defendant also advertises and has transacted business throughout the United States, including in the State of Nevada, and specifically in this District.  Defendant has purposely availed itself of the laws of this District by, among other things, advertising and selling its products and services in this District.

9.    Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Nevada Long Arm Statute, due at least to Defendant's substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and/or (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in the State of Nevada and in this District.

10.   On information and belief, Defendant has operated and continues to operate interactive websites (us.888poker.com and us.888casino.com), computer applications, and mobile applications that are accessible to all residents of the State of Nevada, including in this District, through which Defendant advertises and makes available for use certain services and electronic social casino games that are herein accused of infringement.  (*See* https://us.888poker.com, http://us.888casino.com.)   On information and belief, Defendant has repeatedly held events promoting and utilizing its products and services accused of infringement in this District.  (*See, e.g.*,

1  http://intergameonline.com/i-gaming/news/9035/888-signs-b2c-deal-with-avenue-capital,

2  http://www.888poker.com/magazine/poker-world/1-cent-buy-in-tourney/,

3  http://www.pokernews.com/leagues/888poker-wsop-package/,

4  https://www.youtube.com/watch?v=jXEMZnJ8d90,    http://pokerfuse.com/news/industry/2014-08-26-

5  888-branded-online-poker-room-coming-nevada/,    http://www.legal-gambling-

6  usa.com/news-poker-888-launches-shared-poker-network-for-both-delaware-and-

7  nevada.html,    http://www.wsop.com/news/2015/Mar/5210/888POKER-AND-WSOP-ANNOUNCE-

8  SPONSORSHIP-AND-CONTENT-PACT.html,    http://www.pokernews.com/news/2015/04/888poker-

9  wsop-promo-21341.htm.)

10      11.    Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c), and/or

11  1400(b), as 888 Holdings is subject to personal jurisdiction in this District.

<div align="center">**GENERAL ALLEGATIONS**</div>

12      12.    Plaintiffs own innovative technology that is being used by Defendant in its social

casino gaming business.  Like traditional casino games, users are enabled to play games and place

wagers on their outcomes.  Social casino games, however, allow users to play casino games with

hundreds of thousands of people through an online community.  Users engage with the online

community through mobile computing devices.  Accordingly, social casino games are faster and

provide greater diversity of players and experience levels.  Social casino games also provide a

better-personalized experience, more options, and greater enjoyment for the players.

    13.    On information and belief, and based on its own admissions, 888 Holdings provides

one    of    the    largest    selections    of    online    casino    and    poker    games.    (*See*

http://us.888casino.com/about-us, http://us.888poker.com.)  888 Holdings provides access to its

social casino gaming platforms through its computer and/or mobile applications.  888 Holdings

determines whether its users are 21 years of age or older before authorizing the users to play in one

of its casino games.

    14.    888 Holdings offers various types of social casino games to users, including slots,

roulette, blackjack, and poker.  Users can enter these games and place wagers on their outcomes

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

using "play" or real-money chips, depending on the location of the user's device. 888 Holdings offers these games at various minimum stakes and entry fees (or "buy-ins"). As such, 888 Holdings' gaming platform provides an in-game cashier to purchase the chips required to enter a desired game and wager on the outcome. The chips are stored in a digital wallet as part of the user's profile. 888 Holdings also monitors multiple games and game events on which play is based to determine the outcome of each wager. During gameplay, a user may request to generate a wager offer to other users and receive multiple acceptances of the wager offer in response. Additionally, the monitored game events are used to generate game advice that assists the user in placing wagers and winning the game. After completing the game, the winners are awarded chips according to the game's payout rules. 888 Holdings manages and updates each user's account to reflect the appropriate transfer of chips based on a winning or losing outcome.

15.     888 Holdings' gaming platform also generates statistics information based on game events and wager records associated with each user's gameplay. The statistics information is stored in a user profile that provides a viewable summary of personalized information. This personalized information also includes identification information and other historical game performance information. 888 Holdings displays the user profile to the respective user and other users of the gaming platform.

16.     888 Holdings determines different gameplay configurations for the user based on the location of the user's mobile gaming device. If the user's device is determined to be in a first location designated as a nonmonetary, points-only wagering area, points wagering is automatically enabled and real-money wagering is disabled. This configuration is used to determine the game outcome and payout amount while the device remains in the first location. If the user's device is determined to be in a second location designated as a real-money wagering area, real-money wagering is automatically enabled and points wagering is disabled. This second configuration is used to determine the game outcome and payout amount while the device remains in the second location.

17.     On November 12, 2014, a letter was sent to Defendant providing notice of its

infringement of numerous patents and is attached as **Exhibit A**. Specifically, at least the following patents were identified as being infringed: U.S. Patent Nos. RE39,818; 6,979,267; 8,342,924; 8,771,058; and 8,814,664.[1] As noted in the letter, Plaintiffs wanted to reach a negotiated non-litigation arrangement with Defendant for the identified patents. An agreement was never reached, and Defendant has not ceased infringing Plaintiffs' patents.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### (INFRINGEMENT OF U.S. PATENT NO. RE39,818)

18.    Plaintiffs incorporate by reference paragraphs 1-17 as if fully set forth herein.

19.    On September 4, 2007, U.S. Patent No. RE39,818 ("the RE'818 patent") was duly and legally issued by the U.S. Patent and Trademark Office ("PTO") for an invention titled "Personalized Wireless Video Game System" to the listed inventor, Russell D. Slifer. A certified copy of the RE'818 patent is attached as **Exhibit B**.

20.    CG Tech is the assignee and owner of the RE'818 patent, with all substantive rights in and to that patent, including the sole and exclusive right to bring this action and enforce the RE'818 patent against infringers, and to collect damages for all relevant times.

21.    Defendant, directly or through its agents, customers, and/or intermediaries, has made, used, tested, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems that infringe (either directly or under the doctrine of equivalents) one or more claims of the RE'818 patent. For instance, on information and belief, Defendant's accused products and/or systems provide a processor that executes a gaming application for displaying video images on a display screen. A portable control is personalized to a specific user after the user registers an account to interact with the gaming application. Once registration is complete, the portable control stores in its memory identification information including the user's age and game data. The personalized portable control includes control switches for generating game control

_____

[1] U.S. Patent No. 9,111,417 did not issue until August 18, 2015, and was therefore not in the notice letter.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

signals during gameplay. The portable control also includes a wireless transmitter for sending the identification and control signals to the processor. Here, the processor uses the received identification signals to determine whether the user is authorized to play the game based at least in part on the user's age. This is done in a manner that infringes at least claims 1, 20, and 24 of the RE'818 patent.

22. 888 Holdings' social casino games contain each limitation of at least one asserted claim of the RE'818 patent. By way of example only:

23. 888 Holdings' social casino games meet all requirements of claim 20, which include (as shown below) "[a] game apparatus comprising: a wireless transmitter to transmit both an identification code and game control signals to a processor executing a game." (RE'818 patent, col. 7, ll. 25-28.)




24. 888 Holdings' social casino games include an "identification code . . . used by the processor to retrieve identification data and authorize game play based at least in part on an age of a player." (*Id*. at col. 7, ll. 28-30.)





25.    888 Holdings' social casino games include "a plurality of input controls to allow the player to interact with the processor to play the game." (*Id.* at col. 7, ll. 31-32.)

26.    Defendant does not have a license or permission to use the RE'818 patent.

27.    As a result of Defendant's infringement of the RE'818 patent, CG Tech has suffered and continues to suffer damages, in an amount not yet determined, of at least a reasonable royalty and/or lost profits.

28.    In a letter dated November 12, 2014, notice was provided to Defendant of the RE'818 patent and its infringing conduct.  The letter is attached as **Exhibit A**.

29.    Despite the knowledge of the RE'818 patent, Defendant has continued to infringe

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

this patent. Defendant acted with reckless disregard of the RE'818 patent by continuing to infringe the patent when it knew or should have known that its actions constituted infringement.

**SECOND CLAIM FOR RELIEF**
**(INFRINGEMENT OF U.S. PATENT NO. 6,899,628)**

30.     Plaintiffs incorporate by reference paragraphs 1-29 as if fully set forth herein.

31.     On May 31, 2005, U.S. Patent No. 6,899,628 ("the '628 patent") was duly and legally issued by the PTO for an invention titled "System and Method for Providing Game Event Management to a User of a Gaming Application" to the listed inventors Fergus A. Leen, Sam B. Lawrence, David G. McNally, Clive Hetherington, David M. McDowell, and Kevin R. O'Neal. A certified copy of the '628 patent is attached as **Exhibit C**.

32.     IG Limited is the assignee and sole owner of the '628 patent, with all substantive rights in and to that patent, including the sole and exclusive right to bring this action and enforce the '628 patent against infringers, and to collect damages for all relevant times.

33.     Defendant, directly or through its agents, customers, and/or intermediaries, has made, used, tested, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems that infringe (either directly or under the doctrine of equivalents) one or more claims of the '628 patent. For instance, on information and belief, Defendant's accused products and/or systems have certain features that manage game events through a gaming application accessible to remote users. A user downloads and installs software on a computing device to remotely access the gaming application. During execution of the gaming application, a monitor module monitors a plurality of game events and communicates event information through an interface. The interface transmits the event information, which is associated with at least one game event, to an enhanced services platform. This platform provides various different functions and generates statistics and a wager record based on the event information. Here, the wager record is associated with an entry fee and other bets made during gameplay between a plurality of users. This is done in a manner that infringes at least claims 1 and 31 of the '628 patent.

34.     888 Holdings' social casino games contain each limitation of at least claim 31 of the

'628 patent.  By way of example only:

35.    888 Holdings' social casino games meet all requirements of claim 31, which include (as shown below) "[a] server for managing game events, comprising: a processor that executes a gaming application that is accessed by a remote user via a network."  ('628 patent, col. 23, ll. 62-64.)



36.    888 Holdings' social casino games include "a monitor module coupled to the processor that monitors a plurality of game events during the execution of the gaming application by the user."  (*Id.* at col. 23, ll. 65-67.)



37.    888 Holdings' social casino games include "an interface coupled to the processor that communicates event information associated with at least one of the game events to an enhanced services platform remote from the server."  (*Id.* at col. 24, ll. 1-4.)

. . .

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

<div style="margin-left: auto; margin-right: auto;">OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.<br>WELLS FARGO TOWER<br>SUITE 1500, 3800 HOWARD HUGHES PARKWAY<br>LAS VEGAS, NV 89169<br>TELEPHONE: 702.369.6800</div>



38.     888 Holdings' social casino games include "generat[ing] a wager record associated with a wager between a plurality of users based on at least one of the first event information and the second event information." (*Id.* at col. 24, ll. 4-7.)



39.     Defendant does not have a license or permission to use the '628 patent.

40.     As a result of Defendant's infringement of the '628 patent, IG Limited has suffered and continues to suffer damages, in an amount not yet determined, of at least a reasonable royalty and/or lost profits.

<div style="text-align:center;">

**THIRD CLAIM FOR RELIEF**
**(INFRINGEMENT OF U.S. PATENT NO. 7,534,169)**

</div>

41.     Plaintiffs incorporate by reference paragraphs 1-40 as if fully set forth herein.

42.     On May 19, 2009, U.S. Patent No. 7,534,169 ("the '169 patent") was duly and

<div style="text-align:center;">11</div>

legally issued by the PTO for an invention titled "System and Method for Wireless Gaming System with User Profiles" to the listed inventors Lee M. Amaitis, Joseph M. Asher, Robert F. Bahrampour, Darrin M. Mylet, Alan B. Wilkins, and Howard W. Lutnick.  A certified copy of the '169 patent is attached as **Exhibit D**.

43.    IG LLC is the assignee and sole owner of the '169 patent, with all substantive rights in and to that patent, including the sole and exclusive right to bring this action and enforce the '169 patent against infringers, and to collect damages for all relevant times.

44.    Defendant, directly or through its agents, customers, and/or intermediaries, has made, used, tested, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems that infringe (either directly or under the doctrine of equivalents) one or more claims of the '169 patent.  For instance, on information and belief, Defendant's accused products and/or systems have certain features that modify a gaming environment based on a user's success level in playing a gaming activity.  A gaming device enables a user to play a plurality of gaming activities, and a user profile associated with the user is updated to reflect a first success level in playing a first gaming activity during a first gaming session.  After termination of the first gaming session and the start of a second, subsequent, gaming session, the user's success level in playing the first gaming activity is determined.  Based at least in part on the first success level, a gaming environment is modified and presented to the user through the gaming device.  The modification includes a change in how the first gaming activity is presented to the user as a possible gaming activity during the second gaming session.  This is done in a manner that infringes at least claim 1 of the '169 patent.

45.    888 Holdings' social casino games contain each limitation of at least claim 1 of the '169 patent.  By way of example only:

46.    888 Holdings' social casino games meet all requirements of claim 1, which include (as shown below) "[a]n apparatus comprising: . . . at least one profile associated with a user of a gaming device, the gaming device being operable to make a plurality of gaming activities available to the user for play via the gaming device."  ('169 patent, col. 26, ll. 43-52.)

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800



47.     888 Holdings' social casino games include "updat[ing] the user's profile to reflect a first success level of the user in playing a first of the plurality of gaming activities via the gaming device during a first gaming session." (*Id.* at col. 26, ll. 56-59.)



48.     888 Holdings' social casino games include, "based at least in part on the first success level, modify[ing] a gaming environment, wherein the modification includes a change as to how the first gaming activity is presented to the user as a possible gaming activity that the user may play via the gaming device during the second gaming session." (*Id.* at col. 26, l. 66 to col. 27, l. 4.)

. . .

. . .



49.     888 Holdings' social casino games include "present[ing] to the user, via the gaming device, the first gaming activity according to the modified gaming environment."  (*Id.* at col. 27, ll. 5-7.)

50.     Defendant does not have a license or permission to use the '169 patent.

51.     As a result of Defendant's infringement of the '169 patent, IG LLC has suffered and continues to suffer damages, in an amount not yet determined, of at least a reasonable royalty and/or lost profits.

**FOURTH CLAIM FOR RELIEF**
**(INFRINGEMENT OF U.S. PATENT NO. 6,979,267)**

52.     Plaintiffs incorporate by reference paragraphs 1-51 as if fully set forth herein.

14

53.    On December 27, 2005, U.S. Patent No. 6,979,267 ("the '267 patent") was duly and legally issued by the PTO for an invention titled "System and Method for Generating Profile Information for a User of a Gaming Application" to the listed inventors Fergus A. Leen, Sam B. Lawrence, David G. McNally, Clive Hetherington, David M. McDowell, and Kevin R. O'Neal.  A certified copy of the '267 patent is attached as **Exhibit E**.

54.    IG Limited is the assignee and sole owner of the '267 patent, with all substantive rights in and to that patent, including the sole and exclusive right to bring this action and enforce the '267 patent against infringers, and to collect damages for all relevant times.

55.    Defendant, directly or through its agents, customers, and/or intermediaries, has made, used, tested, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems that infringe (either directly or under the doctrine of equivalents) one or more claims of the '267 patent.  For instance, on information and belief, Defendant's accused products and/or systems have certain features that generate profile information for users of gaming applications executed on a server.  During execution of a first gaming application by a first user, a plurality of game events are monitored.  First and second event information associated with a first and second game event is communicated to a processor remote from the server.  The processor generates first profile information associated with the first user based at least in part on the first event information, the second event information, and wager records of the first user.  The processor stores the first profile information in a memory.  During execution of a second gaming application by a second user, a plurality of game events are also monitored.  Third and fourth event information associated with a third and fourth game event is communicated to the processor.  Here, the third event information is received by the processor substantially simultaneously with the first event information.  The processor generates second profile information associated with the second user based at least in part upon the third and fourth event information.  This is done in a manner that infringes at least claim 1 of the '267 patent.

56.    888 Holdings' social casino games contain each limitation of at least claim 1 of the '267 patent.  By way of example only:

15

57.    888 Holdings' social casino games meet all requirements of claim 1, which include (as shown below) "[a] system for generating profile information for users of gaming applications, comprising: a server that: . . . monitors a plurality of game events during the execution of the first gaming application by a first user." ('267 patent, col. 20, ll. 24-29.)



58.    888 Holdings' social casino games include "a processor remotely coupled to the server that: . . . generates first profile information associated with the first user based at least in part upon . . . first event information, . . . second event information and wager records of the first user." (*Id.* at col. 20, ll. 34-40.)



59.    888 Holdings' social casino games include "receiv[ing] third event information substantially simultaneously with the first event information, the third event information associated with a third game event, wherein the third game event is associated with the execution by a second

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

user of a second gaming application." (*Id.* at col. 20, ll. 41-46.)



60.    888 Holdings' social casino games include "receiv[ing] fourth event information associated with a fourth game event, wherein the fourth game event is associated with the execution by the second user of the second gaming application." (*Id.* at col. 20, ll. 47-50.)

61.    888 Holdings' social casino games include "generat[ing] second profile information associated with the second user based at least in part upon the third event information and the fourth event information." (*Id.* at col. 20, ll. 51-53.)

. . .

. . .

62.     Defendant does not have a license or permission to use the '267 patent.

63.     As a result of Defendant's infringement of the '267 patent, IG Limited has suffered and continues to suffer damages, in an amount not yet determined, of at least a reasonable royalty and/or lost profits.

64.     In a letter dated November 12, 2014, notice was provided to Defendant of the '267 patent and its infringing conduct.  The letter is attached as **Exhibit A**.

65.     Despite the knowledge of the '267 patent, Defendant has continued to infringe this patent.  Defendant acted with reckless disregard of the '267 patent by continuing to infringe the patent when it knew or should have known that its actions constituted infringement.

**FIFTH CLAIM FOR RELIEF**
**(INFRINGEMENT OF U.S. PATENT NO. 8,342,924)**

66.     Plaintiffs incorporate by reference paragraphs 1-65 as if fully set forth herein.

67.     On January 1, 2013, U.S. Patent No. 8,342,924 ("the '924 patent") was duly and legally issued by the PTO for an invention titled "System and Method for Providing Enhanced Services to a User of a Gaming Application" to the listed inventors Fergus A. Leen, Sam B. Lawrence, David G. McNally, Clive Hetherington, David M. McDowell, and Kevin R. O'Neal.  A certified copy of the '924 patent is attached as **Exhibit F**.

68.     IG Limited is the assignee and sole owner of the '924 patent, with all substantive

rights in and to that patent, including the sole and exclusive right to bring this action and enforce the '924 patent against infringers, and to collect damages for all relevant times.

69.    Defendant, directly or through its agents, customers, and/or intermediaries, has made, used, tested, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems that infringe (either directly or under the doctrine of equivalents) one or more claims of the '924 patent.  For instance, on information and belief, Defendant's accused products and/or systems have certain features that enable a user to play a game and initiate at least one event within a context of playing the game.  Information associated with the event is received by an apparatus comprising a processor while the user plays the game.  Here, the apparatus generates statistics information associated with the user based at least in part on the information.  This statistics information is associated with the user's playing of the game, and is electronically displayed to another user.  This is done in a manner that infringes at least claim 11 of the '924 patent.

70.    888 Holdings' social casino games contain each limitation of at least claim 11 of the '924 patent.  By way of example only:

71.    888 Holdings' social casino games meet all requirements of claim 11, which include (as shown below) "[a]n apparatus comprising: at least one processor; and at least one memory device . . . [that] stores instructions which . . . direct the at least one processor to: receive information associated with at least one event initiated by a user within a context of playing a game, wherein the information is received during the playing of the game by the user."  ('924 patent, col. 21, ll. 4-13.)



72.    888 Holdings' social casino games include, "based at least in part on the information, generat[ing] statistics information, wherein the statistics information is associated with the user with respect to the playing of the game."  (*Id*. at col. 21, ll. 14-17.)



73.    888 Holdings' social casino games include "caus[ing] to be electronically displayed to another user at least the statistics information."  (*Id*. at col. 21, ll. 18-19.)



74.    Defendant does not have a license or permission to use the '924 patent.

75.    As a result of Defendant's infringement of the '924 patent, IG Limited has suffered

and continues to suffer damages, in an amount not yet determined, of at least a reasonable royalty and/or lost profits.

76.    In a letter dated November 12, 2014, notice was provided to Defendant of the '924 patent and its infringing conduct.  The letter is attached as **Exhibit A**.

77.    Despite the knowledge of the '924 patent, Defendant has continued to infringe this patent.  Defendant acted with reckless disregard of the '924 patent by continuing to infringe the patent when it knew or should have known that its actions constituted infringement.

## SIXTH CLAIM FOR RELIEF
(INFRINGEMENT OF U.S. PATENT NO. 7,029,394)

78.    Plaintiffs incorporate by reference paragraphs 1-77 as if fully set forth herein.

79.    On April 18, 2006, U.S. Patent No. 7,029,394 ("the '394 patent") was duly and legally issued by the PTO for an invention titled "System and Method for Generating Statistics for a User of a Gaming Application" to the listed inventors Fergus A. Leen, Sam B. Lawrence, David G. McNally, Clive Hetherington, David M. McDowell, and Kevin R. O'Neal.  A certified copy of the '394 patent is attached as **Exhibit G**.

80.    IG Limited is the assignee and sole owner of the '394 patent, with all substantive rights in and to that patent, including the sole and exclusive right to bring this action and enforce the '394 patent against infringers, and to collect damages for all relevant times.

81.    Defendant, directly or through its agents, customers, and/or intermediaries, has made, used, tested, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems that infringe (either directly or under the doctrine of equivalents) one or more claims of the '394 patent.  Specifically, Defendant's accused products and/or systems have certain features that enable a user to execute a gaming application hosted on a remote server.  During execution of the gaming application, first and second event information associated with first and second game events is received.  Statistics information associated with the user and the gaming application is generated based at least in part on the first event information, the second event information, and wager records associated with the gaming application.  The statistics information

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

is used to determine an outcome of a wager associated with the gaming application and then stored. This is done in a manner that infringes at least claim 1 of the '394 patent.

82.    888 Holdings' social casino games contain each limitation of at least claim 1 of the '394 patent.  By way of example only:

83.    888 Holdings' social casino games meet all requirements of claim 1, which include (as shown below) "[a] system for generating statistics information, comprising: a server that: executes a gaming application; monitors a plurality of game events during the execution of the gaming application by a user; communicates first event information associated with a first game event; and communicates second event information associated with a second game event." ('394 patent, col. 20, ll. 46-55.)



84.    888 Holdings' social casino games include "a processor remotely coupled to the server that receives the first event information; receives the second event information; [and] generates statistics information based at least in part upon the first event information, the second event information and wager records associated with the gaming application."  (*Id*. at col. 20, ll. 56-62.)



22

85.    888 Holdings' social casino games include "determin[ing] an outcome of a wager associated with the gaming application using the statistics information; and a memory coupled to the processor that stores the statistics information." (*Id.* at col. 20, ll. 63-67.)



86.    Defendant does not have a license or permission to use the '394 patent.

87.    As a result of Defendant's infringement of the '394 patent, IG Limited has suffered and continues to suffer damages, in an amount not yet determined, of at least a reasonable royalty and/or lost profits.

**SEVENTH CLAIM FOR RELIEF
(INFRINGEMENT OF U.S. PATENT NO. 9,111,417)**

88.    Plaintiffs incorporate by reference paragraphs 1-87 as if fully set forth herein.

89.    On August 18, 2015, U.S. Patent No. 9,111,417 ("the '417 patent") was duly and legally issued by the PTO for an invention titled "System and Method for Providing Enhanced Services to a User of a Gaming Application" to the listed inventors Fergus A. Leen, Sam B. Lawrence, David G. McNally, Clive Hetherington, David M. McDowell, and Kevin R. O'Neal. A certified copy of the '417 patent is attached as **Exhibit H**.

90.    IG Limited is the assignee and sole owner of the '417 patent, with all substantive rights in and to that patent, including the sole and exclusive right to bring this action and enforce the '417 patent against infringers, and to collect damages for all relevant times.

91.    Defendant, directly or through its agents, customers, and/or intermediaries, has made, used, tested, imported, provided, supplied, distributed, sold, and/or offered for sale products

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

and/or systems that infringe (either directly or under the doctrine of equivalents) one or more claims of the '417 patent. For example, on information and belief, Defendant's accused products and/or systems have certain features that provide a card game to users through their respective computing devices over a communications network. On information and belief, Defendant's accused products and/or systems present users with a graphical user interface that allows users to generate a wager offer, where the offer includes a wager amount. The interface further provides an option to present the wager offer to other users and receive from a plurality of other users an acceptance of the wager offer at the wager amount. In addition, during the playing of the game, Defendant's accused products and/or systems offer certain features that generate statistics for multiple users of the game, including presenting a portion of the statistics information for the users. At the end of the game, an outcome is determined and funds are transferred to at least one user who played (and "won") the game. This is done in a manner that infringes at least claim 1 of the '417 patent.

92.    888 Holdings' social casino games contain each limitation of at least claim 1 of the '417 patent. By way of example only:

93.    888 Holdings' social casino games meet all requirements of claim 1, which include (as shown below) "[a] system comprising at least one processor and at least one non-volatile memory having software stored thereon that when executed by the at least one processor directs the at least one processor to: provide a game via a communications network to users via respective computing devices of the users, wherein the game is a sports game, an arcade game, a card game, or an adventure game." ('417 patent, col. 20, ll. 20-27.)



94.    888 Holdings' social casino games include, "responsive to a request from one of the users, caus[ing] a graphical user interface to be presented to the user at the user's computing device, wherein the graphical user interface allows the user to offer a wager to other users; [and] responsive to presenting the graphical user interface to the user, receiv[ing] from that user a request to generate a wager offer, wherein the wager offer includes a wager amount."  (*Id.* at col. 20, ll. 28-34.)



95.    888 Holdings' social casino games include, "responsive to receiving the request to generate the wager offer, present[ing] the wager offer to other users via respective computing devices of the other users."  (*Id.* at col. 20, ll. 35-37.)



96.    888 Holdings' social casino games include "receiv[ing] from a plurality of the other users an acceptance of the wager offer, each acceptance at the wager amount."  (*Id.* at col. 20, ll. 38-39.)



97.    888 Holdings' social casino games include, "during a playing of the game by a plurality of the users: generat[ing] statistics information related to at least a first and a second of the users playing the game." (*Id.* at col. 20, ll. 40-42.)



98.    888 Holdings' social casino games include, "at end of the game, determin[ing] an outcome of the wagers resulting from the users that accepted the wager offer, wherein . . . determin[ing] the outcome of the wagers includes . . . transfer[ring] funds to at least one user who played the game." (*Id.* at col. 20, ll. 49-53.)



99.    Defendant does not have a license or permission to use the '417 patent.

100.    As a result of Defendant's infringement of the '417 patent, IG Limited has suffered and continues to suffer damages, in an amount not yet determined, of at least a reasonable royalty and/or lost profits.

**EIGHTH CLAIM FOR RELIEF**
**(INFRINGEMENT OF U.S. PATENT NO. 8,771,058)**

101.    Plaintiffs incorporate by reference paragraphs 1-100 as if fully set forth herein.

102.    On July 8, 2014, U.S. Patent No. 8,771,058 ("the '058 patent") was duly and legally issued by the PTO for an invention titled "Zone Dependent Payout Percentage" to the listed inventors Dean P. Alderucci, Lee Amaitis, and Geoffrey M. Gelman.  A certified copy of the '058 patent is attached as **Exhibit I**.

103.    IG LLC is the assignee and sole owner of the '058 patent, with all substantive rights in and to that patent, including the sole and exclusive right to bring this action and enforce the '058 patent against infringers, and to collect damages for all relevant times.

104.    Defendant, directly or through its agents, customers, and/or intermediaries, has made, used, tested, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems that infringe (either directly or under the doctrine of equivalents) one or more claims of the '058 patent.  For example, on information and belief, Defendant's accused products and/or systems have certain features that provide a computer system to determine a first location of a mobile gaming device and determine a first game configuration associated with the first location. The system generates a first game outcome using the first game configuration, determines a first payout associated with the first game outcome, and credits a player account with a first amount based on the first payout.  Additionally, the computer system determines a second location of the mobile gaming device that is different from the first location, and determines a second game configuration associated with the second location that is different from the first game configuration.  The system generates a second game outcome using the second game configuration, determines a second payout associated with the second game outcome, and credits the player account with a second amount based on the second payout.  This is done in a manner that infringes

at least claim 19 of the '058 patent.

105.    888 Holdings' social casino games contain each limitation of at least claim 19 of the '058 patent.  By way of example only:

106.    888 Holdings' social casino games meet all requirements of claim 19, which include (as shown below) "[a] computer system comprising: a processor operable to execute a set of instructions . . . in which the set of instructions, when executed by the processor, cause the computer system to perform a method comprising: determining a first location of a mobile gaming device, [and] determining a first game configuration associated with the first location." ('058 patent, col. 62, ll. 1-9.)





107.    888 Holdings' social casino games include "generating a first game outcome using the first game configuration, determining a first payout associated with the first game outcome, [and] crediting a player account with a first amount based on the first payout."  (*Id.* at col. 62, ll. 10-15.)

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800



108.    888 Holdings' social casino games include "determining a second location of the mobile gaming device, wherein the second location is different from the first location, [and] determining a second game configuration associated with the second location, wherein the second game configuration is different from the first game configuration." (*Id*. at col. 62, ll. 16-21.)

109.    888 Holdings' social casino games include "generating a second game outcome using the second game configuration, determining a second payout associated with the second game outcome, and crediting the player account with a second amount based on the second payout." (*Id.* at col. 62, ll. 22-27.)





110.    Defendant does not have a license or permission to use the '058 patent.

111.    As a result of Defendant's infringement of the '058 patent, IG LLC has suffered and continues to suffer damages, in an amount not yet determined, of at least a reasonable royalty and/or lost profits.

112.    In a letter dated November 12, 2014, notice was provided to Defendant of the '058 patent and its infringing conduct.  The letter is attached as **Exhibit A**.

113.    Despite the knowledge of the '058 patent, Defendant has continued to infringe this patent.  Defendant acted with reckless disregard of the '058 patent by continuing to infringe the patent when it knew or should have known that its actions constituted infringement.

**NINTH CLAIM FOR RELIEF**
**(INFRINGEMENT OF U.S. PATENT NO. 8,814,664)**

114.    Plaintiffs incorporate by reference paragraphs 1-113 as if fully set forth herein.

115.    On August 26, 2014, U.S. Patent No. 8,814,664 ("the '664 patent") was duly and legally issued by the PTO for an invention titled "Method and Apparatus for Challenge-Based Gaming Using Points and/or Money" to the listed inventors Lee Amaitis, Paul Williams, and Nolan Glantz.  A certified copy of the '664 patent is attached as **Exhibit J**.

116.    IG LLC is the assignee and sole owner of the '664 patent, with all substantive rights in and to that patent, including the sole and exclusive right to bring this action and enforce the '664 patent against infringers, and to collect damages for all relevant times.

117.    Defendant, directly or through its agents, customers, and/or intermediaries, has made, used, tested, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems that infringe (either directly or under the doctrine of equivalents) one or more claims of the '664 patent.  For instance, on information and belief, Defendant's accused products and/or systems have certain features that determine a mobile device associated with a first player is located in a first location designated as a nonmonetary, points-only wagering area.  In response to the determination, points wagering is automatically enabled and monetary wagering is automatically disabled while the mobile device remains in the first location.  Here, a challenge by the first player is received from the mobile device, in which the challenge identifies a selected amount of points and a selected second player to receive the challenge.  After receiving an acceptance of the challenge from the second player, a wager between the first player and the second player is formed.  An outcome to the challenge is determined and points are adjusted in an account of the winning player.  On information and belief, Defendant's accused products and/or

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

systems have certain features that further determine the mobile device is located in a second location that is designated as a monetary wagering area. In response to the determination, monetary wagering is automatically enabled and points wagering is automatically disabled from the mobile device while the device remains in the second location. This is done in a manner that infringes at least claim 17 of the '664 patent.

118. 888 Holdings' social casino games contain each limitation of at least claim 17 of the '664 patent. By way of example only:

119. 888 Holdings' social casino games meet all requirements of claim 17, which include (as shown below) "[a]n apparatus comprising: . . . instructions that when executed by a computing device, cause the computing device to: determine that a mobile device associated with a first player is located in a first location that is designated as a non-monetary, points only wagering area." ('664 patent, col. 32, ll. 1-7.)



120. 888 Holdings' social casino games include, "in response to determining that the mobile device is located in the first location, automatically enabl[ing] points wagering and automatically disabling monetary wagering from the mobile device while the mobile device remains in the first location." (*Id.* at col. 32, ll. 8-12.)



121.    888 Holdings' social casino games include "receiv[ing], from the mobile device, a challenge by the first player, in which the challenge identifies an amount of points selected by the player and a second player selected by the player against whom to place the challenge." (*Id.* at col. 32, ll. 13-17.)



122.    888 Holdings' social casino games include "adjust[ing] points in an account of a winning player of the challenge in response to determining an outcome of the challenge." (*Id.* at col. 32, ll. 25-27.)



123.    888 Holdings' social casino games include "determin[ing] [that the] mobile device is located in a second location that is designated as a monetary wagering area." (*Id.* at col. 32, ll. 28-29.)



OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

**Q: What are the requirements to play 888poker for real money?**

**A: Outside New Jersey**
If you are not currently in New Jersey, you will not be able to play for real money. However you can still open an account at 888poker and be ready to play next time you visit. Follow these steps to open your account:

- Download and install the 888poker software
- Complete the registration form
- Save your username and password for when you visit New Jersey

When you arrive in New Jersey, simply log on, and complete our full registration process and you'll be ready to play real money poker online.

**Within New Jersey**
In order to play for real money in New Jersey you must complete the following three steps:

- Download and install the 888poker software
- Complete the full registration process
- Connect to 888poker via a Wi-Fi network or if on mobile 3G or 4G
- When connecting via 3G/4G your Wi-Fi must be enabled

124.    888 Holdings' social casino games include, "in response to determining that the mobile device is located in the second location, automatically enabl[ing] monetary wagering and automatically disabl[ing] points wagering from the mobile device while the mobile device remains in the second location; wherein the second location is geographically different from the first location." (*Id.* at col. 32, ll. 30-36.)





125.    Defendant does not have a license or permission to use the '664 patent.

126.    As a result of Defendant's infringement of the '664 patent, IG LLC has suffered and continues to suffer damages, in an amount not yet determined, of at least a reasonable royalty and/or lost profits.

127.    In a letter dated November 12, 2014, notice was provided to Defendant of the '664 patent and its infringing conduct.  The letter is attached as **Exhibit A**.

128.    Despite the knowledge of the '664 patent, Defendant has continued to infringe this patent.  Defendant acted with reckless disregard of the '664 patent by continuing to infringe the patent when it knew or should have known that its actions constituted infringement.

### TENTH CLAIM FOR RELIEF
### (INFRINGEMENT OF U.S. PATENT NO. 6,966,832)

129.    Plaintiffs incorporate by reference paragraphs 1-128 as if fully set forth herein.

130.    On November 22, 2005, U.S. Patent No. 6,966,832 ("the '832 patent") was duly and legally issued by the PTO for an invention titled "System and Method for Providing Game Advice to a User of a Gaming Application" to the listed inventors Fergus A. Leen, Sam B. Lawrence, David G. McNally, Clive Hetherington, David M. McDowell, and Kevin R. O'Neal.  A certified copy of the '832 patent is attached as **Exhibit K**.

131.    IG Limited is the assignee and sole owner of the '832 patent, with all substantive rights in and to that patent, including the sole and exclusive right to bring this action and enforce the '832 patent against infringers, and to collect damages for all relevant times.

132.    Defendant, directly or through its agents, customers, and/or intermediaries, has made, used, tested, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems that infringe (either directly or under the doctrine of equivalents) one or more claims of the '832 patent.  For example, on information and belief, Defendant's accused products and/or systems have certain features that provide a server to execute a gaming application, monitor a plurality of game events during execution of the gaming application, and communicate event information associated with at least one game event.  On information and belief, Defendant's

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

accused products and/or systems further include a processor remotely connected to the server that receives the event information and generates game advice associated with the gaming application based at least in part on the event information.  Here, the game advice includes wager advice that is based at least in part on event information associated with the user's opponent in the gaming application.  The game advice is then presented to the user during execution of the gaming application.  This is done in a manner that infringes at least claim 1 of the '832 patent.

133.    888 Holdings' social casino games contain each limitation of at least claim 1 of the '832 patent.  By way of example only:

134.    888 Holdings' social casino games meet all requirements of claim 1, which include (as shown below) "[a] system for providing game advice to a user of a gaming application, comprising: a server that: executes a gaming application."  ('832 patent, col. 20, ll. 29-32.)



135.    888 Holdings' social casino games include "monitor[ing] a plurality of game events during the execution of the gaming application; and communicat[ing] event information associated with at least one game event."  (*Id*. at col. 20, ll. 33-36.)



OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

136.    888 Holdings' social casino games include "a processor remotely coupled to the server that: receives the event information; [and] generates game advice associated with the gaming application based at least in part upon the event information." (*Id.* at col. 20, ll. 37-41.)



137.    888 Holdings' social casino games include "game advice compris[ing] wager advice that is based at least in part upon event information associated with an opponent of the user in the gaming application; and present[ing] the game advice to the user during the execution of the gaming application." (*Id.* at col. 20, ll. 41-46.)



138.    Defendant does not have a license or permission to use the '832 patent.

139.    As a result of Defendant's infringement of the '832 patent, IG Limited has suffered and continues to suffer damages, in an amount not yet determined, of at least a reasonable royalty and/or lost profits.

. . .

. . .

37

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

## ELEVENTH CLAIM FOR RELIEF
## (WILLFUL INFRINGEMENT)

140.    Plaintiffs incorporate by reference paragraphs 1-139 as if fully set forth herein.

141.    Defendant's infringement of the RE'818, '628, '169, '267, '924, '394, '417, '058, '664, and '832 patents has been and continues to be willful.  Indeed, 888 Holdings has been aware of at least the RE'818, '267, '924, '058, and '664 patents since on or about November 12, 2014. (*See* Ex. A.)  888 Holdings was also made aware of the '628, '169, '394, '417, and '832 patents as early as the filing of this lawsuit.  888 Holdings' continued use of its infringing products constitutes willful and blatant infringement.

142.    For the same reasons set forth above in paragraphs 17, 28, 39, 50, 64, 76, 86, 99, 112, 127, and 138, Defendant has had knowledge of the RE'818, '628, '169, '267, '924, '394, '417, '058, '664, and '832 patents, and that its acts constitute infringement.  Defendant has acted and is continuing to act in the face of an objectively high likelihood that its actions constitute infringement of a valid patent or with reckless disregard of that likelihood.

## JURY DEMAND

143.    Plaintiffs request a trial by jury on all issues so triable by right.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs respectfully request that the Court find in their favor and against Defendant, and that the Court grant Plaintiffs the following relief:

1.      A declaration that 888 Holdings infringes the Patents-in-Suit under 35 U.S.C. § 271(a), (b), and/or (c), and a final judgment incorporating same;

2.      Equitable relief under 35 U.S.C. § 283, including but not limited to an injunction that enjoins 888 Holdings and any of its officers, agents, employees, assigns, representatives, privies, successors, and those acting in concert or participation with them from infringing the Patents-in-Suit;

3.      An award of damages sufficient to compensate Plaintiffs for infringement of the Patents-in-Suit by 888 Holdings, together with prejudgment and post judgment interest under 35 U.S.C. § 284;

4.     Entry of an order compelling 888 Holdings to compensate Plaintiffs for any ongoing and/or future infringement of the Patents-in-Suit, in an amount and under terms appropriate under the circumstances;

5.     That this Court declare this an exceptional case and award Plaintiffs their reasonable attorneys' fees, costs, and expenses in accordance with 35 U.S.C. § 285;

6.     A declaration or order finding 888 Holdings' infringement is willful and/or an order increasing damages under 35 U.S.C. § 284; and

7.     That Plaintiffs be granted such other and further relief as the Court may deem just and proper under the circumstances.

DATED this 14th day of April, 2016.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


/s/ Molly M. Rezac
Molly M. Rezac
Nevada Bar No. 7435
Erica J. Chee
Nevada Bar No. 12238
Wells Fargo Tower
Suite 1500
3800 Howard Hughes Parkway
Las Vegas, NV  89169

FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP

Robert F. Shaffer (*Pro Hac Vice Pending – will comply with LR IA 10-2 within 45 days*)
James R. Barney (*Pro Hac Vice Pending – will comply with LR IA 10-2 within 45 days*)
Anthony D. Del Monaco (*Pro Hac Vice Pending – will comply with LR IA 10-2 within 45 days*)
901 New York Avenue, NW
Washington, DC 20001-4413

*Attorneys for Plaintiffs CG Technology Development, LLC, Interactive Games Limited, and Interactive Games LLC*