# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

CG TECHNOLOGY DEVELOPMENT, LLC et al.,

             Plaintiffs,

    vs.

888 HOLDINGS PLC,

           Defendant.

2:16-cv-00856-RCJ-VCF

**ORDER**

    This case arises out of the alleged infringement of twelve patents relating to online gambling. Pending before the Court is Defendant 888 Holdings PLC's Motion to Dismiss. (ECF No. 23.) For the reasons given herein, the Motion is granted in part and denied in part.

## I.        FACTS AND PROCEDURAL HISTORY

    Plaintiff CG Technology Development, LLC ("CG Tech") is a wholly owned subsidiary of non-party CG Technology, L.P. ("CG"), which provides technology solutions for lottery, gaming, racing, and sports wagering. (Am. Compl. ¶ 2, ECF No. 19.) "[CG] specializes in providing secure, scalable, mobile technology and risk management solutions to integrated resorts, gaming partners, race and sports books, and lottery industries." (*Id.*) CG and CG Tech produce mobile phone applications for real-money and social casino gaming, as well as account-based wagering systems. (*Id.*).

/ / /

CG Tech is the assignee of U.S. Patent No. RE39,818. Plaintiff Interactive Games Limited ("IG Ltd") is the assignee of U.S. Patent Nos. 6,899,628; 6,979,267; 8,342,924; 7,029,394; 9,111,417; and 6,966,832. Plaintiff Interactive Games LLC ("IG LLC") is the assignee of U.S. Patent Nos. 8,771,058; 7,534,169; 8,814,664; 9,355,518; and 9,306,952. Plaintiffs have sued Defendant 888 Holdings ("Defendant") in this Court for direct and willful infringement via operation of its various online casino games. Defendant has asked the Court to dismiss all claims of direct and willful infringement, arguing that each and every asserted patent is patent-ineligible under 35 U.S.C. § 101 and *Alice Corp. Pty. v. CLS Bank Int'l*, 134 S. Ct. 2347 (2014). Defendant also argues that Plaintiffs have failed to state a plausible claim of relief with respect to the direct infringement of the '818 Patent and the willful infringement of all patents.

In related cases, this Court has already analyzed each of the patents asserted here under Section 101 and the *Alice* standard. Accordingly, the Court will incorporate its analysis from those cases into this order. For the reasons given in *CG Tech. Dev., LLC v. Big Fish Games, Inc.*, No. 2:16-cv-857 (D. Nev. Aug 29, 2016) (order granting motion to dismiss), the Court finds the '628, '169, '267, '924, '394, and '417 Patents are invalid under *Alice*; however, the '818 Patent is patent-eligible. For the reasons given in *CG Tech. Dev., LLC v. Zynga, Inc.*, No. 2:16-cv-859 (D. Nev. Oct. 13, 2016) (order granting motion to dismiss), the Court also finds the '832 Patent is invalid under *Alice*. Lastly, for the reasons given in *CG Tech. Dev., LLC v. Bwin.Party Digital Entm't, PLC*, No. 2:16-cv-871 (D. Nev. Oct. 18, 2016) (order denying motion to dismiss), the Court finds the '058, '664, '518, and '952 Patents are patent-eligible.

Therefore, as a preliminary matter, the Court will grant Defendant's motion to dismiss the claims of direct and willful infringement with respect to the '628, '169, '267, '924, '394, '417, and '832 Patents. The Court will also deny the motion to dismiss the claims of direct infringement with respect to the '058, '664, '518, and '952 Patents. The Court finds the '818

1    patent is patent-eligible, and will address Defendant's motion to dismiss for failure to state a

2    claim below. The Court will also address the motion to dismiss the claim of willful infringement

3    with respect to the surviving patents.

4    **II.    LEGAL STANDARDS**

5          Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

6    claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of

7    what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47

8    (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action

9    that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule

10   12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720

11   F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for

12   failure to state a claim, dismissal is appropriate only when the complaint does not give the

13   defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell*

14   *Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is

15   sufficient to state a claim, the court will take all material allegations as true and construe them in

16   the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th

17   Cir. 1986). The court, however, is not required to accept as true allegations that are merely

18   conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden*

19   *State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

20         A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a

21   plaintiff must plead facts pertaining to his own case making a violation "plausible," not just

22   "possible." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (citing *Twombly*, 550 U.S. at 556)

23   ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

24   draw the reasonable inference that the defendant is liable for the misconduct alleged."). That is,

under the modern interpretation of Rule 8(a), a plaintiff must not only specify or imply a cognizable cause of action (*Conley* review), but also must allege the facts of his case so that the court can determine whether the plaintiff has any basis for relief under the cause of action he has specified or implied, assuming the facts are as he alleges (*Twombly-Iqbal* review).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

## III.    ANALYSIS

### A.    The '818 Patent

The '818 Patent claims "[a] video game system . . . which includes a wireless game controller which stores information about the user of the controller." ('818 Patent Abstract, ECF No. 19-2 at 3.) The '818 Patent has thirteen independent claims and twenty dependent claims. (*See id.* at 5:40–8:64, ECF No. 19-2 at 9–10.) Plaintiffs allege infringement of "at least claims 1, 16, 20, 21, 24, and 31." (Am. Compl. ¶ 22, ECF No. 19.) The Amended Complaint focuses

solely on the alleged infringement of Claim 21 "by way of example," although the Court finds that all of the asserted claims broadly contain certain essential elements: (1) a game controller or hand-held device, (2) which wirelessly transmits information (3) to a processor executing a game, (4) which authorizes game play based at least in part on the age of the player. (*See* '818 Patent 5:40–59, 6:61–7:10, 7:25–40, 7:46–54, 8:34–41, ECF No. 19-2 at 9–10.)

In the related case of *Big Fish Games*, No. 2:16-cv-857, this Court dismissed Plaintiffs' infringement claim based on the '818 Patent for failure to state a plausible claim of relief. The Court found:

> [T]he claims of the '818 Patent involve physical and tangible computer components; specifically, a processor unit, a personalized portable controller, control switches, a wireless transmitter, a removable rechargeable battery pack, [a] game apparatus, and a central processing unit (CPU). In fact, the tangible aspects of the claims are what helped the '818 Patent avoid dismissal under *Alice*. Thus, any allegation of infringement of the '818 Patent must necessarily allege infringement of its tangible aspects. . . . However, Plaintiffs do not provide any specific allegations identifying any actual physical device or components Defendant has produced, used, tested, etc. Instead, they allege that Defendant operates an interactive website (www.bigfishgames.com) and mobile application, and that it provides access to its social casino gaming platform through its web-based interface and/or mobile applications.

Order, ECF No. 36 in *Big Fish Games*, at 22–24 (citations omitted). Accordingly, the Court dismissed the '818 Patent claims with leave to amend in order to "make plausible allegations regarding the Patent's tangible components." (*Id.* at 24.) Plaintiffs argue that the Court's *Big Fish Games* order should not dictate the same result here because "additional information" is included in the Amended Complaint which was not pled in *Big Fish Games*. (*See* Resp. 22 n. 7, ECF No. 36.) Namely, Plaintiffs have alleged that Defendant "used" the '818 Patent while testing and promoting its social casino games at various promotional events. (*See id.* at 22–23.)

Here, Plaintiffs' claim of infringement of the '818 Patent is generally conclusory and vague. Each specific allegation consists of the conclusory statement that "Defendant's social

casino games include X," where X is merely select language quoted directly from the Patent, followed by ambiguous screenshots of Defendant's gaming applications. No attempt is made to expound on the significance of the screenshots. Nonetheless, these allegations, along with the fairly abstract description in paragraph 22 of how Defendant's products allegedly work, are enough to make Plaintiffs' legal theory clear and definite: By using smartphones, tablets, or personal computers to test its products and demonstrate them at promotional events, Defendants infringed the '818 Patent. Under this theory, these various devices would constitute the "controllers" described in the Patent, and would wirelessly transmit information to a remote processor executing Defendant's casino games. Plaintiffs have specifically and plausibly pled Defendant's use of the '818 Patent in testing, promoting, and demonstrating its products, and the screenshots are enough to show that game play is indeed authorized "based at least in part on the age of the player." (*See* Am. Compl. ¶ 25, ECF No. 19.) Therefore, Plaintiffs' allegations are sufficiently pled to state a claim of infringement of at least Claim 21, and the Court denies the motion to dismiss Plaintiffs' claim of direct infringement of the '818 Patent.

**B.      Willful Infringement**

Lastly, the Court addresses the sufficiency of Plaintiffs' allegations of willful infringement. Plaintiffs allege:

> 888 Holdings has been aware of at least the RE'818, '267, '924, '058, and '664 patents since on or about November 12, 2014. (*See* [Notice Letter, ECF No. 19-1].) 888 Holdings was also made aware of the '628, '169, '394, '417, and '832 patents at least as early as the filing of the original Complaint (ECF No. 1), and the '518 and '952 patents at least as early as the filing of this Amended Complaint [(ECF No. 19)]. 888 Holdings' continued use of its infringing products constitutes willful and blatant infringement.

(Am. Compl. ¶ 170, ECF No. 19; *see also* Notice Letter, ECF No. 19-1). The date of notice regarding the existence of asserted patents is crucial to allegations of willful infringement.

> [I]n ordinary circumstances, willfulness will depend on an infringer's prelitigation conduct. It is certainly true that patent infringement is an ongoing offense that can

continue after litigation has commenced. However, when a complaint is filed, a patentee must have a good faith basis for alleging willful infringement. So a willfulness claim asserted in the original complaint must necessarily be grounded exclusively in the accused infringer's pre-filing conduct. By contrast, when an accused infringer's post-filing conduct is reckless, a patentee can move for a preliminary injunction, which generally provides an adequate remedy for combating post-filing willful infringement. A patentee who does not attempt to stop an accused infringer's activities in this manner should not be allowed to accrue enhanced damages based solely on the infringer's post-filing conduct. Similarly, if a patentee attempts to secure injunctive relief but fails, it is likely the infringement did not rise to the level of recklessness.

*In re Seagate Technology, LLC*, 497 F.3d 1360, 1374 (Fed. Cir. 2007) (en banc) (citations omitted). The present lawsuit was filed on April 14, 2016. Accordingly, of the Patents that survive as to invalidity, only the '818, '058, and '664 Patents are sufficiently alleged to have been willfully infringed, as they are the only surviving patents mentioned in the prelitigation Notice Letter that Plaintiffs sent to Defendant in November 2014. The Court rejects the argument that Defendant was on sufficient notice of its alleged infringement of related patents via Plaintiffs' indication in the letter that the allegedly infringed patents were "part of a much larger portfolio." (*See* Resp. 24, ECF No. 36.) The Court therefore dismisses the willful infringement claim as to the '518 and '952 Patents, with leave to amend.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 23) is GRANTED IN PART AND DENIED IN PART.

IT IS FURTHER ORDERED that the claims of direct and willful infringement of the '628, '169, '267, '924, '394, '417, and '832 Patents are dismissed.

IT IS FURTHER ORDERED that the claims of willful infringement of the '518 and '952 Patents are dismissed with leave to amend. Plaintiffs shall have thirty days following entry of this order to file an amended complaint.

/ / /

1      IT IS FURTHER ORDERED that the Motion to Dismiss is DENIED with respect to the

2 claims of direct infringement of the '518 and '952 Patents, and with respect to the claims of

3 direct and willful infringement of the '818, '058, and '664 Patents.

4      IT IS SO ORDERED December 6, 2016.

                                                    _____

                                                     ROBERT C. JONES
                                       United States District Judge