Cayla Witty
Nevada State Bar. No. 12897
LEWIS BRISBOIS BRISGAARD & SMITH LLP
6385 South Rainbow Blvd. Suite 600
Las Vegas, NV 89118
Telephone: 702-693-4392
Email:  Cayla.Witty@lewisbrisbois.com

William M. Gantz (*Admitted pursuant to* LR IA 11-2)
David R. Metzger (*Admitted pursuant to* LR IA 11-2)
DENTONS US LLP
233 South Wacker Drive, Suite 5900
Chicago, IL 60606-6361
Telephone; 312-876-8000
Email:  bill.gantz@dentons.com
Email:  david.metzger@dentons.com

Derek A. Auito (*Admitted pursuant to* LR IA 11-2)
DENTONS US LLP
1900 K Street NW
Washington, DC 20006
Telephone:  (202) 496-7500
Facsimile:   (202) 496-7756
Email: derek.auito@dentons.com

*Attorneys for Defendant 888 Holdings PLC*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| CG TECHNOLOGY DEVELOPMENT, LLC, INTERACTIVE GAMES LIMITED, and INTERACTIVE GAMES LLC<br><br>Plaintiffs,<br><br>v.<br><br>888 HOLDINGS PLC,<br><br>Defendant. | Case No. 2:16-cv-00856-RCJ-VCF<br><br>**DEFENDANT 888'S HOLDINGS PLC'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT** |

Defendant 888 Holdings PLC ("888"), by and through undersigned counsel, hereby answer

Plaintiffs' First Amended Complaint for Patent Infringement (ECF No. 19) ("FAC") filed by Plaintiffs

CG Technology Development, LLC; Interactive Games Limited; and Interactive Games LLC

(collectively, "Plaintiffs"), as follows.

## GENERAL DENIAL

888 denies any allegations in the FAC, unless specifically admitted below.

## NATURE OF ACTION

**1.** This is an action for patent infringement under 35 U.S.C. § 271 *et seq.* by Plaintiffs against Defendant for infringement of U.S. Patent Nos. RE39,818; 6,899,628; 7,534,169; 6,979,267; 8,342,924; 7,029,394; 9,111,417; 8,771,058; 8,814,664; 6,966,832; 9,355,518; and 9,306,952 (collectively the "Patents-in-Suit").

**RESPONSE:** 888 admits that Plaintiff's FAC purports to be an action for patent infringement, but otherwise denies the allegations in Paragraph 1 of the FAC. Patents 6,899,628; 7,534,169; 6,979,267; 8,342,924; 7,029,394; 9,111,417; and 6,966,832 have been dismissed from this action as invalid. *See* ECF No. 54.

## PARTIES

**2.** CG Tech is a wholly owned subsidiary of CG Technology, L.P. ("CG"), a limited partnership, with its principal place of business at 2575 South Highland Drive, Las Vegas, Nevada, 89109. CG and CG Tech are both incorporated in Nevada. CG is an innovative gaming technology solutions provider for lottery, gaming, racing, and sports wagering worldwide. It specializes in providing secure, scalable, mobile technology and risk management solutions to integrated resorts, gaming partners, race and sports books, and lottery industries. Headquartered in Las Vegas, Nevada, CG and CG Tech continue to expand into new global markets in response to partner demand for their gaming and manufacturing expertise and superior technology solutions. Their products include AndroidTM- and Apple®-compatible applications for real-money and social casino gaming, as well as state-of-the-art, account-based wagering systems.

**RESPONSE:** 888 lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the FAC and therefore denies them on that basis.

**3.** IG LLC is a limited liability company incorporated in Nevada with its principal place of business at 110 East 59th St., New York, New York, 10022.

**RESPONSE:** 888 lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the FAC and therefore denies them on that basis.

**4.** IG Limited is a private limited company with its principal place of business at One Churchill Place, Canary Wharf, London, UK E14 5RB.

**RESPONSE:** 888 lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the FAC and therefore denies them on that basis.

5.      Upon information and belief, 888 Holdings is a corporation organized and existing under the laws of Gibraltar, with its principal place of business located at Suite 601/701, Europort, Gibraltar.

**RESPONSE:** 888 admits the allegations in Paragraph 5 of the FAC.

## JURISDICTION AND VENUE

6.      This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 271 *et seq.*

**RESPONSE:** 888 admits that Plaintiffs' FAC purports to be an action for patent infringement, but 888 denies that Plaintiffs' FAC sets forth valid claims of patent infringement, and further denies any and all material allegations of liability or damages.

7.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

**RESPONSE:** 888 does not contest that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a), but 888 denies that Plaintiffs' FAC sets forth valid claims of patent infringement, and further denies any and all material allegations of liability or damages.

8.      Defendant is subject to personal jurisdiction in this District because, based on information and belief, it has transacted business in this District and has committed, by itself or in concert with others, acts of patent infringement in this District. On information and belief, Defendant has conducted business within the State of Nevada. In addition, Defendant offered for sale, sell, advertise, and/or use products and services (including the products accused of infringement in this lawsuit) in the United States, the State of Nevada, and this District. Further, Defendant purposefully and voluntarily placed one or more infringing products and services into the stream of commerce with the expectation that they will be used by consumers in the State of Nevada. Defendant also advertises and transacts business throughout the United States, including in the State of Nevada, and specifically in this District. Defendant has purposely availed itself of the laws of this District by, among other things, advertising and selling products and services in this District.

**RESPONSE:** 888 does not contest that, based on the alleged facts in Plaintiffs' FAC, it is subject to personal jurisdiction in this District, but 888 otherwise denies the allegations in Paragraph 8 of the FAC.

9. Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Nevada Long Arm Statute, due at least to Defendant's substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and/or (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in the State of Nevada and in this District.

**RESPONSE:** 888 does not contest that, based on the alleged facts in Plaintiffs' FAC, it is subject to personal jurisdiction in this District, but 888 otherwise denies the allegations in Paragraph 9 of the FAC.

10. On information and belief, Defendant has collectively operated and continues to operate interactive websites (us.888poker.com and us.888casino.com), computer applications, and mobile applications that are accessible to all residents of the State of Nevada, including in this District, through which Defendant advertises and makes available for use certain services and electronic social casino games that are herein accused of infringement. (*See, e.g.*, *Games*, 888 POKER, https://us.888poker.com/poker-games; *Casino Games*, 888 CASINO, http://us.888casino.com/casino-games.) On information and belief, Defendant has repeatedly held events promoting and utilizing products and services accused of infringement in this District. (*See, e.g.*, *888 signs B2C deal with Avenue Capital*, INTERGAME, http://intergameonline.com/i-gaming/news/9035/888-signs-b2c-deal-with-avenue-capital; *How to turn 1 Cent into a Dream?*, 888 POKER, http://www.888poker.com/magazine/poker-world/1-cent-buy-in-tourney; *WSOP Main Event Package Free Tournament,* POKER NEWS, http://www.pokernews.com/leagues/888poker-wsop-package; *888poker Las Vegas - Top 8 Looks and poker faces at the WSOP,* YOUTUBE, https://www.youtube.com/watch?v=jXEMZnJ8d90; *888 Branded Online Poker Room Coming to Nevada*, POKER FUSE, http://pokerfuse.com/news/industry/2014-08-26-888-branded-online-poker-room-coming-nevada; *888 launches shared poker network for both Delaware and Nevada*, LEGAL GAMBLING USA, http://www.legal-gambling-usa.com/news-poker-888-launches-shared-poker-network-for-both-delaware-and-nevada.html; *888Poker and WSOP Announce Sponsorship and Content Pact*, WSOP, http://www.wsop.com/news/2015/Mar/5210/888POKER-AND-WSOP-ANNOUNCE-SPONSORSHIP-AND-CONTENT-PACT.html; *Head to Las Vegas With a $13,000        All-Inclusive WSOP Package*, POKER NEWS, http://www.pokernews.com/news/2015/04/888poker-wsop-promo-21341.htm.)

**RESPONSE:** 888 admits that certain of its websites, computer applications, and mobile applications are accessible to residents within the State of Nevada and that 888 has held or sponsored events in this District, but 888 otherwise denies all remaining or contrary allegations in Paragraph 10 of the FAC.

11. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c), and/or 1400(b), as each 888 Holdings Defendant is subject to personal jurisdiction in this District.

**RESPONSE:** 888 admits that venue is proper in this District as to this matter only, and 888

otherwise denies all remaining or contrary allegations in Paragraph 11 of the FAC

## GENERAL ALLEGATIONS

12.     Plaintiffs own innovative technology that is being used by 888 Holdings in its social casino gaming business. Like traditional casino games, users are enabled to play games and place wagers on their outcomes. Social casino games, however, allow users to play casino games with hundreds of thousands of people through an online community. Users engage with the online community through mobile computing devices. Accordingly, social casino games are faster and provide greater diversity of players and experience levels. Social casino games also provide a better-personalized experience, more options, and greater enjoyment for the players.

**RESPONSE:** 888 lacks knowledge or information sufficient to form a belief as to the truth of

the allegations in Paragraph 12 of the FAC and therefore denies them on that basis.

13.     On information and belief, and based on its own admissions, 888 Holdings provides one of the largest selections of online casino and poker games. (See, e.g., About Us, 888 CASINO, http://us.888casino.com/about-us; Online Poker News & Promotions, 888 POKER, http://us.888poker.com.) 888 Holdings provides access to its social casino gaming platforms through its computer and/or mobile applications. 888 Holdings determines whether its users are 21 years of age or older before authorizing the users to play in one of its casino games.

**RESPONSE:** 888 admits that it allows users to access websites and applications via users'

computers and mobile devices, that real money gambling ("RMG") is allowed in Nevada, New Jersey

and Delaware only for users verified via third party verification to be at least 21 years of age, that the

websites materials speak for themselves, and otherwise denies any remaining or contrary allegations in

Paragraph 13 of the FAC.

14.     888 Holdings offers various types of social casino games to users, including slots, roulette, blackjack, and poker. Users can enter these games and place wagers on their outcomes using "play" or real-money chips, depending on the location of the user's device. 888 Holdings offers these games at various minimum stakes and entry fees (or "buy-ins"). As such, 888 Holdings' gaming platform provides an in-game cashier to purchase the chips required to enter a desired game and wager on the outcome. The chips are stored in a digital wallet as part of the user's profile. 888 Holdings also monitors multiple games and game events on which play is based to determine the outcome of each wager. During gameplay, a user may request to generate a wager offer to other users and receive multiple acceptances of the wager offer in response. Additionally, the monitored game events are used to generate game advice that assists the user in placing wagers and winning the game. After completing the game, the winners are awarded chips according to the game's payout rules. 888 Holdings manages and

updates each user's account to reflect the appropriate transfer of chips based on a winning or losing outcome.

**RESPONSE:** 888 admits that it offers play-for-free ("PFF") and RMG slots, roulette, blackjack, or poker games to users as and where permitted by law, utilizes virtual chips in certain games, determines game outcome and player balances, allows users to wager against other users in certain poker games or poker tournaments only, utilizes a cashier function for purchases, and otherwise denies any remaining or contrary allegations in Paragraph 14 of the FAC.

15.     888 Holdings' gaming platform also generates statistics information based on game events and wager records associated with each user's gameplay. The statistics information is stored in a user profile that provides a viewable summary of personalized information. This personalized information also includes identification information and other historical game performance information. 888 Holdings displays the user profile to the respective user and other users of the gaming platform.

**RESPONSE:** 888 denies the allegations in Paragraph 15 of the FAC.

16.     888 Holdings determines different gameplay configurations for the user based on the location of the user's mobile gaming device. If the user's device is determined to be in a first location designated as a nonmonetary, points-only wagering area, points wagering is automatically enabled and real-money wagering is disabled. This configuration is used to determine the game outcome and payout amount while the device remains in the first location. If the user's device is determined to be in a second location designated as a real-money wagering area, real-money wagering is automatically enabled and points wagering is disabled. This second configuration is used to determine the game outcome and payout amount while the device remains in the second location.

**RESPONSE:** 888 admits that it allows users to engage in real money gambling ("RMG") in Nevada, New Jersey and Delaware only for users whose location is verified via a third party geolocation provider,  and otherwise denies any remaining or contrary allegations in Paragraph 16 of the FAC.

17.     888 Holdings establishes a user profile for a user to access through an electronic device and receives location data from a sensor in the electronic device. 888 Holdings determines, based on the location data, an existence of the user in a particular location, initiates a gaming session, and updates the user profile by storing the particular location. Here, 888 Holdings determines whether to display a gaming environment or a modified gaming environment based on the presence of a stored indication of a last one of the plurality gaming activities accessed by the user during a prior gaming session.

**RESPONSE:** 888 denies the allegations in Paragraph 17 of the FAC.

**18.** On November 12, 2014, a letter was sent to 888 Holdings providing notice of its infringement of numerous patents and is attached as **Exhibit A**. Specifically, at least the following patents were identified as being infringed: U.S. Patent Nos. RE39,818; 6,979,267; 8,342,924; 8,771,058; and 8,814,664. As noted in the letter, Plaintiffs wanted to reach a negotiated non-litigation arrangement with 888 Holdings for the identified patents. An agreement was never reached, and 888 Holdings has not ceased infringing Plaintiffs' patents.

**RESPONSE:** 888 admits that it received the November 12, 2014 letter, that the letter identified the listed patents, and that no agreement was reached; but 888 otherwise denies any and all remaining or contrary allegations in Paragraph 18 of the FAC.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### (INFRINGEMENT OF U.S. PATENT NO. RE39,818)

**19.** Plaintiffs incorporate by reference paragraphs 1-18 as if fully set forth herein.

**RESPONSE:** 888 incorporates by reference its responses to Paragraphs 1-18 of the FAC as if fully set forth herein.

**20.** On September 4, 2007, U.S. Patent No. RE39,818 ("the RE'818 patent") was duly and legally issued by the U.S. Patent and Trademark Office ("PTO") for an invention titled "Personalized Wireless Video Game System" to the listed inventor, Russell D. Slifer. A certified copy of the RE'818 patent is attached as **Exhibit B**.

**RESPONSE:** 888 admits that U.S. Patent No. RE39,818 ("the RE'818 patent") is titled "Personalized Wireless Video Game System" and was issued by the United States Patent and Trademark Office ("PTO") on September 4, 2007, to the listed inventor Russell D. Slifer. 888 further admits that attached to Plaintiffs' FAC as Exhibit B is a copy of what purports to be the RE'818 patent. 888 lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 20, and therefore denies such allegations.

**21.** CG Tech is the assignee and owner of the RE'818 patent, with all substantive rights in and to that patent, including the sole and exclusive right to bring this action and enforce the RE'818 patent against infringers, and to collect damages for all relevant times.

**RESPONSE:** 888 lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the FAC and therefore denies them on that basis.

22.     888 Holdings, directly or through its agents, customers, and/or intermediaries, has made, used, tested, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems that infringe (either directly or under the doctrine of equivalents) one or more claims of the RE'818 patent. For instance, on information and belief, 888 Holdings' accused products and/or systems provide a processor that executes a gaming application for displaying video images on a display screen. A portable control is personalized to a specific user after the user registers an account to interact with the gaming application. Once registration is complete, the portable control stores in its memory identification information including the user's age and game data. The personalized portable control includes control switches for generating game control signals during gameplay. The portable control also includes a wireless transmitter for sending the identification and control signals to the processor. Here, the processor uses the received identification signals to determine whether the user is authorized to play the game based at least in part on the user's age. This is done in a manner that infringes at least claims 1, 16, 20, 21, 24, and 31 of the RE'818 patent.

**RESPONSE:** 888 denies the allegations in Paragraph 22 of the FAC.

23.     888 Holdings' social casino games contain each limitation of at least one asserted claim of the RE'818 patent. By way of example only:

**RESPONSE:** 888 denies the allegations in Paragraph 23 of the FAC.

24.     888 Holdings' social casino games meet all requirements of claim 21, which include (as shown below) "[a] method of playing an interactive game comprising: transmitting data from a controller using wireless transmissions to a processor executing the interactive game." (RE'818 patent, col. 7, ll. 32-34.)






**RESPONSE:** 888 denies the allegations in Paragraph 24 of the FAC.

**25.**     888 Holdings' social casino games include "authorizing play of the interactive game based at least in part on the data and an age of the player." (Id. at col. 7, ll. 35-36.)







**RESPONSE:** 888 admits that real money gambling ("RMG") is allowed in Nevada, New Jersey and Delaware only for users verified via third party verification to be at least 21 years of age, and otherwise denies any remaining or contrary allegations denies the allegations in Paragraph 25 of the FAC.

**26.**    888 Holdings' social casino games include "transmitting game playing signals from the controller to the game processor." (Id. at col. 7, ll. 37-38.)



**RESPONSE:** 888 denies the allegations in Paragraph 26 of the FAC.


27.     888 Holdings does not have a license or permission to use the RE'818 patent.

**RESPONSE:** 888 is not aware of any license or permission to use the RE'818 patent at this time.


28.     As a result of 888 Holdings' infringement of the RE'818 patent, CG Tech has suffered and continues to suffer damages, in an amount not yet determined, of at least a reasonable royalty and/or lost profits.

**RESPONSE:** 888 denies that it infringes any claim of the RE'818 patent and therefore denies

the allegations in Paragraph 28 of the FAC.


29.     In a letter dated November 12, 2014, notice was provided to 888 Holdings of the RE'818 patent and its infringing conduct. The letter is attached as **Exhibit A**.

**RESPONSE:** 888 admits that it received the letter dated November 12, 2014 that identified the

RE'818 patent, but 888 otherwise denies any and all remaining or contrary allegations in Paragraph 29

of the FAC.


30.     Despite the knowledge of the RE'818 patent, 888 Holdings has continued to infringe this patent. 888 Holdings acted with reckless disregard of the RE'818 patent by continuing to infringe the patent when it knew or should have known that its actions constituted infringement.

**RESPONSE:** 888 denies the allegations in Paragraph 30 of the FAC.

**SECOND CLAIM FOR RELIEF**
**(INFRINGEMENT OF U.S. PATENT NO. 6,899,628)**

**31.**     Plaintiffs incorporate by reference paragraphs 1-30 as if fully set forth herein.

**RESPONSE:** 888 incorporates by reference its responses to Paragraphs 1-30 of the FAC as if

fully set forth herein.

**32.**     On May 31, 2005, U.S. Patent No. 6,899,628 ("the '628 patent") was duly and legally issued by the PTO for an invention titled "System and Method for Providing Game Event Management to a User of a Gaming Application" to the listed inventors Fergus A. Leen, Sam B. Lawrence, David G. McNally, Clive Hetherington, David M. McDowell, and Kevin R. O'Neal. A certified copy of the '628 patent is attached as **Exhibit C**.

**RESPONSE:** The '628 patent has been dismissed from this action as invalid. *See* ECF No. 54.

No additional response from 888 is believed necessary.

**33.**     IG Limited is the assignee and sole owner of the '628 patent, with all substantive rights in and to that patent, including the sole and exclusive right to bring this action and enforce the '628 patent against infringers, and to collect damages for all relevant times.

**RESPONSE:** The '628 patent has been dismissed from this action as invalid. *See* ECF No. 54.

No additional response from 888 is believed necessary.

**34.**     888 Holdings, directly or through its agents, customers, and/or intermediaries, has made, used, tested, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems that infringe (either directly or under the doctrine of equivalents) one or more claims of the '628 patent. For instance, on information and belief, 888 Holdings' accused products and/or systems have certain features that manage game events through a gaming application accessible to remote users. A user downloads and installs software on a computing device to remotely access the gaming application. During execution of the gaming application, a monitor module monitors a plurality of game events and communicates event information through an interface. The interface transmits the event information, which is associated with at least one game event, to an enhanced services platform. This platform provides various different functions and generates statistics and a wager record based on the event information. Here, the wager record is associated with an entry fee and other bets made during gameplay between a plurality of users. This is done in a manner that infringes at least claims 1 and 31 of the '628 patent.

**RESPONSE:** The '628 patent has been dismissed from this action as invalid. *See* ECF No. 54.

No additional response from 888 is believed necessary.

35.     888 Holdings' social casino games contain each limitation of at least claim 31 of the '628 patent. By way of example only:

**RESPONSE:** The '628 patent has been dismissed from this action as invalid. *See* ECF No. 54.

No additional response from 888 is believed necessary.


36.     888 Holdings' social casino games meet all requirements of claim 31, which include (as shown below) "[a] server for managing game events, comprising: a processor that executes a gaming application that is accessed by a remote user via a network." ('628 patent, col. 23, ll. 62-64.)



**RESPONSE:** The '628 patent has been dismissed from this action as invalid. *See* ECF No. 54.

No additional response from 888 is believed necessary.


37.     888 Holdings' social casino games include "a monitor module coupled to the processor that monitors a plurality of game events during the execution of the gaming application by the user." (Id. at col. 23, ll. 65-67.)



**RESPONSE:** The '628 patent has been dismissed from this action as invalid. *See* ECF No. 54.

No additional response from 888 is believed necessary.

38.    888 Holdings' social casino games include "an interface coupled to the processor that communicates event information associated with at least one of the game events to an enhanced services platform remote from the server." (Id. at col. 24, ll. 1-4.)



**RESPONSE:** The '628 patent has been dismissed from this action as invalid. *See* ECF No. 54.

No additional response from 888 is believed necessary.

39.    888 Holdings' social casino games include "generat[ing] a wager record associated with a wager between a plurality of users based on at least one of the first event information and the second event information." (*Id.* at col. 24, ll. 4-7.)





**RESPONSE:** The '628 patent has been dismissed from this action as invalid. *See* ECF No. 54.

No additional response from 888 is believed necessary.

**40.**     888 Holdings does not have a license or permission to use the '628 patent.

**RESPONSE:** The '628 patent has been dismissed from this action as invalid. *See* ECF No. 54.

No additional response from 888 is believed necessary.

**41.**     As a result of 888 Holdings' infringement of the '628 patent, IG Limited has suffered and continues to suffer damages, in an amount not yet determined, of at least a reasonable royalty and/or lost profits.

**RESPONSE:** The '628 patent has been dismissed from this action as invalid. *See* ECF No. 54.

No additional response from 888 is believed necessary.

**THIRD CLAIM FOR RELIEF**
**(INFRINGEMENT OF U.S. PATENT NO. 7,534,169)**

**42.**     Plaintiffs incorporate by reference paragraphs 1-41 as if fully set forth herein.

**RESPONSE:** 888 incorporates by reference its responses to Paragraphs 1-41 of the FAC as if fully set forth herein.

43.     On May 19, 2009, U.S. Patent No. 7,534,169 ("the '169 patent") was duly and legally issued by the PTO for an invention titled "System and Method for Wireless Gaming System with User Profiles" to the listed inventors Lee M. Amaitis, Joseph M. Asher, Robert F. Bahrampour, Darrin M. Mylet, Alan B. Wilkins, and Howard W. Lutnick. A certified copy of the '169 patent is attached as **Exhibit D**.

**RESPONSE:** The '169 patent has been dismissed from this action as invalid. *See* ECF No. 54.

No additional response from 888 is believed necessary.

44.     IG LLC is the assignee and sole owner of the '169 patent, with all substantive rights in and to that patent, including the sole and exclusive right to bring this action and enforce the '169 patent against infringers, and to collect damages for all relevant times.

**RESPONSE:** The '169 patent has been dismissed from this action as invalid. *See* ECF No. 54.

No additional response from 888 is believed necessary.

45.     888 Holdings, directly or through its agents, customers, and/or intermediaries, has made, used, tested, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems that infringe (either directly or under the doctrine of equivalents) one or more claims of the '169 patent. For instance, on information and belief, 888 Holdings' accused products and/or systems have certain features that modify a gaming environment based on a user's success level in playing a gaming activity. A gaming device enables a user to play a plurality of gaming activities, and a user profile associated with the user is updated to reflect a first success level in playing a first gaming activity during a first gaming session. After termination of the first gaming session and the start of a second, subsequent, gaming session, the user's success level in playing the first gaming activity is determined. Based at least in part on the first success level, a gaming environment is modified and presented to the user through the gaming device. The modification includes a change in how the first gaming activity is presented to the user as a possible gaming activity during the second gaming session. This is done in a manner that infringes at least claim 1 of the '169 patent.

**RESPONSE:** The '169 patent has been dismissed from this action as invalid. See ECF No. 54.

No additional response from 888 is believed necessary.

46.     888 Holdings' social casino games contain each limitation of at least claim 1 of the '169 patent. By way of example only:

**RESPONSE:** The '169 patent has been dismissed from this action as invalid. *See* ECF No. 54.

No additional response from 888 is believed necessary.

47.     888 Holdings' social casino games meet all requirements of claim 1, which include (as shown below) "[a]n apparatus comprising: at least one processor; and at least one data storage device electronically coupled to the at least one processor, the at least one data storage device operable to store: a program, and at least one profile associated with a user of a gaming device, the gaming device being operable to make a plurality of gaming activities available to the user for play via the gaming device." ('169 patent, col. 26, ll. 43-52.)



**RESPONSE:** The '169 patent has been dismissed from this action as invalid. *See* ECF

No. 54. No additional response from 888 is believed necessary.


48.     888 Holdings' social casino games include "updat[ing] the user's profile to reflect a first success level of the user in playing a first of the plurality of gaming activities via the gaming device during a first gaming session." (*Id.* at col. 26, ll. 56-59.)

+1 (866) 225-1342 (toll free) or +1 (408) 774-4090 passcode: 4168572295



**RESPONSE:** The '169 patent has been dismissed from this action as invalid. *See* ECF

No. 54. No additional response from 888 is believed necessary.

       **49.**      888 Holdings' social casino games include, "in response to a start of a second gaming session that is subsequent to a termination of the first gaming session: determin[ing] from the user's profile at least the first success level of the user in playing the first gaming activity during the first gaming session." (*Id.* at col. 26, ll. 60-65.)



**RESPONSE:** The '169 patent has been dismissed from this action as invalid. *See* ECF

No. 54. No additional response from 888 is believed necessary.

       **50.**      888 Holdings' social casino games include, "based at least in part on the first success level, modify[ing] a gaming environment, wherein the modification includes a change as to how the first gaming activity is presented to the user as a possible gaming activity that the user may play via the gaming device during the second gaming session." (Id. at col. 26, l. 66 to col. 27, l. 4.)



**RESPONSE:** The '169 patent has been dismissed from this action as invalid. *See* ECF No. 54. No additional response from 888 is believed necessary.

**51.**     888 Holdings' social casino games include "present[ing] to the user, via the gaming device, the first gaming activity according to the modified gaming environment." (*Id.* at col. 27, ll. 5-7.)



**RESPONSE:** The '169 patent has been dismissed from this action as invalid. *See* ECF No. 54. No additional response from 888 is believed necessary.

**52.**     888 Holdings does not have a license or permission to use the '169 patent.

**RESPONSE:** The '169 patent has been dismissed from this action as invalid. *See* ECF

No. 54. No additional response from 888 is believed necessary.

     **53.**     As a result of 888 Holdings' infringement of the '169 patent, IG LLC has suffered and continues to suffer damages, in an amount not yet determined, of at least a reasonable royalty and/or lost profits.

**RESPONSE:** The '169 patent has been dismissed from this action as invalid. *See* ECF

No. 54. No additional response from 888 is believed necessary.

**FOURTH CLAIM FOR RELIEF**
**(INFRINGEMENT OF U.S. PATENT NO. 6,979,267)**

     **54.**     Plaintiffs incorporate by reference paragraphs 1-53 as if fully set forth herein.

**RESPONSE:** 888 incorporates by reference its responses to Paragraphs 1-53 of the FAC as if

fully set forth herein.

     **55.**     On December 27, 2005, U.S. Patent No. 6,979,267 ("the '267 patent") was duly and legally issued by the PTO for an invention titled "System and Method for Generating Profile Information for a User of a Gaming Application" to the listed inventors Fergus A. Leen, Sam B. Lawrence, David G. McNally, Clive Hetherington, David M. McDowell, and Kevin R. O'Neal. A certified copy of the '267 patent is attached as **Exhibit E**.

**RESPONSE:** The '267 patent has been dismissed from this action as invalid. *See* ECF

No. 54. No additional response from 888 is believed necessary.

     **56.**     IG Limited is the assignee and sole owner of the '267 patent, with all substantive rights in and to that patent, including the sole and exclusive right to bring this action and enforce the '267 patent against infringers, and to collect damages for all relevant times.

**RESPONSE:** The '267 patent has been dismissed from this action as invalid. *See* ECF

No. 54. No additional response from 888 is believed necessary.

     **57.**     888 Holdings, directly or through its agents, customers, and/or intermediaries, has made, used, tested, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems that infringe (either directly or under the doctrine of equivalents) one or more claims of the '267 patent. For instance, on information and belief, 888 Holdings' accused products and/or systems have certain features that generate profile information for users of gaming applications executed on a server.

20

During execution of a first gaming application by a first user, a plurality of game events are monitored. First and second event information associated with a first and second game event is communicated to a processor remote from the server. The processor generates first profile information associated with the first user based at least in part on the first event information, the second event information, and wager records of the first user. The processor stores the first profile information in a memory. During execution of a second gaming application by a second user, a plurality of game events are also monitored. Third and fourth event information associated with a third and fourth game event is communicated to the processor. Here, the third event information is received by the processor substantially simultaneously with the first event information. The processor generates second profile information associated with the second user based at least in part upon the third and fourth event information. This is done in a manner that infringes at least claim 1 of the '267 patent.

**RESPONSE:** The '267 patent has been dismissed from this action as invalid. *See* ECF

No. 54. No additional response from 888 is believed necessary.

**58.** 888 Holdings' social casino games contain each limitation of at least claim 1 of the '267 patent. By way of example only:

**RESPONSE:** The '267 patent has been dismissed from this action as invalid. *See* ECF

No. 54. No additional response from 888 is believed necessary.

**59.** 888 Holdings' social casino games meet all requirements of claim 1, which include (as shown below) "[a] system for generating profile information for users of gaming applications, comprising: a server that: executes a first gaming application; [and] monitors a plurality of game events during the execution of the first gaming application by a first user." ('267 patent, col. 20, ll. 24-29.)





**RESPONSE:** The '267 patent has been dismissed from this action as invalid. *See* ECF

No. 54. No additional response from 888 is believed necessary.

    **60.**      888 Holdings' social casino games include "a processor remotely coupled to the server that: receives the first event information; receives the second event information; [and] generates first profile information associated with the first user based at least in part upon the first event information, the second event information and wager records of the first user." (*Id.* at col. 20, ll. 34-40.)



**RESPONSE:** The '267 patent has been dismissed from this action as invalid. *See* ECF

No. 54. No additional response from 888 is believed necessary.

    **61.**      888 Holdings' social casino games include "receiv[ing] third event information substantially simultaneously with the first event information, the third event information associated with a third game event, wherein the third game event is associated with the execution by a second user of a second gaming application." (*Id.* at col. 20, ll. 41-46.)



**RESPONSE:** The '267 patent has been dismissed from this action as invalid. *See* ECF

No. 54. No additional response from 888 is believed necessary.

       **62.**     888 Holdings' social casino games include "receiv[ing] fourth event information associated with a fourth game event, wherein the fourth game event is associated with the execution by the second user of the second gaming application." (*Id.* at col. 20, ll. 47-50.)



       **RESPONSE:** The '267 patent has been dismissed from this action as invalid. *See* ECF

No. 54. No additional response from 888 is believed necessary.

       **63.**     888 Holdings' social casino games include "generat[ing] second profile information associated with the second user based at least in part upon the third event information and the fourth event information." (*Id.* at col. 20, ll. 51-53.)



**RESPONSE:** The '267 patent has been dismissed from this action as invalid. *See* ECF

No. 54. No additional response from 888 is believed necessary.

    **64.**    888 Holdings does not have a license or permission to use the '267 patent.

**RESPONSE:** The '267 patent has been dismissed from this action as invalid. *See* ECF

No. 54. No additional response from 888 is believed necessary.

    **65.**    As a result of 888 Holdings' infringement of the '267 patent, IG Limited has suffered and continues to suffer damages, in an amount not yet determined, of at least a reasonable royalty and/or lost profits.

**RESPONSE:** The '267 patent has been dismissed from this action as invalid. *See* ECF

No. 54. No additional response from 888 is believed necessary.

    **66.**    In a letter dated November 12, 2014, notice was provided to 888 Holdings of the '267 patent and its infringing conduct. The letter is attached as **Exhibit A**.

**RESPONSE:** The '267 patent has been dismissed from this action as invalid. *See* ECF

No. 54. No additional response from 888 is believed necessary.

    **67.**    Despite the knowledge of the '267 patent, 888 Holdings has continued to infringe this patent. 888 Holdings acted with reckless disregard of the '267 patent by continuing to infringe the patent when it knew or should have known that its actions constituted infringement.

**RESPONSE:** The '267 patent has been dismissed from this action as invalid. *See* ECF

No. 54. No additional response from 888 is believed necessary.

**FIFTH CLAIM FOR RELIEF**
**<u>(INFRINGEMENT OF U.S. PATENT NO. 8,342,924)</u>**

    **68.**    Plaintiffs incorporate by reference paragraphs 1-67 as if fully set forth herein.

**RESPONSE:** 888 incorporates by reference its responses to Paragraphs 1-67 of the FAC as if fully set forth herein.

**69.**     On January 1, 2013, U.S. Patent No. 8,342,924 ("the '924 patent") was duly and legally issued by the PTO for an invention titled "System and Method for Providing Enhanced Services to a User of a Gaming Application" to the listed inventors Fergus A. Leen, Sam B. Lawrence, David G. McNally, Clive Hetherington, David M. McDowell, and Kevin R. O'Neal. A certified copy of the '924 patent is attached as **Exhibit F**.

**RESPONSE:** The '924 patent has been dismissed from this action as invalid. *See* ECF

No. 54. No additional response from 888 is believed necessary.

**70.**     IG Limited is the assignee and sole owner of the '924 patent, with all substantive rights in and to that patent, including the sole and exclusive right to bring this action and enforce the '924 patent against infringers, and to collect damages for all relevant times.

**RESPONSE:** The '924 patent has been dismissed from this action as invalid. *See* ECF

No. 54. No additional response from 888 is believed necessary.

**71.**     888 Holdings, directly or through its agents, customers, and/or intermediaries, has made, used, tested, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems that infringe (either directly or under the doctrine of equivalents) one or more claims of the '924 patent. For instance, on information and belief, 888 Holdings' accused products and/or systems have certain features that enable a user to play a game and initiate at least one event within a context of playing the game. Information associated with the event is received by an apparatus comprising a processor while the user plays the game. Here, the apparatus generates statistics information associated with the user based at least in part on the information. This statistics information is associated with the user's playing of the game, and is electronically displayed to another user. This is done in a manner that infringes at least claim 11 of the '924 patent.

**RESPONSE:** The '924 patent has been dismissed from this action as invalid. *See* ECF

No. 54. No additional response from 888 is believed necessary.

**72.**     888 Holdings' social casino games contain each limitation of at least claim 11 of the '924 patent. By way of example only:

**RESPONSE:** The '924 patent has been dismissed from this action as invalid. *See* ECF

No. 54. No additional response from 888 is believed necessary.

**73.**     888 Holdings' social casino games meet all requirements of claim 11, which include (as shown below) "[a]n apparatus comprising: at least one processor; and at least one memory device . . . [that] stores instructions which . . . direct the at least one processor to: receive information associated with at least one event initiated by a user within a context of playing a game, wherein the information is received during the playing of the game by the user." ('924 patent, col. 21, ll. 4-13.)



**RESPONSE:** The '924 patent has been dismissed from this action as invalid. *See* ECF

No. 54. No additional response from 888 is believed necessary.

    **74.**    888 Holdings' social casino games include, "based at least in part on the information, generat[ing] statistics information, wherein the statistics information is associated with the user with respect to the playing of the game." (*Id.* at col. 21, ll. 14-17.)



**RESPONSE:** The '924 patent has been dismissed from this action as invalid. *See* ECF

No. 54. No additional response from 888 is believed necessary.

    **75.**    888 Holdings' social casino games include "caus[ing] to be electronically displayed to another user at least the statistics information." (*Id.* at col. 21, ll. 18-19.)



**RESPONSE:** The '924 patent has been dismissed from this action as invalid. *See* ECF No. 54. No additional response from 888 is believed necessary.

**76.**     888 Holdings does not have a license or permission to use the '924 patent.

**RESPONSE:** The '924 patent has been dismissed from this action as invalid. *See* ECF No. 54. No additional response from 888 is believed necessary.

**77.**     As a result of 888 Holdings' infringement of the '924 patent, IG Limited has suffered and continues to suffer damages, in an amount not yet determined, of at least a reasonable royalty and/or lost profits.

**RESPONSE:** The '924 patent has been dismissed from this action as invalid. *See* ECF No. 54. No additional response from 888 is believed necessary.

**78.**     In a letter dated November 12, 2014, notice was provided to 888 Holdings of the '924 patent and its infringing conduct. The letter is attached as **Exhibit A**.

**RESPONSE:** The '924 patent has been dismissed from this action as invalid. *See* ECF No. 54. No additional response from 888 is believed necessary.

79.     Despite the knowledge of the '924 patent, 888 Holdings has continued to infringe this patent. 888 Holdings acted with reckless disregard of the '924 patent by continuing to infringe the patent when it knew or should have known that its actions constituted infringement.

**RESPONSE:** The '924 patent has been dismissed from this action as invalid. *See* ECF

No. 54. No additional response from 888 is believed necessary.

## SIXTH CLAIM FOR RELIEF
## (INFRINGEMENT OF U.S. PATENT NO. 7,029,394)

80.     Plaintiffs incorporate by reference paragraphs 1-79 as if fully set forth herein.

**RESPONSE:** 888 incorporates by reference its responses to Paragraphs 1-79 of the FAC as if

fully set forth herein.

81.     On April 18, 2006, U.S. Patent No. 7,029,394 ("the '394 patent") was duly and legally issued by the PTO for an invention titled "System and Method for Generating Statistics for a User of a Gaming Application" to the listed inventors Fergus A. Leen, Sam B. Lawrence, David G. McNally, Clive Hetherington, David M. McDowell, and Kevin R. O'Neal. A certified copy of the '394 patent is attached as **Exhibit G**.

**RESPONSE:** The '394 patent has been dismissed from this action as invalid. *See* ECF

No. 54. No additional response from 888 is believed necessary.

82.     IG Limited is the assignee and sole owner of the '394 patent, with all substantive rights in and to that patent, including the sole and exclusive right to bring this action and enforce the '394 patent against infringers, and to collect damages for all relevant times.

**RESPONSE:** The '394 patent has been dismissed from this action as invalid. *See* ECF

No. 54. No additional response from 888 is believed necessary.

83.     888 Holdings, directly or through its agents, customers, and/or intermediaries, has made, used, tested, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems that infringe (either directly or under the doctrine of equivalents) one or more claims of the '394 patent. Specifically, 888 Holdings' accused products and/or systems have certain features that enable a user to execute a gaming application hosted on a remote server. During execution of the gaming application, first and second event information associated with first and second game events is received. Statistics information associated with the user and the gaming application is generated based at least in part on the first event information, the second event information, and wager records associated with the gaming application. The statistics information is used to determine an outcome of a wager associated

with the gaming application and then stored. This is done in a manner that infringes at least claim 1 of the '394 patent.

**RESPONSE:** The '394 patent has been dismissed from this action as invalid. *See* ECF

No. 54. No additional response from 888 is believed necessary.

**84.** 888 Holdings' social casino games contain each limitation of at least claim 1 of the '394 patent. By way of example only:

**RESPONSE:** The '394 patent has been dismissed from this action as invalid. *See* ECF

No. 54. No additional response from 888 is believed necessary.

**85.** 888 Holdings' social casino games meet all requirements of claim 1, which include (as shown below) "[a] system for generating statistics information, comprising: a server that: executes a gaming application; monitors a plurality of game events during the execution of the gaming application by a user; communicates first event information associated with a first game event; and communicates second event information associated with a second game event." ('394 patent, col. 20, ll. 46-55.)



**RESPONSE:** The '394 patent has been dismissed from this action as invalid. *See* ECF

No. 54. No additional response from 888 is believed necessary.

      **86.**     888 Holdings' social casino games include "a processor remotely coupled to the server that receives the first event information; receives the second event information; [and] generates statistics information based at least in part upon the first event information, the second event information and wager records associated with the gaming application." (*Id.* at col. 20, ll. 56-62.)



      **RESPONSE:** The '394 patent has been dismissed from this action as invalid. *See* ECF

No. 54. No additional response from 888 is believed necessary.

      **87.**     888 Holdings' social casino games include "determin[ing] an outcome of a wager associated with the gaming application using the statistics information; and a memory coupled to the processor that stores the statistics information." (*Id.* at col. 20, ll. 63-67.)



      **RESPONSE:** The '394 patent has been dismissed from this action as invalid. *See* ECF

No. 54. No additional response from 888 is believed necessary.

      **88.**     888 Holdings does not have a license or permission to use the '394 patent.

**RESPONSE:** The '394 patent has been dismissed from this action as invalid. *See* ECF

No. 54. No additional response from 888 is believed necessary.

89.     As a result of 888 Holdings' infringement of the '394 patent, IG Limited has suffered and continues to suffer damages, in an amount not yet determined, of at least a reasonable royalty and/or lost profits.

**RESPONSE:** The '394 patent has been dismissed from this action as invalid. *See* ECF

No. 54. No additional response from 888 is believed necessary.

**SEVENTH CLAIM FOR RELIEF**
**(INFRINGEMENT OF U.S. PATENT NO. 9,111,417)**

90.     Plaintiffs incorporate by reference paragraphs 1-89 as if fully set forth herein.

**RESPONSE:** 888 incorporates by reference its responses to Paragraphs 1-89 of the FAC as if

fully set forth herein.

91.     On August 18, 2015, U.S. Patent No. 9,111,417 ("the '417 patent") was duly and legally issued by the PTO for an invention titled "System and Method for Providing Enhanced Services to a User of a Gaming Application" to the listed inventors Fergus A. Leen, Sam B. Lawrence, David G. McNally, Clive Hetherington, David M. McDowell, and Kevin R. O'Neal. A certified copy of the '417 patent is attached as **Exhibit H.**

**RESPONSE:** The '417 patent has been dismissed from this action as invalid. *See* ECF

No. 54. No additional response from 888 is believed necessary.

92.     IG Limited is the assignee and sole owner of the '417 patent, with all substantive rights in and to that patent, including the sole and exclusive right to bring this action and enforce the '417 patent against infringers, and to collect damages for all relevant times.

**RESPONSE:** The '417 patent has been dismissed from this action as invalid. *See* ECF

No. 54. No additional response from 888 is believed necessary.

93.     888 Holdings, directly or through its agents, customers, and/or intermediaries, has made, used, tested, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems that infringe (either directly or under the doctrine of equivalents) one or more claims of the '417 patent. For example, on information and belief, 888 Holdings' accused products and/or systems have certain features that provide a card game to users through their respective computing devices over a

communications network. On information and belief, 888 Holdings' accused products and/or systems present users with a graphical user interface that allows users to generate a wager offer, where the offer includes a wager amount. The interface further provides an option to present the wager offer to other users and receive from a plurality of other users an acceptance of the wager offer at the wager amount. In addition, during the playing of the game, 888 Holdings' accused products and/or systems offer certain features that generate statistics for multiple users of the game, including presenting a portion of the statistics information for the users. At the end of the game, an outcome is determined and funds are transferred to at least one user who played (and "won") the game. This is done in a manner that infringes at least claim 1 of the '417 patent.

**RESPONSE:** The '417 patent has been dismissed from this action as invalid. *See* ECF No. 54. No additional response from 888 is believed necessary.

**94.**     888 Holdings' social casino games contain each limitation of at least claim 1 of the '417 patent. By way of example only:

**RESPONSE:** The '417 patent has been dismissed from this action as invalid. *See* ECF No. 54. No additional response from 888 is believed necessary.

**95.**     888 Holdings' social casino games meet all requirements of claim 1, which include (as shown below) "[a] system comprising at least one processor and at least one non-volatile memory having software stored thereon that when executed by the at least one processor directs the at least one processor to: provide a game via a communications network to users via respective computing devices of the users, wherein the game is a sports game, an arcade game, a card game, or an adventure game." ('417 patent, col. 20, ll. 20-27.)



**RESPONSE:** The '417 patent has been dismissed from this action as invalid. *See* ECF No. 54. No additional response from 888 is believed necessary.

**96.** 888 Holdings' social casino games include, "responsive to a request from one of the users, caus[ing] a graphical user interface to be presented to the user at the user's computing device, wherein the graphical user interface allows the user to offer a wager to other users; [and] responsive to presenting the graphical user interface to the user, receiv[ing] from that user a request to generate a wager offer, wherein the wager offer includes a wager amount." (Id. at col. 20, ll. 28-34.)



**RESPONSE:** The '417 patent has been dismissed from this action as invalid. *See* ECF

No. 54. No additional response from 888 is believed necessary.

**97.** 888 Holdings' social casino games include, "responsive to receiving the request to generate the wager offer, present[ing] the wager offer to other users via respective computing devices of the other users." (Id. at col. 20, ll. 35-37.)



**RESPONSE:** The '417 patent has been dismissed from this action as invalid. *See* ECF

No. 54. No additional response from 888 is believed necessary.

**98.** 888 Holdings' social casino games include "receiv[ing] from a plurality of the other users an acceptance of the wager offer, each acceptance at the wager amount." (Id. at col. 20, ll. 38-39.)



**RESPONSE:** The '417 patent has been dismissed from this action as invalid. *See* ECF

No. 54. No additional response from 888 is believed necessary.

      **99.**      888 Holdings' social casino games include, "during a playing of the game by a plurality of the users: generat[ing] statistics information related to at least a first and a second of the users playing the game." (Id. at col. 20, ll. 40-42.)



**RESPONSE:** The '417 patent has been dismissed from this action as invalid. *See* ECF

No. 54. No additional response from 888 is believed necessary.

      **100.**    888 Holdings' social casino games include, "caus[ing] at least a portion of the statistics information of the first user to be presented to the second user via a respective computing device of the second user; and caus[ing] at least a portion of the statistics information of the second user to be presented via a respective computing device of the first user." (Id. at col. 20, ll. 43-48.)



**RESPONSE:** The '417 patent has been dismissed from this action as invalid. *See* ECF

No. 54. No additional response from 888 is believed necessary.

101.     888 Holdings' social casino games include, "at end of the game, determin[ing] an outcome of the wagers resulting from the users that accepted the wager offer, wherein . . . determin[ing] the outcome of the wagers includes . . . transfer[ring] funds to at least one user who played the game." (Id. at col. 20, ll. 49-53.)



**RESPONSE:** The '417 patent has been dismissed from this action as invalid. *See* ECF

No. 54. No additional response from 888 is believed necessary.

102.     888 Holdings does not have a license or permission to use the '417 patent.

**RESPONSE:** The '417 patent has been dismissed from this action as invalid. *See* ECF

No. 54. No additional response from 888 is believed necessary.

**103.**    As a result of 888 Holdings' infringement of the '417 patent, IG Limited has suffered and continues to suffer damages, in an amount not yet determined, of at least a reasonable royalty and/or lost profits.

**RESPONSE:** The '417 patent has been dismissed from this action as invalid. *See* ECF No. 54. No additional response from 888 is believed necessary.

### EIGHTH CLAIM FOR RELIEF
### (INFRINGEMENT OF U.S. PATENT NO. 8,771,058)

**104.**    Plaintiffs incorporate by reference paragraphs 1-103 as if fully set forth herein.

**RESPONSE:** 888 incorporates by reference its responses to Paragraphs 1-103 of the FAC as if fully set forth herein.

**105.**    On July 8, 2014, U.S. Patent No. 8,771,058 ("the '058 patent") was duly and legally issued by the PTO for an invention titled "Zone Dependent Payout Percentage" to the listed inventors Dean P. Alderucci, Lee Amaitis, and Geoffrey M. Gelman. A certified copy of the '058 patent is attached as **Exhibit I**.

**RESPONSE:** 888 admits that U.S. Patent No. 8,771,058 ("the '058 patent") is titled "Zone Dependent Payout Percentage" and was issued by the PTO on July 8, 2014, to the listed inventors Dean P. Alderucci, Lee Amaitis, and Geoffrey M. Gelman. 888 further admits that attached to Plaintiffs' FAC as Exhibit I is a copy of what purports to be the '058 patent. 888 lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 105, and therefore denies such allegations.

**106.**    IG LLC is the assignee and sole owner of the '058 patent, with all substantive rights in and to that patent, including the sole and exclusive right to bring this action and enforce the '058 patent against infringers, and to collect damages for all relevant times.

**RESPONSE:** 888 lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 106 of the FAC and therefore denies them on that basis.

**107.**    888 Holdings, directly or through its agents, customers, and/or intermediaries, has made, used, tested, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems that infringe (either directly or under the doctrine of equivalents) one or more claims of the '058

patent. For example, on information and belief, 888 Holdings' accused products and/or systems have certain features that provide a computer system to determine a first location of a mobile gaming device and determine a first game configuration associated with the first location. The system generates a first game outcome using the first game configuration, determines a first payout associated with the first game outcome, and credits a player account with a first amount based on the first payout. Additionally, the computer system determines a second location of the mobile gaming device that is different from the first location, and determines a second game configuration associated with the second location that is different from the first game configuration. The system generates a second game outcome using the second game configuration, determines a second payout associated with the second game outcome, and credits the player account with a second amount based on the second payout. This is done in a manner that infringes at least claim 19 of the '058 patent.

**RESPONSE:** 888 denies the allegations in Paragraph 107 of the FAC.

**108.** 888 Holdings' social casino games contain each limitation of at least claim 19 of the '058 patent. By way of example only:

**RESPONSE:** 888 denies the allegations in Paragraph 108 of the FAC.

**109.** 888 Holdings' social casino games meet all requirements of claim 19, which include (as shown below) "[a] computer system comprising: a processor operable to execute a set of instructions . . . in which the set of instructions, when executed by the processor, cause the computer system to perform a method comprising: determining a first location of a mobile gaming device, [and] determining a first game configuration associated with the first location." ('058 patent, col. 62, ll. 1-9.)





**RESPONSE:** 888 denies the allegations in Paragraph 109 of the FAC.

110.    888 Holdings' social casino games include "generating a first game outcome using the first game configuration, determining a first payout associated with the first game outcome, [and] crediting a player account with a first amount based on the first payout." (Id. at col. 62, ll. 10-15.)



**RESPONSE:** 888 denies the allegations in Paragraph 110 of the FAC.

111.    888 Holdings' social casino games include "determining a second location of the mobile gaming device, wherein the second location is different from the first location, [and] determining a second game configuration associated with the second location, wherein the second game configuration is different from the first game configuration." (Id. at col. 62, ll. 16-21.)





**RESPONSE:** 888 denies the allegations in Paragraph 111 of the FAC.

**112.**     888 Holdings' social casino games include "generating a second game outcome using the second game configuration, determining a second payout associated with the second game outcome, and crediting the player account with a second amount based on the second payout." (Id. at col. 62, ll. 22-27.)





**RESPONSE:** 888 denies the allegations in Paragraph 112 of the FAC.

**113.**     888 Holdings does not have a license or permission to use the '058 patent.

**RESPONSE:** 888 is not aware of any license or permission to use the '058 patent at this time.

**114.**     As a result of 888 Holdings' infringement of the '058 patent, IG LLC has suffered and continues to suffer damages, in an amount not yet determined, of at least a reasonable royalty and/or lost profits.

**RESPONSE:** 888 denies that it infringes any claim of the '058 patent and therefore denies the allegations in Paragraph 114 of the FAC.

**115.**     In a letter dated November 12, 2014, notice was provided to 888 Holdings of the '058 patent and its infringing conduct. The letter is attached as **Exhibit A.**

**RESPONSE:** 888 admits that it received the letter dated November 12, 2014 that identified the '058 patent, but 888 otherwise denies the allegations in Paragraph 115 of the FAC.

**116.**     Despite the knowledge of the '058 patent, 888 Holdings has continued to infringe this patent. 888 Holdings acted with reckless disregard of the '058 patent by continuing to infringe the patent when it knew or should have known that its actions constituted infringement.

**RESPONSE:** 888 denies the allegations in Paragraph 116 of the FAC.

### NINTH CLAIM FOR RELIEF
### (INFRINGEMENT OF U.S. PATENT NO. 8,814,664)

**117.**     Plaintiffs incorporate by reference paragraphs 1-116 as if fully set forth herein.

**RESPONSE:** 888 incorporates by reference its responses to Paragraphs 1-116 of the FAC as if fully set forth herein.

**118.**     On August 26, 2014, U.S. Patent No. 8,814,664 ("the '664 patent") was duly and legally issued by the PTO for an invention titled "Method and Apparatus for Challenge-Based Gaming Using Points and/or Money" to the listed inventors Lee Amaitis, Paul Williams, and Nolan Glantz. A certified copy of the '664 patent is attached as **Exhibit J**.

**RESPONSE:** 888 admits that U.S. Patent No. 8,814,664 ("the '664 patent") is titled "Method and Apparatus for Challenge-Based Gaming Using Points and/or Money" and was issued by the PTO on August 26, 2014, to the listed inventors Lee Amaitis, Paul Williams, and Nolan Glantz.  888 further admits that attached to Plaintiffs' FAC as Exhibit J is a copy of what purports to be the '664 patent. 888

lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set

forth in paragraph 118, and therefore denies such allegations.

119.    IG LLC is the assignee and sole owner of the '664 patent, with all substantive rights in and to that patent, including the sole and exclusive right to bring this action and enforce the '664 patent against infringers, and to collect damages for all relevant times.

**RESPONSE:** 888 lacks knowledge or information sufficient to form a belief as to the truth of

the allegations in Paragraph 119 of the FAC and therefore denies them on that basis.

120.    888 Holdings, directly or through its agents, customers, and/or intermediaries, has made, used, tested, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems that infringe (either directly or under the doctrine of equivalents) one or more claims of the '664 patent. For instance, on information and belief, 888 Holdings' accused products and/or systems have certain features that determine a mobile device associated with a first player is located in a first location designated as a nonmonetary, points-only wagering area. In response to the determination, points wagering is automatically enabled and monetary wagering is automatically disabled while the mobile device remains in the first location. Here, a challenge by the first player is received from the mobile device, in which the challenge identifies a selected amount of points and a selected second player to receive the challenge. After receiving an acceptance of the challenge from the second player, a wager between the first player and the second player is formed. An outcome to the challenge is determined and points are adjusted in an account of the winning player. On information and belief, 888 Holdings' accused products and/or systems have certain features that further determine the mobile device is located in a second location that is designated as a monetary wagering area. In response to the determination, monetary wagering is automatically enabled and points wagering is automatically disabled from the mobile device while the device remains in the second location. This is done in a manner that infringes at least claim 17 of the '664 patent.

**RESPONSE:** 888 denies the allegations in Paragraph 120 of the FAC.

121.    888 Holdings' social casino games contain each limitation of at least claim 17 of the '664 patent. By way of example only:

**RESPONSE:** 888 denies the allegations in Paragraph 121 of the FAC.

122.    888 Holdings' social casino games meet all requirements of claim 17, which include (as shown below) "[a]n apparatus comprising: . . . instructions that when executed by a computing device, cause the computing device to: determine that a mobile device associated with a first player is located in a first location that is designated as a non-monetary, points only wagering area." ('664 patent, col. 32, ll. 1-7.)



**RESPONSE:** 888 denies the allegations in Paragraph 122 of the FAC.


**123.** 888 Holdings' social casino games include, "in response to determining that the mobile device is located in the first location, automatically enabl[ing] points wagering and automatically disabling monetary wagering from the mobile device while the mobile device remains in the first location." (Id. at col. 32, ll. 8-12.)



**RESPONSE:** 888 denies the allegations in Paragraph 123 of the FAC.


**124.** 888 Holdings' social casino games include "receiv[ing], from the mobile device, a challenge by the first player, in which the challenge identifies an amount of points selected by the player and a second player selected by the player against whom to place the challenge." (Id. at col. 32, ll. 13-17.)



**RESPONSE:** 888 denies the allegations in Paragraph 124 of the FAC.

125.    888 Holdings' social casino games include "receiv[ing], from the mobile device, a challenge by the first player, in which the challenge identifies an amount of points selected by the player and a second player selected by the player against whom to place the challenge." (Id. at col. 32, ll. 13-17.)



**RESPONSE:** 888 denies the allegations in Paragraph 125 of the FAC.

126.    888 Holdings' social casino games include "adjust[ing] points in an account of a winning player of the challenge in response to determining an outcome of the challenge." (*Id*. at col. 32, ll. 25-27.)



**RESPONSE:** 888 denies the allegations in Paragraph 126 of the FAC.

127.   888 Holdings' social casino games include "determin[ing] [that the] mobile device is located in a second location that is designated as a monetary wagering area." (Id. at col. 32, ll. 28-29.)





**RESPONSE:** 888 denies the allegations in Paragraph 127 of the FAC.

128.   888 Holdings' social casino games include, "in response to determining that the mobile device is located in the second location, automatically enabl[ing] monetary wagering and automatically disabl[ing] points wagering from the mobile device while the mobile device remains in the second location; wherein the second location is geographically different from the first location." (Id. at col. 32, ll. 30-36.)





**RESPONSE:** 888 denies the allegations in Paragraph 128 of the FAC.

**129.**     888 Holdings does not have a license or permission to use the '664 patent.

**RESPONSE:** 888 is not aware of any license or permission to use the '664 patent at this time.

**130.**     As a result of 888 Holdings' infringement of the '664 patent, IG LLC has suffered and continues to suffer damages, in an amount not yet determined, of at least a reasonable royalty and/or lost profits.

**RESPONSE:** 888 denies that it infringes any claim of the '664 patent and therefore denies the allegations in Paragraph 130 of the FAC.

**131.**    In a letter dated November 12, 2014, notice was provided to 888 Holdings of the '664 patent and its infringing conduct. The letter is attached as Exhibit A.

**RESPONSE:** 888 admits that it received the letter dated November 12, 2014 that identified the '664 patent, but 888 otherwise denies the allegations in Paragraph 131 of the FAC.

**132.**    Despite the knowledge of the '664 patent, 888 Holdings has continued to infringe this patent. 888 Holdings acted with reckless disregard of the '664 patent by continuing to infringe the patent when it knew or should have known that its actions constituted infringement.

**RESPONSE:** 888 denies the allegations in Paragraph 132 of the FAC.

### TENTH CLAIM FOR RELIEF
### (INFRINGEMENT OF U.S. PATENT NO. 6,966,832)

**133.**    Plaintiffs incorporate by reference paragraphs 1-132 as if fully set forth herein.

**RESPONSE:** 888 incorporates by reference its responses to Paragraphs 1-132 of the FAC as if fully set forth herein.

**134.**    On November 22, 2005, U.S. Patent No. 6,966,832 ("the '832 patent") was duly and legally issued by the PTO for an invention titled "System and Method for Providing Game Advice to a User of a Gaming Application" to the listed inventors Fergus A. Leen, Sam B. Lawrence, David G. McNally, Clive Hetherington, David M. McDowell, and Kevin R. O'Neal. A certified copy of the '832 patent is attached as Exhibit K.

**RESPONSE:** The '832 patent has been dismissed from this action as invalid. *See* ECF No. 54. No additional response from 888 is believed necessary.

**135.**    IG Limited is the assignee and sole owner of the '832 patent, with all substantive rights in and to that patent, including the sole and exclusive right to bring this action and enforce the '832 patent against infringers, and to collect damages for all relevant times.

**RESPONSE:** The '832 patent has been dismissed from this action as invalid. *See* ECF No. 54. No additional response from 888 is believed necessary.

**136.**    888 Holdings, directly or through its agents, customers, and/or intermediaries, has made, used, tested, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems that infringe (either directly or under the doctrine of equivalents) one or more claims of the '832 patent. For example, on information and belief, 888 Holdings' accused products and/or systems have

certain features that provide a server to execute a gaming application, monitor a plurality of game events during execution of the gaming application, and communicate event information associated with at least one game event. On information and belief, 888 Holdings' accused products and/or systems further include a processor remotely connected to the server that receives the event information and generates game advice associated with the gaming application based at least in part on the event information. Here, the game advice includes wager advice that is based at least in part on event information associated with the user's opponent in the gaming application. The game advice is then presented to the user during execution of the gaming application. This is done in a manner that infringes at least claim 1 of the '832 patent.

> **RESPONSE:** The '832 patent has been dismissed from this action as invalid. *See* ECF No. 54.

No additional response from 888 is believed necessary.

> **137.** 888 Holdings' social casino games contain each limitation of at least claim 1 of the '832 patent. By way of example only:

> **RESPONSE:** The '832 patent has been dismissed from this action as invalid. *See* ECF No. 54.

No additional response from 888 is believed necessary.

> **138.** 888 Holdings' social casino games meet all requirements of claim 1, which include (as shown below) "[a] system for providing game advice to a user of a gaming application, comprising: a server that: executes a gaming application." ('832 patent, col. 20, ll. 29-32.)





> **RESPONSE:** The '832 patent has been dismissed from this action as invalid. *See* ECF No. 54.

No additional response from 888 is believed necessary.

**139.**     888 Holdings' social casino games include "monitor[ing] a plurality of game events during the execution of the gaming application; and communicat[ing] event information associated with at least one game event." (*Id.* at col. 20, ll. 33-36.)



**RESPONSE:** The '832 patent has been dismissed from this action as invalid. *See* ECF No. 54.

No additional response from 888 is believed necessary.

**140.**     888 Holdings' social casino games include "a processor remotely coupled to the server that: receives the event information; [and] generates game advice associated with the gaming application based at least in part upon the event information." (*Id.* at col. 20, ll. 37-41.)



**RESPONSE:** The '832 patent has been dismissed from this action as invalid. *See* ECF No. 54.

No additional response from 888 is believed necessary.

**141.**     888 Holdings' social casino games include "game advice compris[ing] wager advice that is based at least in part upon event information associated with an opponent of the user in the gaming application; and present[ing] the game advice to the user during the execution of the gaming application." (Id. at col. 20, ll. 41-46.)



**RESPONSE:** The '832 patent has been dismissed from this action as invalid. *See* ECF No. 54.

No additional response from 888 is believed necessary.

      **142.**    888 Holdings does not have a license or permission to use the '832 patent.

      **RESPONSE:** The '832 patent has been dismissed from this action as invalid. *See* ECF No. 54.

No additional response from 888 is believed necessary.

      **143.**    As a result of 888 Holdings' infringement of the '832 patent, IG Limited has suffered and continues to suffer damages, in an amount not yet determined, of at least a reasonable royalty and/or lost profits.

      **RESPONSE:** The '832 patent has been dismissed from this action as invalid. *See* ECF No. 54.

No additional response from 888 is believed necessary.

**ELEVENTH CLAIM FOR RELIEF**
**(INFRINGEMENT OF U.S. PATENT NO. 9,355,518)**

      **144.**    Plaintiffs incorporate by reference paragraphs 1-143 as if fully set forth herein.

      **RESPONSE:** 888 incorporates by reference its responses to Paragraphs 1-143 of the FAC as if fully set forth herein.

      **145.**    On May 31, 2016, U.S. Patent No. 9,355,518 ("the '518 patent") was duly and legally issued by the PTO for an invention titled "Gaming System with Location Determination" to the listed inventors Lee M. Amaitis, Joseph M. Asher, Robert F. Bahrampour, Darrin M. Mylet, Alan B. Wilkins, and Howard W. Lutnick. A copy of the '518 patent is attached as **Exhibit L**.

**RESPONSE:** 888 admits that U.S. Patent No. 9,355,518 ("the '518 patent") is titled "Gaming System with Location Determination" and was issued by the PTO on May 31, 2016, to the listed inventors Lee M. Amaitis, Joseph M. Asher, Robert F. Bahrampour, Darrin M. Mylet, Alan B. Wilkins, and Howard W. Lutnick. 888 further admits that attached to Plaintiffs' FAC as Exhibit L is a copy of what purports to be the '518 patent. 888 lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 145, and therefore denies such allegations.

146.    IG LLC is the assignee and sole owner of the '518 patent, with all substantive rights in and to that patent, including the sole and exclusive right to bring this action and enforce the '518 patent against infringers, and to collect damages for all relevant times.

**RESPONSE:** 888 lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 146 of the FAC and therefore denies them on that basis.

147.    888 Holdings, directly or through its agents, customers, and/or intermediaries, has made, used, tested, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems that infringe (either directly or under the doctrine of equivalents) one or more claims of the '518 patent. For instance, on information and belief, 888 Holdings' accused products and/or systems have certain features that establish a user profile and receive device location data over a communications network from a sensor in the user's electronic device. A gaming session is initiated based on the determined location. Here, the user's electronic device presents via a display a gaming environment or a modified gaming environment that indicates to the user a last gaming activity of a plurality of gaming activities accessed during a prior gaming session. This is done in a manner that infringes at least claims 1 and 9 of the '518 patent.

**RESPONSE:** 888 denies the allegations in Paragraph 147 of the FAC.

148.    888 Holdings' social casino games contain each limitation of at least one asserted claim of the '518 patent. By way of example only:

**RESPONSE:** 888 denies the allegations in Paragraph 148 of the FAC.

149.    888 Holdings' social casino games meet all requirements of claim 9, which include (as shown below) "[a]n apparatus for supporting multiple users in electronic gaming, the apparatus comprising: . . . a memory electronically coupled to . . . [a] processor and having software stored thereon that when executed by the . . . processor directs the . . . processor to: establish for a user of the apparatus a user profile on a data storage device, wherein the user accesses the apparatus via an electronic device." ('518 patent, col. 27, l. 66 to col. 28, l. 8.)





**RESPONSE:** 888 denies the allegations in Paragraph 149 of the FAC.


**150.**    888 Holdings' social casino games include "receiv[ing] via a communications network from the electronic device location data of the electronic device, wherein: the electronic device comprises sensor for detecting location, the electronic device obtains the location data from the sensor, and the electronic device communicates the location data via the communications network." (Id. at col. 28, ll. 9-16.)





**RESPONSE:** 888 denies the allegations in Paragraph 150 of the FAC.


**151.** 888 Holdings' social casino games include "recogniz[ing] an occurrence of an event; updat[ing] the user profile in response to the event; wherein [] recogniz[ing] the occurrence of the event comprises [] determin[ing], based on the location data, an existence of the user in a particular location, and wherein [] updat[ing] the user profile in response to the event comprises [] stor[ing] the particular location." (Id. at col. 28, ll. 17-23.)





**RESPONSE:** 888 denies the allegations in Paragraph 151 of the FAC.

152.    888 Holdings' social casino games include, "based on determining the existence of the user in the particular location, initiat[ing] a gaming session, wherein [] initiat[ing] the gaming session includes to communicate via the communications network information to the electronic device." (Id. at col. 28, ll. 24-28.)



**RESPONSE:** 888 admits that real money gambling ("RMG") is allowed in Nevada, New Jersey and Delaware only for users verified via third party geolocation services and otherwise denies any remaining or contrary allegations denies the allegations in Paragraph 152 of the FAC.

153.    888 Holdings' social casino games include "caus[ing] the electronic device to present via a display of the electronic device a gaming environment to the user or to present via the display to the user a modified gaming environment that indicates to the user a last gaming activity of a plurality of gaming activities accessed by the user during a prior gaming session, a determination as to whether to display the gaming environment or the modified gaming environment being based on whether there is or is not a stored indication of a last one of the plurality gaming activities accessed by the user during the prior gaming session." (Id. at col. 28, ll. 28-39.)



RESPONSE: 888 denies the allegations in Paragraph 153 of the FAC.

154. 888 Holdings does not have a license or permission to use the '518 patent.

RESPONSE: 888 is not aware of any license or permission to use the '518 patent at this time.

155. As a result of 888 Holdings' infringement of the '518 patent, IG LLC has suffered and continues to suffer damages, in an amount not yet determined, of at least a reasonable royalty and/or lost profits.

RESPONSE: 888 denies that it infringes any claim of the '518 patent and therefore denies the allegations in Paragraph 155 of the FAC.

**TWELFTH CLAIM FOR RELIEF**
**(INFRINGEMENT OF U.S. PATENT NO. 9,306,952)**

156. Plaintiffs incorporate by reference paragraphs 1-155 as if fully set forth herein.

RESPONSE: 888 incorporates by reference its responses to Paragraphs 1-155 of the FAC as if fully set forth herein.

157. On April 5, 2016, U.S. Patent No. 9,306,952 ("the '952 patent") was duly and legally issued by the PTO for an invention titled "System and Method for Wireless Gaming with Location Determination" to the listed inventors Kevin Burman and Dean P. Alderucci. A copy of the '952 patent is attached as **Exhibit M**.

**RESPONSE:** 888 admits that U.S. Patent No. 9,306,952 ("the '952 patent") is titled "System and Method for Wireless Gaming with Location Determination" and was issued by the PTO on April 5, 2016, to the listed inventors Kevin Burman and Dean P. Alderucci. 888 further admits that attached to Plaintiffs' FAC as Exhibit M is a copy of what purports to be the '952 patent. 888 lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 157, and therefore denies such allegations.

158.    IG LLC is the assignee and sole owner of the '952 patent, with all substantive rights in and to that patent, including the sole and exclusive right to bring this action and enforce the '952 patent against infringers, and to collect damages for all relevant times.

**RESPONSE:** 888 lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 158 of the FAC and therefore denies them on that basis.

159.    888 Holdings, directly or through its agents, customers, and/or intermediaries, has made, used, tested, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems that infringe (either directly or under the doctrine of equivalents) one or more claims of the '952 patent. For instance, on information and belief, 888 Holdings' accused products and/or systems have certain features that determine a plurality of selectable betting parameters for a wager in a game having at least a first selectable betting parameter and a second selectable betting parameter, each selectable betting parameter comprising a game parameter that affects an outcome of a bet by a first user in the game. The first user plays the game using a corresponding wireless gaming terminal having a wireless network interface operable to transmit and receive gaming information. The wireless gaming terminal communicates with a location determination system that determines a location of the wireless gaming terminal to implement a game depending on the determined location. The system determines a plurality of different locations in a gaming area including at least a first location corresponding to the first betting parameter and a second location corresponding to the second betting parameter. During the game, the system determines a location of a first wireless gaming terminal corresponding to the first user and then determines at least one of the plurality of selectable betting parameters associated with the first user based on the determined location of the first user. Here, the system determines the outcome of the bet based at least in part on the determined at least one betting parameter in accordance with one or more predetermined rules of the game. This is done in a manner that infringes at least claims 1 and 27 of the '952 patent.

**RESPONSE:** 888 denies the allegations in Paragraph 159 of the FAC.

160.    888 Holdings' social casino games contain each limitation of at least one asserted claim of the '952 patent. By way of example only:

**RESPONSE:** 888 denies the allegations in Paragraph 160 of the FAC.

**161.** 888 Holdings' social casino games meet all requirements of claim 1, which include (as shown below) "[a]n apparatus comprising: . . . a memory that stores instructions which, when executed by [] at least one processor, direct the at least one processor to: determine a plurality of selectable betting parameters for a wager in a game . . . comprising at least a first selectable betting parameter and a second selectable betting parameter." ('952 patent, col. 34, ll. 51-63.)





**RESPONSE:** 888 denies the allegations in Paragraph 161 of the FAC.

**162.** 888 Holdings' social casino games include "the game being played by at least one user using a corresponding at least one wireless gaming terminal . . . having a wireless network interface operable to transmit and receive gaming information . . . in which each wireless gaming terminal is in communication with a location determination system that determines a location of the wireless gaming terminal, each wireless gaming terminal further having a user interface for interacting with a corresponding user of the wireless gaming terminal to implement a game, wherein the game depends on the determined location." (Id. at col. 34, l. 64 to col. 35, l. 12.)







**RESPONSE:** 888 denies the allegations in Paragraph 162 of the FAC.

**163.**   888 Holdings' social casino games include "determin[ing] a plurality of different locations in a gaming area, each location corresponding to at least one of the plurality of selectable betting parameters, the plurality of locations comprising at least a first location corresponding to the first betting parameter and a second location corresponding to the second betting parameter, in which the first location is different from the second location." (Id. at col. 35, ll. 13-22.)





**RESPONSE:** 888 denies the allegations in Paragraph 163 of the FAC.


164.     888 Holdings' social casino games include, "during the game, determin[ing] a location of at least one wireless gaming terminal corresponding to each of the at least one user in the game, in which the act of determining the location of the at least one wireless gaming terminal comprises determining a location of the first user by determining a location of a first wireless gaming terminal of the first user." (Id. at col. 35, ll. 29-35.)





**RESPONSE:** 888 denies the allegations in Paragraph 164 of the FAC.

165.    888 Holdings' social casino games include "determin[ing] at least one of the plurality of selectable betting parameters associated with the at least one user in the game based on the determined location of the at least one user, in which the act of determining at least one of the plurality of selectable betting parameters comprises determining at least one of the plurality of selectable betting parameters associated with the first user based on the determined location of the first user." (Id. at col. 35, ll. 36-43.)





**RESPONSE:** 888 denies the allegations in Paragraph 165 of the FAC.


166.    888 Holdings' social casino games include "determin[ing] the outcome of the bet based at least in part on the determined at least one betting parameter in accordance with one or more predetermined rules of the game." (Id. at col. 35, ll. 45-48.)



**RESPONSE:** 888 denies the allegations in Paragraph 166 of the FAC.

**167.**     888 Holdings does not have a license or permission to use the '952 patent.

**RESPONSE:** 888 is not aware of any license or permission to use the '952 patent at this time.

**168.**     As a result of 888 Holdings' infringement of the '952 patent, IG LLC has suffered and continues to suffer damages, in an amount not yet determined, of at least a reasonable royalty and/or lost profits.

**RESPONSE:** 888 denies that it infringes any claim of the '952 patent and therefore denies the allegations in Paragraph 168 of the FAC.

### THIRTEENTH CLAIM FOR RELIEF
### (WILLFUL INFRINGEMENT)

**169.**     Plaintiffs incorporate by reference paragraphs 1-168 as if fully set forth herein.

**RESPONSE:** 888 incorporates by reference its responses to Paragraphs 1-168 of the FAC as if fully set forth herein.

**170.**     888 Holdings' infringement of the RE'818, '628, '169, '267, '924, '394, '417, '058, '664, '832, '518, and '952 patents has been and continues to be willful. Indeed, 888 Holdings has been aware of at least the RE'818, '267, '924, '058, and '664 patents since on or about November 12, 2014. (See Ex. A.) 888 Holdings was also made aware of the '628, '169, '394, '417, and '832 patents at least as early as the filing of the original Complaint (ECF. No. 1), and the '518 and '952 patents at least as early as the filing of this Amended Complaint. 888 Holdings' continued use of its infringing products constitutes willful and blatant infringement.

**RESPONSE:** This Count remains as to the '818, '058 and '664 patents only. *See* ECF No. 54. No further response is necessary regarding the dismissed patents.  888 admits that the November 12, 2014 letter identified the RE'818, '058, and '664 patents, and denies any and all remaining or contrary allegations contained in Paragraph 170 of the FAC.

**171.**     For the same reasons set forth above in paragraphs 18, 29, 40, 52, 66, 78, 88, 102, 115, 131, 142, 154, and 167, 888 Holdings has had knowledge of the RE'818, '628, '169, '267, '924, '394, '417, '058, '664, '832, '518, and '952 patents, and that its acts constitute infringement. 888 Holdings has acted and is continuing to act in the face of an objectively high likelihood that its actions constitute infringement of a valid patent or with reckless disregard of that likelihood.

**RESPONSE:**  888 denies the allegations contained in Paragraph 171 of the FAC.

## JURY DEMAND

**172.**   Plaintiffs request a trial by jury on all issues so triable by right.

**RESPONSE:** Plaintiffs' demand for a trial by jury for all issues triable to a jury does not state any allegation, and 888 is not required to respond. To the extent that any allegations are included in the demand, 888 denies these allegations.

## PRAYER FOR RELIEF

**RESPONSE:** 888 denies that Plaintiffs are entitled to any relief whatsoever from 888 or this Court, either as requested in their Prayer for Relief or otherwise. 888 specifically denies committing, or being liable for, any act of infringement.

## GENERAL DENIAL

**173.**   888 denies each and every allegation contained in the Complaint to which 888 has not specifically responded.

## 888's AFFIRMATIVE DEFENSES

888 asserts the following defenses in response to the allegations in Plaintiff's FAC without admitting or acknowledging that 888 bears the burden of proof as to any of them.  In addition to the defenses described below, 888 specifically reserves all rights to allege additional defenses that become known through the course of discovery.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' FAC fails to state any claim against 888 upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

888 does not infringe and has not infringed, directly, indirectly, or jointly, any valid and enforceable claim of the Patents-in-Suit, either literally or under the doctrine of equivalents.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs are barred from raising any claims for induced and/or contributory infringement as those claims were dismissed pursuant to the Court's Order granting in part 888's Motion to Dismiss.  *See* ECF No. 54.

## FOUTH AFFIRMATIVE DEFENSE

The claims of the Patents-in-Suit are invalid for failure to satisfy the conditions for patentability set forth in Part II of Title 35 of the United States Code, including, without limitation, §§ 101, 102, 103, and/or 112.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs are estopped by prosecution history estoppel from asserting one or more of the claims of the Patents-in-Suit in such a way as to allegedly cover 888's activities by reason of statements and claim amendments made by or on behalf of the applicant to the United States Patent and Trademark Office and/or narrowing amendments made during the prosecution of the applications that led to the issuance of the Patents-in-Suit.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, on the basis of divided infringement.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claim for damages, if any, against 888 for alleged infringement of the Patents-in-Suit is limited by 35 U.S.C. §§ 286 and 287.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' request for injunctive relief is barred in whole or in part because there exists an adequate remedy at law and Plaintiffs' claims fail to meet the requirements for such relief.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' are barred by 35 U.S.C. § 288 from recovering costs associated with this action.

## TENTH AFFIRMATIVE DEFENSE

On information and belief, Plaintiffs' do not hold all rights and interest to at least the RE'818 patent, and therefore lack the right to sue for infringement of at least the RE'818 patent.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the equitable doctrines of laches, waiver, and estoppel.

## TWELTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, under the doctrine of unclean hands.

## RESERVATION OF ADDITIONAL DEFENSES

888 reserves all such other defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the patent laws of the United States, and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

## **PRAYER**

WHEREFORE, Defendants request that:

A.  Plaintiffs take nothing in their First Amended Complaint in this action;

B.  The Court enter judgment against Plaintiffs and in favor of 888 and that the First Amended Complaint in this action be dismissed in its entirety, with prejudice;

C.  The Court find that the Patents-in-Suit are not infringed by 888, either literally or under the doctrine of equivalents;

D.  The Court find that the asserted claims of the Patents-in-Suit are invalid;

E.  The Court find that Plaintiffs cannot recover any damages from 888;

F.  The Court find that Plaintiffs are not entitled to any other relief at law or in equity;

G.  That 888 be awarded its costs incurred herein, including attorneys' fees and expenses;

H.  The Court deem this an exceptional case under 35 U.S.C. § 285 and award 888 its costs and reasonable attorneys' fees; and

I.  The Court award 888 any and all other relief to which it may be entitled, or which the Court deems just and proper.

Dated: January 18, 2016                             Respectfully Submitted,

                                                    /s/ *Cayla Witty*

                                                    _____
                                                    Cayla Witty
                                                    Nevada State Bar. No. 12897
                                                    LEWIS BRISBOIS BRISGAARD & SMITH LLP
                                                    6385 South Rainbow Blvd. Suite 600
                                                    Las Vegas, NV 89118
                                                    Telephone: 702-693-4392
                                                    Email:  Cayla.Witty@lewisbrisbois.com

                                                    William M. Gantz (*Admitted pursuant to* LR IA 11-2)
                                                    David R. Metzger  (*Admitted pursuant to* LR IA 11-2)

DENTONS US LLP
233 South Wacker Drive, Suite 5900
Chicago, IL 60606-6361
Telephone; 312-876-8000
Email:  bill.gantz@dentons.com
Email:  david.metzger@dentons.com

Derek A. Auito (*Admitted pursuant to* LR IA 11-2)
DENTONS US LLP
1900 K Street NW
Washington, DC 20006
Telephone:  (202) 496-7500
Facsimile:   (202) 496-7756
Email: derek.auito@dentons.com

*Attorneys for Defendant 888 Holdings PLC*

102296264

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed **DEFENDANT 888 HOLDINGS PLC'S ANSWER TO**

**FIRST AMENDED COMPLAINT** with the Clerk of the Court through the Case

Management/Electronic Filing System:

Molly M. Rezac
Nevada Bar No. 7435
molly.rezac@ogletreedeakins.com
Erica J. Chee
Nevada Bar No. 12238
erica.chee@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
3800 Howard Hughes Parkway, Suite 1500
Las Vegas, NV  89169
Telephone:  (702) 369-6800

FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER LLP
Robert F. Shaffer (Admitted Pro Hac Vice)
robert.shaffer@finnegan.com
James R. Barney (Admitted Pro Hac Vice)
James.barney@finnegan.com
Anthony D. Del Monaco (Admitted Pro Hac Vice)
anthony.delmonaco@finnegan.com
901 New York Avenue, N.W.
Washington, DC  20001-4413
Telephone: (202) 408-4000

Attorneys for Plaintiffs CG Technology Development LLC; Interactive Games Limited and
Interactive Games, LLC

_____
                    */s/ Cayla Witty*
                    An employee of Lewis Brisbois

4848-7797-3824.1