UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CG TECHNOLOGY DEVELOPMENT, LLC et al.,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>FANDUEL, INC.,<br><br>　　　　Defendant. | 2:16-cv-00801-RCJ-VCF<br><br>ORDER |

These seven consolidated cases arise out of the alleged infringement of several patents relating to online sports gambling. Defendants in Case Nos. 2:16-cv-801 (FanDuel, Inc.) and 2:16-cv-781 (DraftKings, Inc.) filed a joint motion to transfer those cases to the District of Delaware (where they are incorporated) for improper venue under 28 U.S.C. § 1406, arguing that the Complaints allege no facts indicating that Movants reside in or have any regular and established places of business in Nevada. *See TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1516–18 (2017) (holding that 28 U.S.C. § 1400(b) governs venue in patent infringement actions, not § 1391). The Court ordered all Defendants in the consolidated cases to either join the motion or waive the issue. Defendant Zynga, Inc. has filed a motion requesting transfer of Case No. 2:16-cv-859 to the San Francisco Division of the Northern District of California. Defendant Big Fish Games, Inc. has filed a motion requesting transfer of Case No. 2:16-cv-857 to the Western District of Washington. Defendant Double Down Interactive, LLC

has filed a notice of waiver. Defendants 888 Holdings PLC, bwin.party (USA), Inc., Bwin.Party Digital Entertainment, PLC, and bwin.party entertainment (NJ), LLC have waived the issue by their silence.

Movants are correct that the allegations in the respective Complaints do not support venue in this District under § 1400(b). Plaintiffs do not appear to disagree but argue that Movants waived the venue defense by failing to include it in their previous motions under Rule 12. With some exceptions not applicable here, a party waives available defenses under Rule 12 by omitting them from a motion thereunder. Fed. R. Civ. P. 12(g)(2). Plaintiffs argue the venue defense was available when Movants filed their previous Rule 12 motions, noting that TC Heartland filed such a motion. *See TC Heartland LLC*, 137 S. Ct. at 1517. Although the Federal Circuit had ruled that a 1988 amendment to § 1391 had abrogated 1957 Supreme Court precedent on patent venue, *see VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1584 (Fed. Cir. 1990), TC Heartland filed its § 1406 motion to preserve the issue for a petition for writ of certiorari to the Supreme Court. Plaintiffs argue that Movants here could have done the same but did not.

The courts of appeals to address the "availability" issue, however, have held that a defense is not "available" where circuit precedent forecloses it simply because the Supreme Court later issues a ruling to the contrary. *See Gucci Am., Inc. v. Weixing Li*, 768 F.3d 122, 135–36 (2nd Cir. 2014); *GenCorp., Inc. v. Olin Corp.*, 477 F.3d 368, 374 (6th Cir. 2007); *Bennett v. City of Holyoke*, 362 F.3d 1, 7 (1st Cir. 2004); *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 814 n.9 (D.C. Cir. 1988) (en banc) (Starr, J.) (citing *Holzsager v. Valley Hosp.*, 646 F.2d 792, 796 (2d Cir. 1981)) ("[A] defense is unavailable if its legal basis did not exist at the time of the answer or pre-answer motion. . . . In those cases, it was for all practical purposes impossible for the defendants to interpose their respective defenses at the time of the answer." (citations

omitted)). A defense is "available" where circuit precedent does not foreclose it at the relevant time, regardless of any later Supreme Court ruling resolving a circuit split. *See Am. Fid. Assur. Co. v. Bank of N.Y. Mellon*, 810 F.3d 1234, 1241 (10th Cir. 2016). Here, Federal Circuit precedent clearly foreclosed the venue defense. It would be inequitable to expect Movants to have objected to venue, especially where the Supreme Court had already denied certiorari on the exact question in *VE Holding* itself. *See Johnson Gas Appliance Co. v. VE Holding Corp.*, 499 U.S. 922 (1991) (denying certiorari); Pet. Writ Cert., No. 90-1186, 1991 WL 11176603, at *1 (Jan. 22, 1991) (asking, "Was it proper for the Court of Appeals for the Federal Circuit to disregard the decisions of the United States Supreme Court in *Fourco Glass Co. v. Transmirra Prods. Corp.*, 353 U.S. 222 (1957) and *Stonite Products Co. v. Melvin Lloyd Co.*, 315 U.S. 561 (1942) and rule that the definition of corporate residence in amended 28 U.S.C. § 1391(c), the general venue statute, applies to 28 U.S.C. § 1400(b), the special patent venue statute?").[1]

The Court respectfully disagrees with a district court that has ruled that a venue defense was available post-*VE Holding* and pre-*TC Heartland* based on the theory that the *TC Heartland*

---

[1] A denial of a petition for a writ of certiorari is not an expression of any opinion on the merits. *United States v. Carver*, 260 U.S. 482, 490 (1923). But for the purposes of the equitable doctrine of waiver, which concerns the reasonableness of a party's inaction, a denial of certiorari may provide relevant implications even if it provides no direct legal authority on the underlying question. The Supreme Court has promulgated rules guiding its decisions whether to grant certiorari. Those rules are of course intended for an external audience of attorneys and judges, or there would be no utility in publishing them. Because there can be no split of authority with another state or federal court as to patent issues over which the Federal Circuit has exclusive appellate jurisdiction, the considerations guiding a decision on certiorari in such cases focus on whether the Federal Circuit has decided an important federal issue that should be but has not yet been decided by the Supreme Court, or whether the Federal Circuit has decided an important question of federal law in a way that conflicts with Supreme Court precedent. *See* Sup. Ct. R. 10(c) (1989). Movants therefore could not have been fairly expected to think the Supreme Court might grant certiorari on the issue after having earlier denied it, because the typical bases for denial implied that even if the Supreme Court believed *VE Holding* was wrong, the issue was not important enough for Supreme Court intervention. The Supreme Court owes no explanation for changing its evaluation of these considerations (or other, unenumerated considerations), but Movants likewise needn't blush for their inability to divine the change.

Court simply reaffirmed *Fourco Glass* such that there was no intervening change in the law. *See Cobalt Boats, LLC v. Sea Ray Boats, Inc.*, --- F. Supp. 3d ----, 2017 WL 2556679, at *3 (E.D. Va. 2017). The Court believes that is an unfair characterization of the effect of *TC Heartland* on the state of the law, at least for the purposes of waiver. The Federal Circuit's *VE Holding* decision required the Supreme Court to engage the question (and only the question) of whether the 1988 amendment to § 1391 had abrogated *Fourco Glass*. *See TC Heartland LLC*, 137 S. Ct. at 1519–21 ("Congress has not amended § 1400(b) since *Fourco*, and neither party asks us to reconsider our holding in that case. Accordingly, the only question we must answer is whether Congress changed the meaning of § 1400(b) when it amended § 1391."). Before *TC Heartland*, the law litigants faced was *VE Holding*. As noted, *supra*, the Courts of Appeals to have decided the issue appear to have uniformly held that under such circumstances a circuit-precluded defense is not "available" for the purposes of waiver.

Even if *TC Heartland* had simply reaffirmed the Court's interpretation of § 1400(b) while ignoring § 1391 and *VE Holding*, a finding that Movants should also have done so would not give fair consideration to the practical realities upon which the equitable concept of waiver is based. The possibility of a grant of certiorari after denial of certiorari on the same question three decades earlier, while lower courts have been routinely applying the relevant precedent in thousands of cases in the meantime, is not totally nonexistent. In the most technical sense of the word, the argument is "available." But so is an argument that the Supreme Court might grant certiorari and reverse itself on an issue it has actually decided; it has done so before. Both reconsideration of certiorari and reconsideration of merits rulings are, strictly speaking, possibilities, so arguments directed to those results are, strictly speaking, available. But in fairness, neither possibility is great enough upon which to base a finding of waiver where circuit precedent forecloses an argument, particularly in cases such as this one where the relevant circuit

is the only one with jurisdiction over the issue, such that even the possibility of a future circuit split does not exist. Last month's *TC Heartland* decision was the first indication that the Supreme Court had developed any misgivings about the Federal Circuit's decades-old, "unsplittable" ruling that the 1988 amendment to § 1391 had abrogated *Fourco Glass*, after refusing to address the question in the very case that created the circuit precedent. In the meantime, patent litigants and every court in the nation had been operating under the presumption that a *Fourco Glass*-based venue defense was unviable.

The Court agrees with the courts of appeals that have decided the waiver issue in procedurally analogous cases, as well as another district court to decide the present issue directly, that under circumstances such as these, "[t]he clairvoyance demanded . . . of [Movants] is inconsistent with the doctrine of waiver." *Holzsager*, 646 F.2d at 796; *accord Westech Aerosol Corp. v. 3M Co.*, No. C17-5067, 2017 WL 2671297, at *2 (W.D. Wash. June 21, 2017) (holding that a § 1400(b)-based venue defense was not available between the denial of certiorari in *VE Holding Corp.* and the issuance of the *TC Heartland* decision) ("Defendants could not have reasonably anticipated this sea change, and so did not waive the defense of improper venue by omitting it from their initial pleading and motions."). Movants here could not reasonably have been expected to raise the venue defense prior to the *TC Heartland* decision, they brought the present motions promptly after *TC Heartland* was decided, and the Court's duty to dismiss or transfer under §§ 1400 and 1406 is clear under *TC Heartland*. The Court therefore grants the motions.

///

///

///

///

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to File Surreply (ECF No. 195) and the Motion to Seal (ECF No. 196) are GRANTED.

IT IS FURTHER ORDERED that the Stipulation to Lift Stay (ECF No. 188) is GRANTED, and the stay in Case No. 2:16-cv-859 is LIFTED.

IT IS FURTHER ORDERED that the Motions to Transfer for Improper Venue (ECF Nos. 168, 179, 180) are GRANTED.

IT IS FURTHER ORDERED that the Clerk shall TRANSFER Case Nos. 2:16-cv-781 and 2:16-cv-801 to the District of Delaware, TRANSFER Case No. 2:16-cv-857 to the Western District of Washington, and TRANSFER Case No. 2:16-cv-859 to the San Francisco Division of the Northern District of California under 28 U.S.C. § 1406.

IT IS FURTHER ORDERED that the Clerk shall TERMNIATE the Motion to Compel (ECF No. 182), the Motion to Strike (ECF No. 185), and the Stipulation (ECF No. 197). The Court expresses no opinion on the merits of those filings.

IT IS FURTHER ORDERED that the remaining cases shall remain consolidated, with Case No. 2:16-cv-856 as the Lead Case and Case Nos. 2:16-cv-858 and 2:16-cv-871 as Member Cases. The present order shall be filed into the dockets of Case Nos. 2:16-cv-801 and 2:16-cv-856. All further filings shall be made only into the docket of Case No. 2:16-cv-856.

IT IS FURTHER ORDERED that the Clerk shall close Case Nos. 2:16-cv-781, 2:16-cv-801, 2:16-cv-857, and 2:16-cv-859.

IT IS SO ORDERED.

Dated this 27th day of July, 2017.

_____
ROBERT C. JONES
United States District Judge