**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

**\*\*\***

CG TECHNOLOGY DEVELOPMENT, LLC, *et al.*,

                    Plaintiffs,

vs.

888 HOLDINGS PLC,

                  Defendant.

2:16-cv-00856-RCJ-VCF

*Consolidated with:*

2:16-cv-00871-RCJ-VCF

**ORDER**
[Defendants' Motions to Compel, ECF No. 79]

This matter involves Plaintiffs CG Technology Development, Interactive Games Limited, and Interactive Games LLC patent infringement action against Defendants 888 Holdings; Bwin.Party Digital Entertainment, Bwin.Party (USA), and Bwin.Party Entertainment (NJ). Before the court are Defendants' motion to compel (ECF No. 79), Plaintiffs' response (ECF No. 69), and Defendants' reply (ECF No. 85). For the reasons stated below, Defendants' motion to compel is granted. Both parties' requests for sanctions are denied.

## I. Background

In 2014, Andrew Ramer, Managing Director of Cantor Fitzgerald, L.P.'s Intellectual Property Division, sent letters to several corporations, including 888 Holdings, asserting that the corporations were infringing on patents held by "Cantor Fitzgerald, L.P. and its affiliates." (ECF No. 79, Ex. 5). Plaintiffs are wholly owned subsidiaries of CG Technology, L.P., Cantor Index Limited, and CFPH, LLC. (*Id.*, Ex. 9 at 2). "CG Technology Development, LLC; Interactive Games Limited; CFPH, LLC; and Interactive Games LLC have their patents centrally managed, prosecuted, and commercialized [i.e., monetized] by primarily the same team of intellectual property professionals at Cantor Fitzgerald, L.P.'" (*Id.*, Ex. 5 at 2).

Cantor Fitzgerald, L.P.'s letters subsequently developed into the cases now before the Court. During discovery, Defendants served Plaintiffs with joint document requests. (ECF No. 79, Ex. 1). The parties engaged in several discussions and meetings regarding alleged deficiencies in Plaintiffs' disclosures. (*Id.*, Ex. 3-4). Of particular importance were documents Plaintiffs failed to produce because Plaintiffs asserted the documents were held by third parties, specifically CG Technology, LP. (*Id.*).

On July 25, 2017, Defendants filed a motion to compel discovery. (ECF No. 79). Defendants seek an order compelling Plaintiffs to provide specific documents in response to multiple requests for production of documents: (1) documents reflecting Plaintiffs' corporate structure, ownership, formation, structure and documents reflecting relationships between the various entities; (2) documents from the previous litigation concerning Plaintiffs' ownership of the 818 patent; (3) documents reflecting efforts to practice Plaintiffs' asserted patents; and (4) documents reflecting patent valuation. (*Id.* at 2).

Defendants argue documents held by the Cantor Affiliates, and specifically CG Technology, LP., are within the control of Plaintiffs as demonstrated by Plaintiffs' conduct during this case. (ECF No. 79 at 4-5). Plaintiffs have previously disclosed documents from the Cantor Affiliates. (*Id.*, Ex. 5-7). In response to a prior motion to sever, Plaintiffs asserted they "are all affiliates of Cantor," (2:16-cv-000801-RCJ-VCF, ECF No. 55 at 2), "share the same Managing Director of Intellectual Property," and "are all part of a commonly administered and managed patent portfolio" (*Id.* at 4)." Plaintiffs further asserted "since all of the patents are jointly administered and managed, requests for access to inventors, prosecution history, document production, and other requests for discovery related to each asserted patent will route to and from the same channels." (*Id.* at 8). In response to Defendants' motion to compel, Plaintiffs argue they cannot produce documents held by other Cantor entities because the entities are separate and Plaintiffs do not have control over the documents. (ECF No. 69 at 11-13).

During discovery, Defendants also served a request for admission regarding patent priority dates that Plaintiffs denied, citing a need for expert discovery, third-party testimony, and other evidence not yet obtained in the case. (ECF No. 79, Ex. 2). In their motion to compel, Defendants ask the Court to order that Plaintiffs admit the priority date of the patents. (ECF No. 79 at 11). Defendants assert that Plaintiffs' objection to admitting the priority date did not fulfill the rules of procedure regarding making a reasonable inquiry into the subject before denying the admission. (*Id.*). Plaintiffs assert that, in light of Defendants' invalidity contentions served in March 2017, "Plaintiffs had to consider whether and to what extent third-party discovery from inventors may be required to antedate the priority dates in view of the asserted prior art." (ECF No. 69 at 13-14).

## II. Motion to Compel Regarding Requests for Production

"Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." FED. R. CIV. P. 26(b)(1).

"A party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). "The motion may be made if: … (iii) a party fails to answer an interrogatory submitted under Rule 33; or (iv) a party fails to produce documents … as requested under Rule 34." FED. R. CIV. P. 37(a)(3)(B)(ii),(iv). Defendants' request for production presents one issue: whether Plaintiffs must produce documents held by other Cantor affiliates.

A party may serve a request for production in a responding party's "control." Fed. R. Civ. P. 34(a)(1). "'Control' need not be actual control; courts construe it broadly as 'the legal right to obtain

3

documents upon demand.'" *F.T.C. v. Johnson*, No. 2:10-CV-02203-MMD, 2013 WL 5408272, at \*3 (D.

Nev. Sept. 25, 2013) (quoting *United States v. Int'l Union of Petroleum & Indus. Workers, AFL-CIO*, 870

F.2d 1450, 1452 (9th Cir. 1989). "Control must be firmly placed in reality." *Int'l Union of Petroleum &*

*Indus. Workers, AFL-CIO*, 870 F.2d at 1453. If a party in a case can get access to the documents held by

a third-party by "request[ing] it" and the third-party not had an issue with producing documents in the

past, the documents are in control of the party in the case. *JS Prod., Inc. v. Kabo Tool Co.*, No. 2:11-CV-

01856-RCJ, 2013 WL 3364450, at \*2 (D. Nev. July 3, 2013).

In this case, to the extent the documents sought in Defendants' request for production are held by

the Cantor affiliates, the documents are within Plaintiffs' control.[1] Plaintiffs have demonstrated several

times that they are entitled to obtain documents from the Cantor affiliates without objection because they

"are all affiliates of Cantor." (2:16-cv-000801-RCJ-VCF, ECF No. 55 at 2). Plaintiffs have previously

disclosed documents from the Cantor Affiliates in this case, and have expressly acknowledged that

"requests for discovery related to each asserted patent will route to and from the same channels." (*Id.* at

8). Because Plaintiffs have demonstrated control over documents held by the Cantor affiliates in this case,

Defendants' motion to compel with regard to its requests for production is granted. Plaintiffs will be

required to produce all documents held by the Cantor affiliates (1) reflecting Plaintiffs' corporate structure,

ownership, formation, structure and documents reflecting relationships between the various entities; (2)

from the previous litigation concerning Plaintiffs' ownership of the 818 patent; (3) reflecting efforts to

---

[1] Though the motion to compel mainly discusses Plaintiffs' relation to CG Technology, L.P., Defendants have also established a close relationship between CG Technology, L.P. and the rest of the Cantor affiliates. When a previous Defendant in the case attempted to serve third-party subpoenas on other Cantor affiliates, counsel for Cantor Fitzgerald filed a response by CG Technology, L.P. and objected to the subpoena on behalf of the other Cantor entities due to "the duplicative nature of the requests to the other Cantor entities, [because] CG Technology, L.P. is the entity in the best position to have documents responsive to the subpoena." (ECF No. 79, Ex. 14).

4

practice Plaintiffs' asserted patents; and (4) reflecting patent valuation as enumerated in Defendants' requests for production.

### III. Motion to Compel Regarding Requests for Admission

"A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1)." Fed. R. Civ. P. 36(a)(1). "If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny." Fed. R. Civ. P. 36(a)(4). "The requesting party may move to determine the sufficiency of an answer or objection." Fed. R. Civ. P. 36(a)(6). A party must supplement its response to a request for admission "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1).

In this case, Defendants' requests for admission related to the priority date for Plaintiffs' patents. "[T]the determination of priority of invention requires the resolution of the respective dates of two factual components: (1) the date of 'conception'-the mental act of realization by the inventor of complete and operative means to produce a result; and (2) the date of 'reduction to practice'-the physical act of producing the desired results by the means conceived by the inventor." *Boyce v. Anderson*, 451 F.2d 818, 820 (9th Cir. 1971). "The filing of a patent application is 'constructive reduction to practice.'" *Id.* (quoting *Hann v. Venetian Blind Corp.*, 111 F.2d 455, 458 (9th Cir. 1940)).

Assuming, *arguendo*, that Plaintiffs were correct in initially denying Defendants' request for admission based on a lack of discovery, Plaintiffs have failed to demonstrate to the Court why they have been unable to supplement their responses at this point in the case. Notably, in their opposition to Defendants' motion to compel, Plaintiffs fail to identify any discovery they intend to pursue to assist in

answering Defendants requests. Plaintiffs merely assert that, at the time they received Defendants' request they "had to consider whether and to what extent third-party discovery from inventors may be required" and "there *may* be several more subpoenas issued throughout discovery that could lead to testimony and evidence related to conception and reduction to practice." (ECF No. 69 at 14 (emphasis added)). Because Plaintiffs merely speculate that there could be further relevant discovery regarding their patents' priority dates without giving the Court any concrete information, the Court finds Plaintiffs' responses to Defendants' requests for admission are deficient. Therefore, Defendants' motion to compel with regard to its requests for admission is granted. Plaintiffs will be required to supplement their responses to Defendants' requests for admission.

ACCORDINGLY, and for good cause shown,

IT IS HEREBY ORDERED that Defendants' motion to compel (ECF No. 79) is GRANTED.

IT IS FURTHER ORDERED that, on or before September 15, 2017, Plaintiffs must serve on Defendants all documents held by the Cantor affiliates (1) reflecting Plaintiffs' corporate structure, ownership, formation, structure and documents reflecting relationships between the various entities; (2) from the previous litigation concerning Plaintiffs' ownership of the 818 patent; (3) reflecting efforts to practice Plaintiffs' asserted patents; and (4) reflecting patent valuation as enumerated in Defendants' requests for production.

IT IS FURTHER ORDERED that, on or before September 15, 2017, Plaintiffs must serve on Defendants supplemental responses to Defendants' requests for admission No. 1 through No. 4.

///

///

///

IT IS FURTHER ORDERED that both parties' request for sanctions are denied.

IT IS SO ORDERED.

DATED this 6th day of September, 2017.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE