**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| CG TECHNOLOGY DEVELOPMENT, LLC, *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>888 HOLDINGS PLC,<br><br>Defendant. | 2:16-cv-00856-RCJ-VCF<br><br>*Consolidated with:*<br><br>2:16-cv-00871-RCJ-VCF<br><br>**ORDER**<br>[Defendants' Motions to Strike, ECF Nos. 73, 75]<br>[Defendants' Motion for Extension of Time, ECF No. 92] |

Before the Court is Defendants 888 Holdings; Bwin.Party Digital Entertainment, Bwin.Party (USA), and Bwin.Party Entertainment (NJ)'s motions to strike Plaintiffs CG Technology Development, Interactive Games Limited, and Interactive Games LLC's amended infringement contentions (ECF Nos. 73, 75), Plaintiffs' response (ECF No. 76), and Defendants' reply (ECF No. 77). Before the Court is also Defendants' second motion for extension of time (ECF No. 92), Plaintiffs' response (ECF No. 98), and Defendants' reply (ECF No. 100). For the reasons stated below, Defendants' motions to strike and motion for extension of time are granted.

## I. BACKGROUND

This case arises from Plaintiffs' allegations that Defendants have infringed on Plaintiffs' patents used in gaming. Plaintiffs filed their initial disclosure of asserted claims and infringement contentions on January 5, 2017. (ECF No. 73 at 2). Defendants subsequently filed their initial disclosure of non-infringement, invalidity, and unenforceability contentions. (ECF No. 76 at 1). In response to Defendants' contentions, Plaintiffs filed an amended set of contentions. (*Id.*). In a letter to Defendants, Plaintiffs

stated, "Based on Defendants' noninfringement contentions, it became clear that Defendants' misinterpreted Plaintiffs' theories…. Plaintiffs responded by clarifying and amplifying their positions, as to avoid further confusion, particularly as these cases enter the scheduled claim construction proceedings." (ECF No. 73, Ex. 1 at 2).

The briefings in this case highlight several changes made in Plaintiffs' amended contentions. Plaintiffs added claims 26, 30, and 33 regarding the 818 patent. (ECF No. 73 at 1). These claims are similar to Plaintiffs' original claims, merely changing certain terms such as "portable communication device" to "controller" and "allowing play" to "either allowing participation in the game…or adjusting the game." (*Id.* at 5). Plaintiffs also added claims 1 and 6-9 regarding the 058 patent. (ECF No. 75 at 2). These claims are similar to original claims, changing "computer system" to "method" and adding details about the display screen. (*Id.* at 3). In addition, Plaintiffs changed terms used in its original claims regarding the 818 and 952 patents, such as changing "control switch" to "multiple capacitor sensors" and changing the definition of "selectable betting parameter." (*Id.* at 6).[1]

Defendants filed two motions to strike the amended contentions on June 30, 2017. (ECF No. 73, 75). Defendants argue Plaintiffs lack good cause to amend their contentions because the claims should have been asserted in Plaintiffs' original contentions. (ECF No. 73 at 5, ECF No. 75 at 4). Defendants assert Plaintiffs are impermissibly setting a moving target for Defendants to chase. (ECF No. 75 at 6-7). In response, Plaintiffs argue amending their contentions was a procedurally proper way to respond to Defendants' misapprehension of Plaintiffs' claims. (ECF No. 76 at 4-5).

While the motions to strike were pending, the parties exchanged their proposed terms for construction on August 10, 2017. (ECF No. 91 at 2-3). Defendants proposed terms included several terms added to, removed from, or altered in Plaintiffs' amended contentions, such as "portable communication device," "control switches," "allowing play," and "selectable betting parameter." (*Id.*, Ex. 2 at 1-4).

---

[1] The amendments also added screen shots and citations to Defendants' contentions to support Plaintiff's claims. (ECF 73, Ex. A at 2). Defendants do not appear to object to these amendments.

Plaintiffs, however, asserted that "Plaintiffs do not believe that any terms of [the patents] requires construction by the Court at this time." (*Id.*, Ex. 1 at 1).

The parties were originally scheduled to exchange their preliminary claim constructions on September 8, 2017. (ECF No. 91 at 2). Defendants filed a motion to extend this deadline on August 28, 2107. (*Id.* at 1). Plaintiffs argue addition time is needed to define the terms and prepare evidence in support of the proposed definitions. (*Id.* at 3-4). In response, Plaintiffs argue the current discovery schedule is adequate to meet the parties' discovery needs. (ECF No. 98 at 2-3).

## II. DISCUSSION

In support of their request for an extension of time to define terms in this case, Defendants argue that the new or altered claims at issue in their motions to strike present a moving target until the motions to strike are resolved. (ECF No. 91 at 2, 7). As these motions are related, the Court will begin by resolving Defendants' motions to strike Plaintiffs' amended contentions.

### A. Motion to Strike

Defendants argue there was no good cause for Plaintiffs to amend their contentions because (1) the amended claims are similar to the original claims, (2) the amended claims are based on the same evidence as the original claims, and (3) Defendants will be prejudiced by the amendments. (ECF No. 73 at 4-7; ECF No. 75 at 2-8). Plaintiffs argue there was good cause for the amendment because (1) the rules of procedure allow amendments as a form of responding to Defendants' contentions, (2) the amendments were necessary to correct Defendants' misapprehension of Plaintiffs' claims and add in information provided in Defendants' contentions, and (3) Defendants will not be prejudiced by the amendments. (ECF No. 76 at 2-10). Plaintiffs assert they did not change their theory in the case but merely clarified their position. (*Id.* at 10-12). For example, "Plaintiffs were forced to clarify through their supplemental contentions that a touch screen is a 'control switch' based on its functionality." (*Id.* at 11).

The Court does not agree that amending initial contentions should be allowed as a response to initial noninfringement, invalidity, and unenforceability contentions under LPR 1-10. The process of

serving a response and amending initial contentions are controlled by separate rules. Plaintiffs' arguments regarding its duty to respond to Defendants' contentions are irrelevant to the issue before the Court.

Though parties can amend their initial contentions without the Court's leave prior to the close of discovery, the parties still must demonstrate good cause. LPR 1-12. "Because the Local Patent Rules do not require a party to obtain leave of court to file amended Non–Infringement, Invalidity, and Unenforceability Contentions prior to the close of discovery, the proper procedure to challenge such amended contentions is through a motion to strike." *Bravo Co. USA, Inc. v. Badger Ordnance LLC*, No. 2:14-cv-00387-RCJ-GWF, 2016 WL 6518436, at *2 (D. Nev. Nov. 2, 2016). "In contrast to the liberal policy for amending pleadings under Rule 15, 'the philosophy behind amending claim charts [under the Local Patent Rules] is decidedly conservative and designed to prevent the "shifting sands" approach to claim construction.'" *Silver State Intellectual Techs., Inc. v. Garmin Int'l, Inc.*, 32 F. Supp. 3d 1155, 1161–62 (D. Nev. 2014) (quoting *Genentech, Inc. v. Amgen, Inc.,* 289 F.3d 761, 774 (Fed.Cir.2002)). LPR 1-12 gives three non-exhaustive examples of circumstances that may demonstrate good cause: "(a) a claim construction by the court different from that proposed by the party seeking amendment; (b) recent discovery of material prior art despite earlier diligent search; and (c) recent discovery of nonpublic information about the Accused Instrumentality despite earlier diligent search."

Plaintiffs have failed to show good cause to amend their initial contentions in this case. The amendments attempted to resolve disagreements regarding terms between the parties. The clearest example of this is provided in Plaintiffs' opposition to Defendants' motion to strike, where Plaintiffs assert they were "forced to clarify through their supplemental contentions that a touch screen is a 'control switch' based on its functionality." (ECF No. 76 at 11). However, this is not the proper method to attempt to resolve a disagreement in terms. LPRs 1-13 through 1-18 provide the proper procedure: the parties exchange proposed terms for constructions, attempt to agree on the definitions of these terms, and submit the contested terms and definitions to the Court for resolution. Should the Court rule against a party's proposed definitions, LR 1-12 gives this as one of the explicit examples that could potentially provide a

basis to amend the party's contentions. Plaintiffs have attempted to circumvent this procedure by prematurely amending their contentions. Should Plaintiffs believe, for example, that a "control switch" can be defined to extend to touch screens, this is an argument that should be presented during the exchange of terms. Plaintiffs inconsistently assert that they "do not believe that any terms of [the patents] requires construction by the Court at this time" (ECF No. 91, Ex. 1 at 1), including "control switches."

Mere disagreement in terms does not constitute good cause to amend initial contentions. In addition, despite Plaintiffs' assertion that their amendments added in newly discovered information from Defendants' contentions, this new information did not form the basis for the new claims or change in terms. The new information simply clarified Plaintiffs' original claims. Because Plaintiffs failed to demonstrate good cause to amend their contentions, the Court need not go into the issue of prejudice. Therefore, defendants' motions to strike are granted.

**B. Motion for Extension of Time**

A claim construction schedule can be amended when circumstances warrant. LPR 1-17. In addition, the Court may modify the deadlines established under the local rules based on the circumstances of the particular case. LPR 1-3. Because this Court has ruled to strike Plaintiffs' amended contentions, thus clarifying the terms at issue in the case, the parties will need additional time for the construction of terms process. In addition, despite Plaintiffs' arguments that the current discovery scheduled is sufficient, it is necessary to adjust the discovery schedule due to the term construction extension and other complexities in this case, such as potentially coordinating discovery with multiple cases across different jurisdictions.

Accordingly,

IT IS HEREBY ORDERED that the Defendants' motions to strike Plaintiffs' Amended Infringement Contentions (ECF Nos. 73, 75) are GRANTED. The case shall proceed under Plaintiffs' original contentions.

1     IT IS FURTHER ORDERED that Defendants' Motion for Extension of Time (ECF No. 92) is GRANTED. The Court will issue the adjusted deadlines at the September 7, 2017 hearing.

    IT IS SO ORDERED.

    DATED this 6th day of September, 2017.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE