Molly M. Rezac
Nevada Bar No. 7435
molly.rezac@ogletreedeakins.com
Erica J. Chee
Nevada Bar No. 12238
erica.chee@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
3800 Howard Hughes Parkway, Suite 1500
Las Vegas, NV 89169
Telephone: 702.369-6800
Fax: 702.369.6888

Robert F. Shaffer (*pro hac vice*)
robert.shaffer@finnegan.com
James R. Barney (*pro hac vice*)
james.barney@finnegan.com
Anthony D. Del Monaco (*pro hac vice*)
anthony.delmonaco@finnegan.com
Scott A. Allen (*pro hac vice*)
scott.allen@finnegan.com
FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP
901 New York Avenue, NW
Washington, DC 20001-4413
Telephone: 202.408.4000
Fax: 202.408.4400

*Attorneys for Plaintiffs CG Technology Development, LLC;
Interactive Games Limited; and Interactive Games LLC*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| CG TECHNOLOGY DEVELOPMENT, LLC, INTERACTIVE GAMES LIMITED, and INTERACTIVE GAMES LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>DRAFTKINGS, INC.,<br><br>Defendant. | Case No.: 2:16-cv-00781-RCJ-VCF<br><br>**RULE 26(F) REPORT AND DISCOVERY PLAN AND PROPOSED SCHEDULING ORDER FOR RELATED CASES** |

| | |
|---|---|
| CG TECHNOLOGY DEVELOPMENT, LLC, INTERACTIVE GAMES LIMITED, and INTERACTIVE GAMES LLC, <br><br> Plaintiffs, <br><br> vs. <br><br> FANDUEL, INC., <br><br> Defendant. | Case No.: 2:16-cv-00801-RCJ-VCF |
| CG TECHNOLOGY DEVELOPMENT, LLC, INTERACTIVE GAMES LIMITED, and INTERACTIVE GAMES LLC, <br><br> Plaintiffs, <br><br> vs. <br><br> 888 HOLDINGS, PLC, <br><br> Defendant. | Case No.: 2:16-cv-00856-RCJ-VCF |
| CG TECHNOLOGY DEVELOPMENT, LLC, INTERACTIVE GAMES LIMITED, and INTERACTIVE GAMES LLC, <br><br> Plaintiffs, <br><br> vs. <br><br> BIG FISH GAMES, INC., <br><br> Defendant. | Case No.: 2:16-cv-00857-RCJ-VCF |
| CG TECHNOLOGY DEVELOPMENT, LLC, INTERACTIVE GAMES LIMITED, and INTERACTIVE GAMES LLC, <br><br> Plaintiffs, <br><br> vs. <br><br> DOUBLE DOWN INTERACTIVE, LLC, <br><br> Defendant. | Case No.: 2:16-cv-00858-RCJ-VCF |

2

| | |
|---|---|
| CG TECHNOLOGY DEVELOPMENT, LLC, INTERACTIVE GAMES LIMITED, and INTERACTIVE GAMES LLC, | Case No.: 2:16-cv-00859-RCJ-VCF |
| Plaintiffs, | |
| vs. | |
| ZYNGA INC., | |
| Defendant. | |
| CG TECHNOLOGY DEVELOPMENT, LLC, INTERACTIVE GAMES LIMITED, and INTERACTIVE GAMES LLC, | Case No.: 2:16-cv-00871-RCJ-VCF |
| Plaintiffs, | |
| vs. | |
| BWIN.PARTY DIGITAL ENTERTAINMENT, PLC, BWIN.PARTY (USA), INC.; and BWIN.PARTY ENTERTAINMENT (NJ), LLC, | |
| Defendants. | |

## 1. BACKGROUND

Each of the above-captioned cases is an action for patent infringement. The actions involve at least one overlapping asserted patent. To promote efficiency, the parties conducted a teleconference on November 21, 2016 to discuss the issues addressed in this Report. The parties also conducted a meet and confer during the Pretrial Conference held on December 2, 2016. Below is a list of counsel who participated on behalf of each party during the November 21, 2016, teleconference:

- Plaintiffs[1]:  Anthony Del Monaco, Scott Allen

---

[1] Here and throughout this document all three Plaintiff parties are considered to be a single "Plaintiff" party.

3

- DraftKings, Inc.:  Jonathan Berschadsky
- FanDuel, Inc.:  Carrie Bader
- 888 Holdings, PLC:  Bill Gantz, Cayla Witty
- Big Fish Games, Inc.:  David Ball, Patrick Connolly
- Double Down Interactive, LLC:  Justin Wilcox, Brian Matty, Cayla Witty
- Zynga Inc.:  Timothy Saulsbury
- Bwin Defendant[2]:  Evan Rothstein, Adam Yowell

**2.  INITIAL CONFERENCE**

The parties reached agreement on proposed limitations on discovery for this case during the meet and confer at the December 2, 2016 Pretrial Conference.

**3.  SUBJECTS ON WHICH DISCOVERY MAY BE NEEDED**

Discovery may be needed on all matters within the scope of Rule 26 of the Federal Rules of Civil Procedure, including, but not limited to, (1) the alleged infringement, validity, and enforceability of the asserted patents, (2) the design and operation of the accused products, (3) the financial, marketing, and sales data of the accused products, (4) the alleged conception and reduction to practice of the claimed inventions, (5) the prosecution of the asserted patents, (6) prior art to the asserted patents, (7) the state of the art at the time of the inventions claimed in the asserted patents, (8) licensing of the asserted patents, (9) Plaintiff's pre-suit investigation of Defendants' alleged infringement, (10) any embodying systems of Plaintiff or their licensees, (11) marking of any embodying products by Plaintiff and their licensees, (12) Plaintiff's standing to bring suit on the asserted patents, and (13) the relationship of Plaintiff to one another.[3]

**4.  PROTECTIVE ORDER**

Pursuant to Local Patent Rule 1-4, the parties will serve a proposed Stipulated Protective Order as follows:

---

[2] The three Bwin Defendants are collectively referred to as Bwin "Defendant."

[3] To the extent such discovery is not privileged or protected by some other doctrine.

4

| Event | Deadline |
|---|---|
| Submit Joint Stipulated Protective Order. | December 20, 2016. |

## 5. INITIAL DISCLOSURES

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(C) and Local Rule 26-1, the parties will serve initial disclosures (or amended initial disclosures, as needed) as follows:

| Event | Deadline |
|---|---|
| Parties serve initial disclosures and amended initial disclosures, as needed. | December 20, 2016. |

## 6. PHASED DISCOVERY CUT-OFF DATES

The parties propose a phased discovery plan that allows these seven related cases to progress in a timely and logical manner.

| Event | Deadline |
|---|---|
| Fact discovery cut-off. | 120 days after entry of the Court's Claim Construction Order, but not later than November 15, 2017, unless extended by the Court. |
| Expert discovery cut-off. | 60 days after service of rebuttal expert reports. |

Pursuant to Local Patent Rule 1-23, the parties agree that any extension of the discovery deadlines will not be allowed without a showing of good cause for the extension. All motions or stipulations to extend discovery must be received by the Court at least 21 days before the expiration of the subject deadline. A request made after this date will not be granted unless the movant demonstrates that the failure to act was the result of excusable neglect. The motion or stipulation must include:

(a) A statement specifying the discovery completed by the parties as of the date of the motion or stipulation;

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

(b)     A specific description of the discovery that remains to be completed;

(c)     The reasons why the remaining discovery was not completed within the time limit of the existing discovery deadline; and

(d)     A proposed schedule for the completion of all remaining discovery.

**7.     ISSUES REGARDING ELECTRONICALLY STORED INFORMATION**

Pursuant to Federal Rule of Civil Procedure 26(f)(3)(C), the parties' Agreement Regarding the Electronic Production of Documents, which addresses the preservation and production of electronically stored information, is attached as **Exhibit A**.

Pursuant to Local Rule 26-1(b)(9), the parties intend to present evidence in electronic format to jurors for purposes of jury deliberations.

**8.     CHANGES TO LIMITATIONS ON DISCOVERY**

Party and judicial resources can be saved by the following: (1) the parties will coordinate depositions such that depositions of a single deponent are scheduled in one location during one period of time (such as by noticing 30(b)(1) and 30(b)(6) depositions together and having the Defendants coordinate depositions of Plaintiff's witnesses and inventors of the asserted patents in these cases); (2) Defendants may collectively serve no more than thirty (30) common interrogatories on the Plaintiff; (3) each Defendant may serve no more than ten (10) individual interrogatories on the Plaintiff; (4) the number of requests for admission to forty (40) per case, exclusive of requests directed solely to authentication, foundation, and/or admissibility of documents or other evidence, which are unlimited in number; and (5) limiting discovery requests by agreeing not to capture and disclose email communications, unless extenuating circumstances present themselves as discussed in more detail below. Unless otherwise stated herein, the default discovery limits of the Federal Rules of Civil Procedure shall apply. The parties will work on a separate electronic discovery agreement that contains the necessary details for searching of electronic documents and agree that one universal set of search terms will be applied to Plaintiff's electronic documents.

Plaintiff shall have up to fifty (50) hours deposition testimony of fact witnesses, including Fed. R. Civ. P. 30(b)(6) depositions, but not including third-party witnesses, per Defendant.

6

1  Defendants shall coordinate their depositions and shall collectively be allowed to have up to eighty
2  (80) hours of deposition testimony of fact witnesses, including Plaintiff's employed inventors and
3  Fed. R. Civ. P. 30(b)(6) depositions, but not including third-party witnesses.  Each Defendant shall
4  have an additional eleven (11) hours of deposition testimony for their own use.  Those eleven (11)
5  hours are separate and in addition to the foregoing eighty (80) cumulative hours.  For clarity, if a
6  witness is duly noticed as both a Fed. R. Civ. P. 30(b)(6) witness and a Fed. R. Civ. P. 30(b)(1)
7  witness, that deposition shall count as both a Fed. R. Civ. P. 30(b)(6) deposition and a Fed. R. Civ.
8  P. 30(b)(1) deposition, and any such depositions will be conducted concurrently and/or
9  consecutively, unless the parties otherwise agree in writing.  The parties agree to negotiate, in good
10 faith, the amount of deposition time for each expert.  Unless the parties agree otherwise, the parties
11 will abide by Fed. R. Civ. P. 30(d)(1) regarding the duration of a deposition as limited to seven (7)
12 hours.  Additional deposition discovery shall only be available by agreement of all parties to which
13 the discovery relates or motion to the Court for good cause shown.  Good cause does not include
14 the failure to exercise reasonable efficiency in conducting depositions.

15 The parties agree that (1) email and other electronic messaging discovery is overly
16 burdensome and not proportional to the needs of the cases, (2) the structure, function, and
17 operation of the accused products are best determined by reference to the accused product itself
18 and its underlying code, and (3) email will be of little to no value.  Thus, the parties agree that no
19 email and/or other electronic messaging production discovery is necessary.  Email attachments
20 maintained separately as independent documents or files may not be withheld from discovery on
21 the basis of having been transmitted or obtained by email.  The parties agree that, in the event
22 email is sought, it must be for good cause only, and the request for email shall be as specific and
23 narrow as possible.  The parties further agree that the party seeking discovery of such electronic
24 mail shall be required to bear the reasonable fees and cost of the search for, collection, review and
25 production of such materials.  The parties shall meet and confer as to good cause on this issue.
26 . . .
27 . . .
28 . . .

7

9.     **AMENDMENTS TO THE PLEADINGS**

Pursuant to Local Rule 26-1(b)(2), the parties propose that the date for filing motions to amend the pleadings or to add parties shall be 30 days after the entry of the Court's Claim Construction Order, but no later than November 15, 2017.

10.    **CONTENTIONS**

The parties propose the following dates for the exchange of initial contentions called for by Local Patent Rules 1-6 through 1-10.  These procedures ensure that Defendants file consolidated invalidity contentions and ensure that the cases progress logically, but without undue delay.

| Event | Deadline |
|---|---|
| Plaintiff to serve disclosure of asserted claims and infringement contentions (or amended infringement contentions) and accompanying documents, as needed, pursuant to Local Patent Rule 1-6 and 1-7. | 14 days after the entry of a Scheduling Order by the Court. |
| Defendants to serve noninfringement and consolidated invalidity contentions and accompanying documents, pursuant to Local Patent Rule 1-8 and 1-9. | 75 days later. |
| Plaintiff to serve responses to Defendants' noninfringement and consolidated invalidity contentions, pursuant to Local Patent Rule 1-10 | 75 days later. |

11.    **LIMITATION OF ASSERTED CLAIMS AND PRIOR ART REFERENCES**

Not later than sixty (60) days after an accused infringer produces documents sufficient to show the operation of the accused instrumentalities, Plaintiff shall serve a Preliminary Election of Asserted Claims, which shall assert no more than ten claims from each patent and not more than a total of forty (40) claims.  Similarly, sixty (60) days after Plaintiff serves their Preliminary Election of Asserted Claims, Defendants will jointly serve their own Joint Preliminary Election of Prior Art, which shall assert no more than ten (10) pieces of § 102 prior art and no more than fifteen (15) pieces of § 103 prior art (inclusive of the § 102 prior art) per asserted patent.

8

Not later than sixty (60) days after the Court issues its Claim Construction Order, Plaintiff shall serve a Final Election of Asserted Claims, which shall identify no more than five (5) asserted claims per patent from among the ten (10) previously identified claims and no more than a total of twenty (20) claims. Similarly, thirty (30) days after Plaintiff serves their Final Election of Asserted Claims, Defendants will jointly serve their own Joint Final Election of Prior Art, which shall assert no more than five (5) pieces of § 102 prior art and no more than ten (10) pieces of § 103 prior art (inclusive of the § 102 prior art) per asserted patent. A party may exceed the limitations pursuant to the foregoing paragraphs upon a showing of good cause, such as if Plaintiff asserts different claims against different Defendants for a particular patent. The parties agree to meet in good faith to discuss and try to resolve any request to exceed the foregoing limitations before involving the Court.

## 12. <u>CLAIM CONSTRUCTION</u>

The parties propose the following dates for exchange of claim construction materials called for by Local Patent Rules 1-11 through 1-16. Defendants have agreed to adopt a joint claim construction position and file a joint brief. The parties agree to meet and confer in good faith to discuss page limits of the claim construction briefs.

| Event | Deadline |
|---|---|
| Exchange proposed terms for construction, pursuant to Local Patent Rule 1-13. | 28 days after the date for Plaintiffs to serve responses to Defendants' noninfringement and consolidated invalidity contentions, pursuant to Local Patent Rule 1-10. |
| Exchange preliminary claim constructions and supporting extrinsic evidence, pursuant to Local Patent Rule 1-14. | 28 days later. |
| Exchange joint claim construction and prehearing brief, pursuant to Local Patent Rule 1-15. | 28 days later. |

| | |
|---|---|
| Opening claim construction brief from Plaintiffs, pursuant to Local Patent Rule 1-16. | 21 days later. |
| Responsive joint claim construction brief from Defendants, pursuant to Local Patent Rule 1-16. | 60 days later. |
| Reply claim construction brief from Plaintiff, pursuant to Local Patent Rule 1-16. | 28 days later. |
| Claim construction hearing. | At the discretion of the Court. |

## 13. EXPERT DISCLOSURES

The parties propose the following dates for the exchange of expert disclosures, pursuant to Local Rule 26-1(b)(3).

| Event | Deadline |
|---|---|
| Opening expert reports on issues for which the serving party has the burden of proof. | 120 days after Claim Construction Order issues. |
| Rebuttal expert reports. | 60 days after service of opening expert reports. |
| Expert discovery cut-off. | 60 days after service of rebuttal expert reports. |

## 14. DISPOSITIVE MOTIONS AND PROPOSED PRETRIAL ORDER

Pursuant to Local Rules 26-1(b)(4)–(5) and Local Patent Rule 1-23, the parties propose that dispositive motions must be filed as follows. These dates ensure that the cases progress without undue delay and correspond with the phrased approach to the fact and expert discovery timeframes set forth above.

| Event | Deadline |
|---|---|
| File dispositive motions. | 60 days after the close of expert discovery. |

Pursuant to Local Patent Rule 1-23, the parties also agree that, if no dispositive motions will be filed within the time specified in this order, then the parties must file a written, joint proposed pretrial order within 30 days of the dispositive motion cutoff.  If dispositive motions are filed, then the parties for each case must file a written, joint proposed pretrial order within 30 days of the date the Court enters a ruling on the dispositive motions.

### 15. ALTERNATIVE DISPUTE RESOLUTION AND SETTLEMENT CONFERENCES

Pursuant to Local Rule 26-1(b)(8), the parties, by and through their respective undersigned counsel, certify that they considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program (General Order 2013-01).  The parties agree not to consent to trial by a magistrate judge.

Pursuant to Local Patent Rule 1-19, the parties propose the following dates for the settlement conferences:

| Event | Deadline |
| --- | --- |
| Three dates for the pre-claim construction settlement conference. | Within 30 days after of service of Defendants' invalidity contentions, the parties will file a joint stipulation with three dates when the parties are available for the pre-claim construction settlement conference. |
| Three dates for the post-claim construction settlement conference. | Once the Claim Construction Order is entered, the parties will file a joint stipulation with three dates within 30 days of the Order when the parties are available. |
| Pre-trial settlement conference. | Once the Pretrial Order is filed, the parties will file a joint stipulation with three dates the parties are available. |

### 16. INTERIM STATUS REPORT

Pursuant to Local Rule 26-3, the parties shall submit an interim status report 60 days before the fact discovery cut-off, which is set forth above.

11

**17.** **ADDITIONAL PROVISIONS**

    a.    Motions *in Limine*

The parties propose that any motions *in limine* must be filed no later than 30 days prior to trial. The parties further propose that any oppositions to motions *in limine* must be filed within 14 days after the motions *in limine* are filed. If a party seeks leave to file a reply, then such request for leave, and the requested reply, will be served within 7 days after the opposition was filed.

    b.    Privilege Log

A party that asserts attorney-client privilege, attorney work product protection, or any other privilege, immunity, or protection to withhold or redact any information or document shall supply a privilege log. Any documents withheld on the basis of privilege, work product, or other applicable immunity must be recorded on a privilege log, which shall be served within thirty (30) days of that document being withheld from a production. Notwithstanding the forgoing, documents created after the filing date of each case's Original Complaint do not need to be listed on the privilege log.

    c.    Service by Email

The parties have agreed that, to the extent possible in light of the volume of the submission, all court filings, to the extent not served through ECF (*e.g.*, filings under seal), will be served via e-mail on all counsel who have entered an appearance on behalf of the party to be served, and such service shall constitute proper service under Fed. R. Civ. P. 5(b)(2)(E). The parties have further agreed that each party may serve discovery, in lieu of other service methods, by e-mail under Fed. R. Civ. P. 5(b)(2)(E) on all counsel who have entered an appearance on behalf of the party to be served.

Discovery requests and discovery responses shall be served in searchable .PDF format by electronic service and, in addition to the .PDF format, the parties shall exchange copies of discovery requests in Microsoft Word format.

If transmission of voluminous materials as an email attachment is impractical, those materials shall be sent via an FTP service (or similar secure online file transfer service) or by

overnight delivery. If service is by overnight delivery, the serving party must use a service having the ability to "track" delivery and verify receipt.

Service by email shall take place at or before 9:00 p.m. East Coast Time; anything served after that time shall be deemed served the next day.

    d.      Third-Party Subpoenas

The parties have agreed that any party that serves a subpoena upon a third-party will simultaneously serve a copy upon each other party. Any party that receives documents or written correspondence from a third-party pursuant to a subpoena will promptly produce those documents and/or written correspondence to each other party. Each party must produce copies of documents it receives from a third-party within five (5) business days. Where such reproduction is not possible within five (5) business days, the party who received the documents will provide notice to the other party on or before the fifth (5th) business day and work in good faith to resolve the issue.

DATED this 9th day of December, 2016.

| BROWNSTEIN HYATT FARBER SCHRECK, LLP | OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C. |
|---|---|
| /s/ *Michael D. Rounds* | /s/ *Erica J. Chee* |
| Michael D. Rounds, Esq.<br>Nevada Bar No. 4734<br>Adam K. Yowell<br>Nevada Bar No. 11748<br>5371 Kietzke Lane<br>Reno, NV  89511 | Molly M. Rezac<br>Nevada Bar No. 7435<br>Erica J. Chee<br>Nevada Bar No. 12238<br>3800 Howard Hughes Pkwy., Ste. 1500<br>Las Vegas, NV  89169 |
| ***Attorneys for Defendants, Bwin.Party Digital Entertainment, PLC; Bwin.Party (USA), Inc., and Bwin.Party Entertainment (NJ), LLC*** | FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP<br><br>Robert F. Shaffer<br>James R. Barney<br>Anthony D. Del Monaco<br>Scott A. Allen<br>901 New York Avenue, NW<br>Washington, DC  20001-4413<br><br>***Attorneys for Plaintiffs CG Technology Development, LLC, Interactive Games Limited, and Interactive Games LLC*** |

| | |
|---|---|
| LEWIS BRISBOIS BISGAARD & SMITH, LLP | HOWARD & HOWARD ATTORNEYS PLLC |
| /s/ *Cayla Witty*<br>Cayla Witty<br>Nevada Bar No. 12897<br>6385 South Rainbow Blvd. Suite 600<br>Las Vegas, NV  89118 | /s/ *W. West Allen*<br>W. West Allen<br>Nevada Bar No. 5566<br>3800 Howard Hughes Parkway, Suite 1000<br>Las Vegas, NV  89169 |
| DENTONS US LLP | ERISE IP, P.A. |
| William M. Gantz<br>David R. Metzger<br>Daniel A. Valenzuela<br>233 South Wacker Drive, Suite 5900<br>Chicago, IL  60606-6361 | Eric A. Buresh<br>Megan J. Redmond<br>Carrie A. Bader<br>6201 College Blvd., Suite 300<br>Overland Park, KS  66211 |
| ***Attorneys for Defendant 888 Holdings PLC*** | ***Attorneys for Defendant FanDuel, Inc.*** |
| LEWIS BRISBOIS BISGAARD & SMITH, LLP | DICKINSON WRIGHT PLLC |
| /s/ *Cayla Witty*<br>Cayla Witty<br>Nevada Bar No. 12897<br>6385 South Rainbow Blvd. Suite 600<br>Las Vegas, NV  89118 | /s/ *Michael N. Feder*<br>Michael N. Feder<br>Nevada Bar No. 7332<br>8363 West Sunset Road, Suite 200<br>Las Vegas, NV  89113 |
| DESMARAIS LLP | BRACEWELL LLP |
| John M. Desmarais<br>Paul A. Bondor<br>Justin P.D. Wilcox<br>Ameet A. Modi<br>Brian D. Matty<br>230 Park Avenue<br>New York, NY  10169 | Douglas F. Stewart<br>701 Fifth Avenue, Suite 6200<br>Seattle, WA  98104<br><br>David J. Ball<br>1251 Avenue of the Americas<br>New York, NY  10020 |
| ***Attorneys for Defendant DoubleDown Interactive, LLC*** | ***Attorneys for Defendant Big Fish Games, Inc.*** |

| | |
|---|---|
| DURIE TANGRI LLP | LEWIS ROCA ROTHGERBER CHRISTIE LLP |
| /s/ *Sonali D. Maitra* | /s/ *Jonathan W. Fountain* |
| Sonali D. Maitra | Michael J. McCue |
| Timothy C. Saulsbury | Nevada Bar No. 6055 |
| 217 Leidesdorff Street | Jonathan W. Fountain |
| San Francisco, CA 94111 | Nevada Bar No. 10351 |
| | 3993 Howard Hughes Pkwy., Ste. 600 |
| MARQUIS AURBACH COFFING | Las Vegas, NV 89169 |
| Brian R. Hardy | FITZPATRICK CELLA HARPER & SCINTO |
| Nevada Bar No. 10068 | |
| 10001 Park Run Drive | Jonathan Berschadsky |
| Las Vegas, NV 89145 | 1290 Avenue of the Americas |
| | New York, NY 10104-3800 |
| *Attorneys for Defendant Zynga Inc.* | |
| | Jason M. Dorsky |
| | Katy Easterling |
| | 975 F Street, NW |
| | Washington, DC 20004 |
| | *Attorneys for Defendant DraftKings, Inc.* |

**ORDER**

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE

DATED: December 21, 2016

15

# EXHIBIT A

# AGREEMENT REGARDING THE ELECTRONIC PRODUCTION OF DOCUMENTS

1  Molly M. Rezac
   Nevada Bar No. 7435
2  molly.rezac@ogletreedeakins.com
   Erica J. Chee
3  Nevada Bar No. 12238
   erica.chee@ogletreedeakins.com
4  OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
   3800 Howard Hughes Parkway, Suite 1500
5  Las Vegas, NV  89169
   Telephone:  702.369-6800
6  Fax:  702.369.6888

7  Robert F. Shaffer (*pro hac vice*)
   robert.shaffer@finnegan.com
8  James R. Barney (*pro hac vice*)
   james.barney@finnegan.com
9  Anthony D. Del Monaco (*pro hac vice*)
   anthony.delmonaco@finnegan.com
10 Scott A. Allen (*pro hac vice*)
   scott.allen@finnegan.com
11 FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP
   901 New York Avenue, NW
12 Washington, DC  20001-4413
   Telephone:  202.408.4000
13 Fax:  202.408.4400

15 *Attorneys for Plaintiffs CG Technology Development, LLC;
   Interactive Games Limited; and Interactive Games LLC*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| CG TECHNOLOGY DEVELOPMENT, LLC, INTERACTIVE GAMES LIMITED, and INTERACTIVE GAMES LLC, <br><br> Plaintiffs, <br><br> vs. <br><br> _____, <br><br> Defendant. | Case No.:  2:16-cv-\_\_\_\_\_ <br><br> **EXHIBIT A TO RULE 26(f) REPORT** <br><br> **AGREEMENT REGARDING THE ELECTRONIC PRODUCTION OF DOCUMENTS** |

All documents produced in this case shall be exchanged electronically.  To the extent possible, all documents shall be produced as single-page 300 DPI images, in either TIF or JPEG format, where color documents are produced in color, and black-and-white documents are

1 produced in black-and-white CCITT Group IV (TIF) for black and white images; JPEG
2 compression, medium quality JPEG files (JPG) for color images. Each image file shall be named
3 with a unique name matching the Bates number (image key) labeled on the corresponding page.
4 An image load file in Opticon (OPT) format shall be provided, along with document-level text
5 files, extracted text or OCR for image-only and redacted image files. Any redacted material should
6 be clearly labeled to show the redactions. To the extent possible, the parties will avoid production
7 of duplicates of documents, and identify original custodians of duplicates within the
8 "CUSTODIANS" field of the load file for the produced documents.

9 The parties shall provide in native format with all metadata intact (and not as a .txt file) all
10 files created by Excel or other spreadsheet programs and any other file types that the parties agree
11 reasonably require viewing in their native format for a full understanding of their content and
12 meaning. Word documents, PDF documents, and PowerPoint documents need not be produced in
13 native format, unless the native document has comments, track changes, annotations, or other
14 substantive metadata that will be destroyed, omitted, or otherwise not reasonably reviewable by
15 production in non-native form. To produce a document natively, the following shall be provided:
16 (i) the native document, named with a unique Bates number; (ii) a TIF image also named with that
17 unique Bates number, the image containing a statement that the document bearing that Bates
18 number was produced natively; and (iii) when applicable, the extracted text in a document-level
19 text file. Image-rendered versions of the native files need not be produced. The parties shall
20 confer in good faith regarding the production of any additional files or file types that the receiving
21 party reasonably requests to have produced in native format.

22 Where available, the parties shall produce extracted metadata for each document in the
23 form of a .DAT file with Concordance delimiters, including the following fields:
24 1 PRODBEG Bates label of the first page of the document
25 2 PRODEND Bates label of the last page of the document
26 3 PRODBEGATT Bates label of the first page of a family of documents
27 4 PRODENDATT Bates label of the last page of a family of documents
28

2

5 TITLE Title of a non-E-mail document (Microsoft Title field)

6 DATE CREATED Operating system Date and Time Created for attachments and standalone electronic files (edocs)

7 DATE LAST MODIFIED Operating system Date and time Last Modified for attachments and edocs

8 FILE AUTHOR Author of attachment or edoc

9 EMAIL SENT DATE Date and time the E-mail message was sent

10 EMAIL FROM Author of E-mail

11 EMAIL TO Recipient(s) of E-mail

12 EMAIL CC Recipient(s) of the carbon copies of the email message

13 EMAIL BCC Recipient(s) of the blind carbon copies of the email message

14 EMAIL SUBJECT Subject of E-mail

15 FILEPATH Original file path of the native file

16 MD5hash Document's unique MD5 hash value

17 CONVERSATION INDEX Microsoft conversation index number

18 CUSTODIANS All Custodians of a document

19 ATTACHMENT NAMES File names of email attachments

20 PARENTID Document identification for parent document

21 FILENAME Name of native file

22 FILE EXTENSION Native document extension

23 NATIVE_LINK The path to any document produced in native form

24 TEXT_LINK The path to any document-level text file containing the extracted text from the body of the document or OCR

Where possible, document text and metadata shall be produced using an encoding that maintains the original display of the characters, *e.g*., UTF-8 encoding for CHK characters. Documents originally maintained in paper files shall be produced as single-page image files, with corresponding Concordance (DAT) and Opticon (OPT) load files, along with document-level OCR

3

(TXT) files following the guidelines outlined above.

The circumstances of this case do not warrant the preservation, review, or production of electronically stored information ("ESI") that is not reasonably accessible because it is unlikely that significant relevant information would be located in those sources that is not otherwise available in reasonably accessible sources. Moreover, that remote possibility is substantially outweighed by the burden and cost of preservation, review, and production of ESI from these sources. Accordingly, parties agree that the following ESI is hereby deemed not reasonably accessible and need not be preserved or searched: materials retained in tape, floppy disk, optical disk, or similar formats primarily for backup or disaster recovery purposes, as well as archives stored on computer servers, external hard drives, notebooks, or personal computer hard drives that are created for disaster recovery purposes and not used as reference materials in the ordinary course of a party's operations; voicemail and other audio (such as .wav files); video; instant messaging; legacy data; residual, fragmented, damaged, permanently deleted, or unallocated data; and data located on a handheld PDA device such as a Blackberry or iPhone. This agreement regarding ESI does not apply to third-party productions.

The provisions herein do not apply to the production of source code, which will be controlled by the provisions of the parties' Stipulated Protective Order. The recitation of certain document production programs and technology herein is not intended to limit the parties, or prevent the use of equivalent programs and technology.

The provisions herein are subject to modification pursuant to the joint written agreement of the parties, or by Order of the Court based on a showing of good cause.

4