**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| CG TECHNOLOGY DEVELOPMENT, LLC, *et al.*,<br><br>    Plaintiffs,<br><br>vs.<br><br>888 HOLDINGS PLC,<br><br>    Defendant. | 2:16-cv-00856-RCJ-VCF<br><br>*Consolidated with:*<br><br>2:16-cv-00871-RCJ-VCF<br><br>**ORDER**<br>M<small>OTION FOR</small> C<small>LARIFICATION</small> (ECF N<small>O</small>. 106) |

Before the Court is Plaintiffs CG Technology Development LLC, Interactive Games Limited, and Interactive Games LLC's Motion for Clarification. (ECF No. 106). For the reasons stated below, Plaintiffs' motion is denied.

**I. Background**

On July 25, 2017, Defendants in seven consolidated cases—FanDuel, Bwin.Party Digital Entertainment, Bwin.Party (USA), Bwin.Party Entertainment (NJ), Big Fish, 888 Holdings, Zynga, and DraftKings—filed a joint motion to compel discovery against Plaintiffs. (2:16-cv-00801-RCJ-VCF, ECF No. 214). The motion asked, among other discovery requests not at issue, "that the Court compel Plaintiffs to admit or deny the priority date of each of the asserted patents" as stated in FanDuel's requests for admission. (*Id.* at 2, 4). Plaintiffs had previously denied the priority dates, stating they "lack[ed] sufficient information at this time to admit or deny" the requests. (ECF No. 214-3).

On July 27, 2017, several of the consolidated cases were transferred to different districts. (2:16-cv-00856-RCJ-VCF, ECF No. 58). Notably, FanDuel is no longer a defendant in the cases now before the Court. The joint motion to compel was transferred to 2:16-cv-00856-RCJ-VCF (ECF No. 79), and the remaining Defendants are 888 Holdings and the Bwin entities.

1

On August 8, 2017, Plaintiffs filed a response to Defendants' motion to compel.  (ECF No. 69). Plaintiffs argued they had properly responded to the requests for admission because "Defendants[] chose to serve requests for admission before any deposition discovery or third-party discovery had been conducted in these cases."  (*Id.* at 13-14).

On September 6, 2017, the Court issued an order granting Defendants motion to compel discovery. (ECF No. 101).  The Court found that "Plaintiff's responses to Defendants' requests for admission are deficient" considering the discovery done in the case and "ordered that…Plaintiffs must serve on Defendants supplemental responses to Defendants' requests for admission No. 1 through No. 4."  (*Id.* at 5-6).

On September 13, 2017, Plaintiffs filed a Motion for Clarification regarding the Court's order. (ECF No. 106).  Plaintiffs argued for the first time that the requests for admission were moot because FanDuel had been removed from the case, and the current Defendants had not joined in the requests.  (*Id.* at 1-2).  In response, Defendants argue the Motion for Clarification actually seeks reconsideration based on an argument Plaintiffs waived by failing to raise it in their opposition to the motion to compel.  (ECF No. 111 at 2).  Defendants also assert that the requests for admission are properly before the Court because, despite not joining in the requests, Defendants joined in the motion to compel that included a discussion of the requests.  (*Id.*)

## II. Motion for Clarification

As an initial matter, Plaintiffs' Motion for Clarification does not ask for clarification.  The Court spent more than a page analyzing the issue before specifically ordering that "Plaintiffs must serve on Defendants supplemental responses to Defendants' requests for admission No. 1 through No. 4."  (ECF No. 101 at 5-6).  In order for the Court to now conclude that Plaintiffs do not need to respond to the requests for admission, the Court would have to reconsider its order, not clarify it.

"A party seeking reconsideration…must state with particularity" the grounds for reconsideration. LR 59-1(a).  "Reconsideration may be appropriate if a district court: (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) there has been an intervening change in controlling law." *Rich v. TASER Int'l, Inc.*, 917 F. Supp. 2d 1092, 1094 (D. Nev. 2013) (*quoting Petrocelli v. Baker,* 3:94–CV–0459–RCJ–VPC, 2011 WL 4737061 (D. Nev. Oct. 5, 2011).  New arguments on reconsideration that a party failed to raise earlier are deemed waived.  *See United States v. $998,830.00 in U.S. Currency*, No. 2:09-CV-0086-KJD-GWF, 2011 WL 830952, at *2 (D. Nev. Mar. 4, 2011); *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).

The Court finds no basis to reconsider its order granting Defendants' motion to compel.  It is clear that there has been no newly discovered evidence or a change in controlling law.  The Court did not commit a clear error or reach a manifestly unjust decision.  Plaintiffs failed to raise the issue of whether the requests for admission were potentially moot due to FanDuel's removal from the case during their opposition to the motion to compel.  The mootness argument was fully available to Plaintiffs at the time they filed their response to the motion to compel—the only requests for admission at issue in the motion to compel were those served by FanDuel, and FanDuel had already left this case.  Because Plaintiffs failed to raise this issue earlier, Plaintiffs have waived this argument on reconsideration.

ACCORDINGLY, and for good cause shown,

IT IS HEREBY ORDERED that Plaintiffs' Motion for Clarification (ECF No. 106) is DENIED.

///

///

///

///

IT IS FURTHER ORDERED that, on or before October 11, 2017, Plaintiffs must serve on Defendants supplemental responses to Defendants' requests for admission No. 1 through No. 4.

IT IS SO ORDERED.

DATED this 5th day of October, 2017.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE