**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CG TECHNOLOGY DEVELOPMENT, LLC et al., <br><br> Plaintiffs, <br><br> vs. <br><br> 888 HOLDINGS PLC, <br><br> Defendant. | 2:16-cv-00856-RCJ-VCF <br><br> **ORDER** |

These three consolidated cases arise out of the alleged infringement of several patents relating to online sports gambling. The Court has transferred four other previously consolidated cases to various other districts for improper venue under 28 U.S.C. § 1406 and *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514 (2017).

Because discovery remains open, Plaintiffs may amend their initial infringement contentions without prior leave, but only with good cause. L.R. 16.1-12. Defendants may challenge such an amendment via a motion to strike. *Bravo Co. USA, Inc. v. Badger Ordnance LLC*, No. 2:14-cv-387, 2016 WL 6518436, at *2 (D. Nev. Nov. 2, 2016) (Foley, Mag. J.). Non-exhaustive examples of good cause supporting amendment of infringement contentions include an adverse claim construction or recent discovery of material prior art or nonpublic information about the accused product despite earlier diligent searches. L.R. 16.1-12.

Plaintiffs filed their initial infringement contentions on January 5, 2017. Defendants filed their initial non-infringement, invalidity, and unenforceability contentions on March 21 and April 4, 2017. Plaintiffs later served Defendants with amended infringement contentions, adding claims 26, 30, and 33 of the '818 Patent; claims 1, 6, 7, 8, and 9 of the '058 Patent; and additional theories of infringement. Defendants asked the Magistrate Judge to strike the amended infringement contentions because Plaintiffs had not shown good cause. The new contentions were based mainly on the same evidence (and completely on evidence previously available through normal diligence). Defendants also argued that they would be prejudiced if the amendments were permitted to stand, because they had instituted inter-partes review ("IPR") proceedings at the Patent Trial and Appeal Board ("PTAB") against the claims identified in Plaintiffs' initial infringement contentions, and Plaintiffs' addition of claims via amendment to the infringement contentions after the statutory bar had passed for Defendants to attack the new claims via IPR at the PTAB was an improper ambush tactic to avoid the possibility of having to defend those claims at the PTAB (which is more defendant-friendly than the district courts because the standard used for claim construction at the PTAB is more likely to result in claims being struck down as anticipated or obvious). Plaintiffs argued in opposition that they simply wanted to correct Defendants' alleged misapprehension of the meanings of various claim terms.

The Magistrate Judge struck the amended infringement contentions. Plaintiffs have asked the Court to overrule the Magistrate Judge under Rule 72(a). The Court denies the motion. The Magistrate Judge made no error of law in ruling that the proper method to resolve disagreements in claim interpretation is through *Markman* proceedings. Moreover, in addition to requiring good cause to add infringement contentions without adding patent claims, a party may not add new patent claims to a case, i.e., new causes of action for infringement, except via amendment. *See, e.g.*, *Sage Electrochromics, Inc. v. View, Inc.*, No. 12-cv-6441, 2014 WL

1379282, at *2 (N.D. Cal. Apr. 8, 2014) (noting that the only question was whether an infringement plaintiff seeking to add new claims of infringement must satisfy *only* Rule 15 or *also* the local patent rules); *see also Straight Path IP Grp. v. Apple Inc.*, No. C16-3582, 2017 WL 3967864, at *5 (N.D. Cal. Sept. 9, 2017) (limiting leave to amend infringement contentions to the scope of existing claims in the complaint). In other words, when a plaintiff seeks to introduce new patent claims into an infringement action, amendment of the relevant pleading under the standards of Rule 15 is required, regardless of whether good cause is also required under any local patent rules. Plaintiffs here used their as-of-right amendment under Rule 15 long before serving the amended infringement contentions, and they did not move to amend the Complaint to add the patent claims at issue. For this additional reason, the Magistrate Judge was correct to strike the amended infringement contentions.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Reconsider (ECF No. 110) is DENIED.

IT IS SO ORDERED.

Dated this 20th day of November, 2017.

_____
ROBERT C. JONES
United States District Judge