Molly M. Rezac
Nevada Bar No. 7435
molly.rezac@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
200 S. Virginia Street, 8th Floor
Reno, NV 89501
Telephone: 775.440-2373

Robert F. Shaffer (*admitted pro hac vice*)
robert.shaffer@finnegan.com
James R. Barney (*admitted pro hac vice*)
james.barney@finnegan.com
Anthony D. Del Monaco (*admitted pro hac vice*)
anthony.delmonaco@finnegan.com
Abdul Ghani Saad Hamadi (*admitted pro hac vice*)
ghani.hamadi@finnegan.com
FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP
901 New York Avenue, NW
Washington, DC 20001-4413
Telephone: 202.408.4000
Fax: 202.408.4400

*Attorneys for Plaintiffs CG Technology Development, LLC; Interactive Games Limited; and Interactive Games LLC*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEVADA**

CG TECHNOLOGY DEVELOPMENT, LLC, INTERACTIVE GAMES LIMITED, and INTERACTIVE GAMES LLC,

Plaintiffs,

vs.

888 HOLDINGS, PLC,

Defendant.

Case No.: 2:16-cv-00856-RCJ-EJY

*Member Case:*
2:16-cv-00871-RCJ-EJY

**JOINT SUBMISSION FOR ENTRY OF PROPOSED AMENDED DISCOVERY PLAN AND SCHEDULING ORDER**

In light of the Court's recent ruling (ECF 190) granting Defendant 888's Motion to Lift Stay (ECF 179) as to U.S. Patent No. 8,814,664 (the '664 patent), the parties, by and through their respective counsel, have met and conferred and now submit competing Proposed Amended Discovery Plans and Scheduling Orders for all parties in this case and Member Case 2:16-cv-00871 (the "consolidated cases") as it relates to the '664 patent.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
200 S. VIRGINIA STREET, 8TH FLOOR
RENO, NV 89501
TELEPHONE: 775.440-2373

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
200 S. VIRGINIA STREET, 8TH FLOOR
RENO, NV 89501
TELEPHONE: 775.440-2373

In short, Plaintiffs contend that discovery and claim construction move forward now based on the Judge's instructions during the August 4, 2021, hearing regarding 888's motion to lift the stay as to the '664 patent. Defendants believe that the court should first adjudicate 888's pending motion for summary judgment (ECF No. 191) and then, if necessary, the parties may proceed with any remaining discovery and claims construction concerning the '664 patent.

For the Court's convenience, the parties have included a chart in this paper comparing Plaintiffs' and Defendants' respective positions. The parties have also attached as Exhibit A Plaintiffs' proposed schedule and Exhibit B Defendants' proposed schedule.

**<u>Background</u>**

Plaintiffs filed Complaints for patent infringement against 888 and bwin on April 14, 2016, and April 15, 2016, respectively. Plaintiffs subsequently filed Amended Complaints against both Defendants on July 11, 2016, asserting additional patents. ECF No. 19 in Case No. 2:16-cv-0856; ECF No. 23 in Case No. 2:16-cv-00871.

Defendant 888 filed a Motion to Dismiss (ECF 23 in Case No. 2:16-cv-0856) and a Joinder to motions to dismiss in related cases (ECF 26 in Case No. 2:16-cv-0856). Defendant bwin filed a Motion to Dismiss (ECF 31 in Case No. 2:16-cv-0871). The Court found seven of the patents-in-suit invalid as directed to ineligible subject matter. ECF No. 36 in Case No. 2:16-cv-0857; ECF No. 54 in Case No. 2:16-cv-00859. The five remaining patents asserted against Defendants were held as not directed to patent ineligible subject matter. ECF No. 36 in Case No. 2:16-cv-0857, ECF No. 42 in Case No. 2:16-cv-00871.

The cases against 888 and bwin were consolidated for pretrial purposes along with five related cases, with Case No. 2:16-cv-0801 listed as the Lead Case. ECF No. 56 in Case No. 2:16-cv-0871. Plaintiffs reached a settlement agreement in one of the related cases and filed a Joint Stipulation of Dismissal. ECF No. 90 in Case No. 2:16-cv-00858. Following the Supreme Court's *T.C. Heartland* decision, the case against the other four defendants of the consolidated action were transferred to different districts.

The parties agreed to stay the consolidated action against 888 and bwin pending the outcome of *inter partes* review ("IPR") proceedings as to four of the five remaining patents in this case, U.S.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
200 S. VIRGINIA STREET, 8TH FLOOR
RENO, NV 89501
TELEPHONE: 775.440-2373

Patent No. 8,771,058 ('058 patent), U.S. Patent No. RE39,818 ('818 patent), U.S. Patent No. 9,306,952 ('952 patent), and U.S. Patent No. 9,355,518 ('518 patent).

The PTAB issued final written decisions in all IPR proceedings. *See* ECF No. 143 in Case No. 2:16-cv-0856. The PTAB found the instituted claims of the '818, '952, and '518 patents unpatentable, and found that claim 6 of the '058 patent is valid over the asserted prior art. *Id*. The Federal Circuit affirmed. *FanDuel, Inc. v. Interactive Games LLC*, No. 2019-1393 (Fed. Cir.).

On March 5, 2020, the District Court for the District of Delaware issued a Memorandum and Order granting Defendant FanDuel's Rule 12(c) Motion finding claim 6 of U.S. Patent No. 8,771,058 patent ineligible under 35 U.S.C. § 101 in a related case, *CG Tech. et al. v. FanDuel, Inc*., No. 1:17-cv-01041-RGA (D.I. 376). Plaintiffs filed a Notice of Appeal to the Court of Appeals for the Federal Circuit appealing the decision on the '058 Patent.

On June 23, 2021, 888 Holdings filed a Motion to Lift Stay so that 888 Holdings could file its Motion for Summary Judgment as to claim 17 of the U.S. Patent No. 8,814,664, which is the only claim pending against 888 Holdings. (ECF No. 179.) The Court granted the motion and entered an order lifting the stay in both cases as to the '664 patent only. (ECF No. 193). At the hearing on the motion to lift the stay, the Court stated that "going forward, [the parties] need to consult together regarding the Court's local [sic] rules regarding discovery and claim construction." Transcript of Proceeding held on August 4, 2021. The parties have since conferred and now submit their competing Joint Discovery Plans and Scheduling Orders.

**Plaintiffs' Position:**

In accordance with the Court's orders in granting 888's motion to lift the stay as to the '664 patent, Plaintiffs have proposed an expedited schedule to finish discovery and claim construction proceedings consistent with the Court's scheduling order entered on December 21, 2016 (ECF No. 104). Defendants, on the other hand, are proposing a schedule where the parties do nothing until 888's motion for summary judgment is briefed and decided. That motion, however, is fatally flawed as premature under Fed. R. Civ. Proc. 56(f). "The purpose of subdivision (f) is to provide an additional safeguard against an improvident or premature grant of summary judgment...." 10B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2470 (3d. ed. 1998).

While this case has been pending for nearly four years, Defendants' Rule 12 motions and transfer have delayed discovery and claim construction. Neither is complete, and a quick glance at 888's summary judgment motion shows that it is grounded in claim terms that are in dispute and incomplete information. Indeed, granting of summary judgment may be in error when discovery is not yet completed. *Garrett v. City & County of San Francisco*, 818 F.2d 1515, 1518 (9th Cir. 1987). Moreover, a decision on the merits with material fact issues in dispute will only further delay this case proceeding towards resolution. Defendants' proposed schedule is inapposite to 888's alleged urgency to lift the stay as to the '664 patent. Therefore, Plaintiffs respectfully request that this Court enter their schedule and deny Defendants' schedule.

Plaintiffs believe their proposed Discovery Plan and Scheduling Order will allow the consolidated cases to move forward together as contemplated by this Court when originally consolidated. ECF No. 56. In lifting the stay at 888's behest, the Court made clear that it was "going to lift the stay on this one claim" so "that [the parties] can consider and resolve this one last claim." Transcript of Proceeding held on August 4, 2021, at 13. It ordered the parties "to consult together regarding the Court's local [sic] rules regarding discovery and claim construction," (*Id.*) and clarified the stay was lifted as "to both defendants…on that one claim." *Id.*

Accordingly, Plaintiffs disagree with Defendants' position that the Court granted the motion *only* to allow 888 to proceed with its motion for summary judgment. While nothing precludes 888 from filing its motion for summary judgment prematurely—and despite the fact that it is in violation of 9th Circuit precedent—the Court did not expressly grant the motion to lift the stay only to allow 888 to file its motion. Indeed, the Court's Order does not address summary judgment at all, and rightfully so—because it is premature. And given the parties have not completed discovery or claim construction, moving forward with discovery and claim construction to resolve Plaintiffs' claim of infringement of the '664 patent is the appropriate course and the most efficient path forward.

Specifically, the motion for summary judgment is premature due to the state of discovery in the consolidated cases. Before the stay, the parties were three months away from close of fact discovery. ECF No. 103. While the parties had conducted some written discovery, produced some documents, and Plaintiffs briefly inspected source code, Plaintiffs have no discovery relating to the



OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
200 S. Virginia Street, 8th Floor
Reno, NV 89501
Telephone: 775.440-2373

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
200 S. VIRGINIA STREET, 8TH FLOOR
RENO, NV 89501
TELEPHONE: 775.440-2373

nearly four year gap since the stay was entered. In that time span, Defendants admit that the features of their platforms have changed. *See, e.g.*, ECF No. 191-1 at para. 28. Plaintiffs require updated technical documents as they relate to the relevant features accused of infringement, as well as updated responses to Plaintiffs' First Set of Interrogatories, including Interrogatory numbers 1, 3, and 6. Plaintiffs also require their expert to review the source code for the accused products, including the source code as it existed before the stay and any changes since the stay was granted. The fact that discovery is still deficient is only buttressed by Plaintiffs' then-pending motions, including Plaintiffs' Motion To Compel Discovery On All Accused Products from bwin (ECF No. 118) and Plaintiffs' Motion To Compel Document Production from bwin (ECF No. 126). Not one deposition has been taken in this case, and expert discovery has not started.

Plaintiffs require the depositions of additional 888 witnesses with information on the technical features and operation of the products, including those listed in 888's initial disclosures and response to Interrogatory Number 3 as having knowledge in these areas. Indeed, on August 19, Plaintiffs provided 888 a non-exhaustive list of discovery needed, at a minimum, to respond to its motion for summary judgment. 888 has yet to even respond with its position on whether it will provide that discovery or not, when it may provide that information, and how much information it will produce. 888 has failed to provide any indication of how much it plans to even engage in accordance with this Court's Order to lift the stay and move this case forward. Entering Defendants' proposed scheduling order relieves them of providing the discovery Plaintiffs require on many levels, the least of which is to adequately reply to the motion for summary judgment. Anything different will prejudice Plaintiffs by having to spend time, effort, and money to defend against a premature Rule 56 motion on the merits while there is extensive discovery that Defendant 888 will not be required to produce.

Plaintiffs' proposed schedule should also be entered because the parties should press ahead with claim construction proceedings which were put on hold by the stay.[1] The parties exchanged

[1] Defendants requested the stay in the first place before the close of fact discovery, and before the parties deposed witnesses, began expert discovery, or completed claim construction. Now, after moving the Court to lift the stay to litigate the'664 patent, 888 would like to shirk its discovery

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
200 S. Virginia Street, 8th Floor
Reno, NV 89501
Telephone: 775.440-2373

preliminary claim constructions and evidence under LPR 1-14, but have otherwise not completed the claim construction process. While 888 contends that no *Markman* is necessary to resolve its motion, the motion itself relies heavily on issues that are more appropriate for *Markman* than summary judgment briefing. For example, 888's noninfringement positions rely almost entirely on its unilateral definitions of multiple terms recited in the claims, on what constitutes "plain and ordinary meaning," and on its interpretation of the prosecution history. ECF No. 190. Moreover, predicating the schedule on 888's premature motion for summary judgment before moving forward with claim construction provides Defendants an unfair tactical advantage, providing both 888 and bwin with multiple bites at the same apple with respect to claim construction. Therefore, the Court should enter Plaintiffs' proposed order, attached as Exhibit A.

In response to Plaintiffs' position in this pleading, 888 inappropriately sets forth arguments in further support of its premature motion for summary judgment and grossly misrepresents statements made during the parties meet and confer regarding scheduling.

888 is incorrect that Plaintiffs have not met their burden to show infringement. Plaintiffs have alleged and continue to allege 888 infringes the '664 patent. Plaintiffs disagree with how 888 construes the terms recited in the claims—improperly importing embodiments from the specification to further its narrow constructions—and the scope of prosecution disclaimer and how its infringing products operate, and will address these issues in its response to 888's premature motion for summary judgment. Though 888 claims that it asserts "plain and ordinary" meaning of the disputed terms, that stands in stark contrast to their reliance of extrinsic evidence in support of summary judgment. 888's statements that both parties are relying on the plain and ordinary meaning of the disputed claim terms is misleading when the parties are offering different proposed constructions.

888 also argues that its proposed schedule will be more efficient because the pleadings are

obligations by asking the Court to decide on a motion for summary judgment that is premature by any standard.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
200 S. VIRGINIA STREET, 8TH FLOOR
RENO, NV 89501
TELEPHONE: 775.440-2373

not settled as to the ’058 patent and potential other patents Plaintiffs intend to assert against Defendants. 888’s position is again inapposite to the position it took in its motion to lift the stay. Indeed, Plaintiffs and Defendant bwin objected to lifting the stay for this exact reason as it throws these consolidated litigations off-balance, causing inefficiencies for the parties and this Court. Now, 888 uses Plaintiffs’ and Defendant bwin’s argument to delay the discovery necessary to resolve the ’664 patent. Defendant 888 wants to have its cake and eat it too.

Finally, 888 blatantly misrepresents how negotiations occurred both before it unilaterally submitted its proposed order to lift the stay and the position Plaintiffs took during the meet and confer regarding moving forward with discovery and claim construction. First, both Defendant bwin and Plaintiffs implored Defendant 888 to meet and confer before the parties submitted a proposed order to lift the stay. Plaintiffs wanted to include the Judge’s order to meet and confer on discovery and claim construction schedules to avoid unnecessary delay in moving the case forward as the Judge indicated. Ex. E, Ex. 1 to Gantz Decl. at Aug. 11, 2021 email from Hamadi to Gantz. Plaintiffs understood Defendant bwin had other issues it wanted to raise before a proposed order was submitted and had sent emails stating the same. Yet, Defendant 888 ignored the Plaintiffs and Defendant bwin’s request and sent the order to the Court. See Ex. F, Del Monaco Decl. at ¶ 5.

Second, Defendant 888 is not correct when it states in the next section:

> [i]n fact, in the meet and confer in connection with this scheduling order, plaintiff’s counsel Anthony Del Monaco represented that had the parties spoke as they requested in relation to the order granting the motion to lift the stay, they would have agreed to submit an order lifting the stay which limited the lifting to the adjudication of 888’s MSJ.

*Id.* at ¶ 4. Plaintiffs said that it would have at least considered Defendant 888’s position. *Id.* at ¶¶ 6-7. Because Defendant 888 refused to meet and confer, the parties did not have that discussion. Plaintiffs’ position has always been that either the consolidated cases remained stayed or, if the Court

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
200 S. VIRGINIA STREET, 8TH FLOOR
RENO, NV 89501
TELEPHONE: 775.440-2373

lifts the stay, allow the parties to resume discovery. That position has not changed, and 888's statement to the contrary is simply not true.

For the reasons explained above, this Court should reject Defendants' proposed schedule and enter Plaintiffs' proposed schedule so that this case may proceed in a just and orderly fashion, just as the Court contemplated with the original case schedule.

**888's' Position:**

888 sought to lift the stay because 1) the only remaining claim asserted against it was alleged infringement of Claim 17 of '664 patent and 2) because 888 possessed a clear and certain defense to the alleged infringement could be disposed of now on summary disposition. This is so because the central limitation of claim 17 of the '664 patent are obviously absent in any 888 gaming platform. Claim 17 of the '664 requires that any infringing application "automatically" switch between monetary wagering ("real money gaming" or "RMG") and points only wagering ("free-to-play" or "FTP") based upon whether the user is located in a jurisdiction which allows real money gambling at the time of the wager. But 888's applications do not do that; rather, they always require human input by the user of the device in order to switch between RMG and FTP gaming. See 888 Motion for Summary Judgment (the "MSJ") (ECF No. 191 at 19-20). In addition, the prosecution history makes clear that Interactive Games, LLC was required to amend its claims to avoid prior art in order togain allowance of claim 17 the '664 Patent, and in doing so took the position that "automatically" requires shifting between RMG and FTP gaming *with no human input*. See MSJ (ECF No. 191 at 15-19).

Despite all of the discovery Plaintiffs have already had (including review of the source code), as well as the fact that 888's gaming platform is publicly available to be used by plaintiffs and their counsel, not once in this litigation have Plaintiffs claimed or even argued that any 888 gaming platform automatically switches a user from RMG to FTP or *vice versa* at any time under any circumstances. Rather, the user (a human) must manually select what type of gaming they choose to play. MSJ, ECF No. 191, at 8).

In addition, claim 17 requires that a wager be made against a "second player" that is "selected

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
200 S. Virginia Street, 8th Floor
Reno, NV 89501
Telephone: 775.440-2373

by" the first player. As asserted in the Motion for Summary Judgment, online poker and casino games do not involve such "selection," and in mobile casino and poker games, the player either makes a wager against the house, or places a wager that must be acted upon by any player at the table remaining in the hand, rather than being directed at a specific second player. (MSJ, ECF No. 191, at 20-22. In addition, the prosecution history reveals that Interactive Games, LLC asserted that the limitation "selected by" requires that a player using the mobile application select a specific second player against which to place a wager. (MSJ, ECF No. 191, at 21-23). No additional discovery or formal claim construction is necessary to adjudicate the construction of this limitation and its impact on Plaintiff's infringment claim.

To counter the motion for summary judgment, Plaintiff must either demonstrate a fact issue by showing that the 888 gaming platform switches between RMG and FTP without human intervention based upon geolocation, or by convincing the court that the term "automatic" somehow does not mean "without human intervention" despite the prosecution history, plain meaning and a body of precedent construing "automatic" precisely as used by Plaintiff in prosecution – "without human intervention."[2] This is the simple crux of claim 17, which is the only claim plaintiff has left in this case against 888. It is entirely appropriate for the court to adjudicate the meaning of this critical term first in the process of hearing the 888 motion for summary judgment.

Plaintiffs' action under Claim 17 of the '664 Patent is brought in complete disregard of the lack of any automatic switching between "points" wagering and "real money" wagering based upon changes in location of a user device, which the claim expressly requires. In Plaintiffs' infringement contentions, Plaintiff provided a screenshot of an RMG and a FTP game and offered a conclusory contention that the accused system automatically enables points wagering and disables real money

---

[2] *See CollegeNet, Inc. v. ApplyYourself, Inc.*, 418 F.3d 1225, 1235 (Fed. Cir. 2005) (affirming construction of "automatic" as "once initiated, the function is performed by a machine, without the need for manually performing the function"); *Alarm.com, Inc. v. SecureNet Technologies*, 2018 WL 1665689, at *1 (D. Del. Apr. 6, 2018) ("automatically" and variants construed to mean "without user input"); *Papst Licensing GmbH & Co. KG v. Apple, Inc.*, 2017 WL 897172, at *18 ("automatic" and "automatically" construed to mean "without user intervention"); *Phoenix Licensing, L.L.C. v. AAA Life Ins. Co.*, 2015 WL 1813456, at *11 (E.D. Tex. Apr. 20, 2015) ("automatically" construed to mean "performed by a computer without input from a human"); *Vehicle IP, LLC v. Werner Enters., Inc.*, 4 F. Supp. 3d 648, 662 (D. Del. 2013) ("automatically" construed to mean "performing by machine, without the need for human intervention, at a predetermined point in an operation").

gaming based upon location. Exhibit C hereto, Excerpts from Plaintiffs' Initial Disclosure of Asserted Claims and Preliminary Infringement Contentions (excerpted to include only chart for Claim 17 of the '664 Patent), at p. 14-18, 30-34 of '664 Claim Chart. What is obviously missing from this contention is any analysis or assessment of what actually happens when a user device either enters a real money gaming jurisdiction (e.g. New Jersey) or leaves the real money gaming jurisdiction. For example, online real money gambling is currently authorized by the State of New Jersey but not in the State of New York. At all times since the time of filing of this suit, any adult individual could access the 888 gaming platform in New Jersey and then travel across state lines to New York and observe whether there is any automatic switch from real money gambling to free play or *vice versa* (there is not). Presumably Plaintiffs or their counsel or expert investigated prior to suit and would have observed there was no such automatic switch in gaming mode based on location, and therefore filed a wilfully non-meritorious claim.

Not surprisingly, Plaintiffs refused to provide any meaningful discovery regarding their pre-suit investigation, including who operated a mobile device, where the mobile device was operated, which of 888's games was played or accessed, where, and when - all of which is critical basic proof for infringement of the '664 patent. The idea that any further discovery is needed for Plaintiff to respond to the motion for summary judgment is but a ruse intended to delay the adjudication of this patent. That 888 discontinued the FTP version of 888 Poker in the United States on June 12, 2020 and that FTP poker has never been offered in any form by 888 in Pennsylvania is not any "admission" that any "feature" related to "automatic" switching has been changed on a gaming platform – it rather further cements that the '664 patent could not possibly apply to those gaming platforms where there is no longer any FTP gaming to which a user could be automatically switched. That 888's affiant advised that the FTP version of 888 Casino remains available is also not a change in a gaming platform – it is rather an affirmation of no change – and does not warranting any discovery.

888's motion for summary judgment—filed five years into this case—is far from "premature." Before the stay was entered in December 2017, the parties engaged in extensive discovery with respect to this case generally and the '664 Patent specifically. Plaintiff received 888's documents and interrogatory answers, and even reviewed the source code for the accused platforms.

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
200 S. Virginia Street, 8th Floor
Reno, NV 89501
Telephone: 775.440-2373

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
200 S. Virginia Street, 8th Floor
Reno, NV 89501
Telephone: 775.440-2373

The parties also exchanged claim terms for possible construction, and preliminary constructions and evidence under LR 1-14.

Notably, with respect to the ’664 Patent, Plaintiff Interactive Games LLC (which claims to own the ’664 Patent), took the position that all the terms it identified in relation to the ‘664 patent (including those at issue in 888’s motion for summary judgment) should be given their “plain and ordinary meaning,” and did not claim that any evidence was needed to support its construction. Exhibit D, Plaintiffs’ Disclosure of Preliminary Claim Constructions and Evidence. Similarly, as to the ‘664 patent, Defendants LR 1-14 disclosures asserted that the terms at issue should also be given their plain and ordinary meaning and cited as evidence the same prosecution history and case law asserted in the motion for summary judgment, a fact that Plaintiffs highlighted in opposing the lifting of the stay.[3] *See* ECF No. 188-2. There is no “second bite at the apple” – 888’s claim construction argument in the motion for summary judgment is identical to what it would assert on the terms at issue in a *Markman* hearing and is as advanced in its disclosure. 888 is not asking the court to construe the terms twice, nor do Plaintiffs suggest how the court’s adjudication of the terms in connection with the motion for summary judgment would nevertheless be followed by a second adjudication of the same terms.

Notably, and contrary to Plaintiffs’ insistence that the Court should order the parties to perform separate claim construction briefing and hold a *Markman* hearing right away while at the same time considering the motion for summary judgment, Plaintiff offers no reason why the Court cannot perform any necessary claim construction in the context of a motion for summary judgment—as numerous cases cited in 888’s motion recognize.[4]

---

[3] Plaintiffs oddly claimed that Defendants’ preliminary claim constructions amounted to Defendants taking the position that a claim construction hearing is necessary. ECF No. 188, at 3. But simply asserting a claim construction position says nothing about ***how*** the Court must construe the claims (i.e., in a *Markman* hearing vs. by summary judgment motion). As the case law cited below [FN 3] highlights, there is ample authority for construing claims at summary judgment.

[4] *See Schoenhaus v. Genesco, Inc.*, 440 F.3d 1354, 1356 (Fed. Cir. 2006) (affirming judgment of non-infringement where court “did not issue a separate *Markman* order, and instead construed relevant terms on summary judgment); *Mobileye, Inc. v. Picitup Corp.*, 928 F. Supp. 2d 759, 767 (S.D.N.Y. 2013) (finding that claim construction issues relevant to non-infringement “involve no genuine dispute of material fact, and thus are amenable to summary judgment); *Eberle v. Harris*, 2010 WL 6281563, at *5 (D.N.J. June 30, 2010) (construing claims on summary judgment where construction presented a purely legal issue based only on intrinsic record); *Berger v. Rossignol Ski*

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
200 S. VIRGINIA STREET, 8TH FLOOR
RENO, NV 89501
TELEPHONE: 775.440-2373

Another important fact for the court's consideration is the fact that the pleadings are not settled. Plaintiffs have alleged in this case that they intend to move to amend their complaint to add new patents and also to try to assert claim 6 of the '058 patent against 888. (ECF 188, at 8). The impact of such an alleged amendment on the status of the current case is massive, yet Plaintiffs' proffer an order allowing them to amend their pleadings *after* a claims construction order? See Plaintiff's proposed Order, Paragraph 3. If Plaintiffs are going to attempt to amend their pleadings they should try to do so now and the court should adjudicate those motions before the parties go through the remaining claims construction process. In addition, a fact discovery closure date of 90 days from date of the entry of the plaintiff's order makes no sense if plaintiffs are intent on trying to amend their pleadings, which 888 will certainly oppose. This is all the more reason to focus on adjudicating the motion for summary judgment.

Plaintiffs' response to the Motion for Summary Judgment is due September 14, 2021 and the briefing on the motion will be complete by October 5, 2021. (ECF. No. 194). Plaintiffs offer no explanation how they are prejudiced in any way if the court adjudicates the motion for summary judgment before launching the parties into any further discovery or a formal claims construction process. Plaintiffs opposed the motion to lift the stay on the basis that allowing 888 to proceed with its motion for summary judgment would lead to duplicative discovery and claim construction proceedings, yet it now pushes to do unnecessary work.

In lifting the stay, the court did not order the parties to immediately engage in claims construction. Rather, the court advised the parties to meet and confer about the best way to proceed. In fact, in the meet and confer in connection with this scheduling order, plaintiff's counsel Anthony Del Monaco represented that had the parties spoke as they requested[5] in relation to the order granting the motion to lift the stay, they would have agreed to submit an order lifting the stay which limited

---

*Co.*, 2006 WL 708943, at *2 (N.D. Cal. Mar. 21, 2006) (holding that claim construction could be decided on summary judgment where "the technology is simple and defendant bases its non-infringement contentions on plaintiffs' admissions").

[5] Rather, Plaintiffs refused to submit any edits to the proposed order or explain in any terms what they wished to discuss for eight days. Correspondence between the parties concerning the entry of the order lifting the stay is attached as Exhibit 1 to Gantz Declaration.

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
200 S. Virginia Street, 8th Floor
Reno, NV 89501
Telephone: 775.440-2373

the lifting to the adjudication of 888's MSJ. (Exhibit E, Declaration of William M. Gantz ¶ 6). Then exactly who are Plaintiffs seeking to punish with such obstinacy in taking an entirely opposite approach now? Plaintiffs seek to further punish 888 with completely and willfully non-meritorious assertion of the '664 patent and related work. Second, the court will be set upon with motions and unnecessary and pointless busywork in the guise of a supposedly necessary full *Markman* hearing and claims construction process. It is rather also clear that to the extent there is any discovery claimed to be needed by Plaintiffs, it all relates to discovery Plaintiffs assert they need to respond to the motion for summary judgment. Thus, starting with the adjudication of 888's motion for summary judgment will lead to the ultimate resolution of the discovery issues claimed by the plaintiff and significantly advance this case toward conclusion. If Plaintiffs truly believe that facts necessary to oppose 888's motion are unavailable to it, then Federal Rule of Civil Procedure 56(d) provides then the opportunity to make that showing in response to 888's motion. After adjudication of the motion for summary judgment and any related discovery disputes, the case will either be over or the court will be in a better position to assess how and whether to proceed with the claims construction process.

For these reasons, Defendants' proposal is the most efficient way forward. In contrast, Plaintiffs resist this common sense approach by conjuring invented discovery disputes and insisting upon immediate unnecessary claim construction briefing and litigation. The Court should reject Plaintiffs' contrived and purposefully complex schedule and enter Defendants' proposed order. Plaintiffs' lost the argument that a limited lifting of the stay would necessarily entail duplicative work and inefficiency because the Court recognized that the parties could work together to come to an efficient resolution of claim 17. Now, having lost, Plaintiffs' proposed schedule seeks to *ensure* duplication and over-complication, apparently in a misguided attempt to punish 888 for its desire to resolve the case as to claim 17 of the '664 Patent more quickly. The Court should reject Plaintiffs' gambit and enter Defendants' proposed scheduling order.

**Defendant bwin's Position:**

Plaintiffs assert two claims from two different patents against bwin: claim 17 of the '664 patent—which is also asserted against 888—and claim 6 of the '058 patent—which is not. Because bwin alone is defending against both claims, bwin opposed a lifting of the stay as to the '664 patent

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
200 S. Virginia Street, 8th Floor
Reno, NV 89501
Telephone: 775.440-2373

as premature. Bwin's opposition was based on the potential that moving forward on just the '664 patent would potentially cause it to litigate the same or overlapping issues twice, in seriatim: once in the context of the '664 patent, and once more if the Federal Circuit were to hold that the '058 patent is valid. (*See* ECF No. 187.) The '664 and '058 patents share the same subject matter, inventor, and the same group of individuals involved in drafting, prosecuting and maintaining each. (*See* ECF No. 47 at 4). Plaintiffs also opposed 888's Motion to Lift Stay on the grounds that discovery concerning the '664 patent should take place at the same time as discovery on the '058 patent. (*See* ECF No. 188 at 4 ("Lifting the stay for only [888 as to the '664 patent] would create inefficiencies for this Court and all parties, potentially creating two parallel proceedings on similar issues of fact, claim construction, and validity.").) Notably, Plaintiffs accuse the same bwin products of infringement for *both* patents. As such, should the Federal Circuit reverse, bwin (and Plaintiffs) could end up conducting the same or similar discovery twice in the same case.

While the Court ultimately lifted the stay as to claim 17 of the '664 patent, in so doing the Court was very clear that it was a "a narrow lift of stay so that [the parties] can consider and resolve this one last claim," and specifically noted that it was "not lifting the stay on any other areas, especially those areas that are covered in the one claim [of the '058 patent] being considered by the Federal Circuit." (Aug. 4, 2021 Hr'g Tr. at 13:9-17.)

Now that the stay has been lifted as to just claim 17 of the '664 patent, the only way to address the parties' and the Court's above concerns is to await the resolution of 888's motion for summary judgment before opening discovery. It became clear when the parties conferred regarding discovery and claim construction as the Court ordered (*see id*. at 13:22-25), that this is the only plausible way to implement and understand the Court's order lifting the stay. Indeed, obtaining a decision on its motion for summary judgment was the express reason 888 moved to lift the stay, and neither Plaintiffs nor bwin advocated for a more expansive opening of the case. Given that Plaintiffs advocated for a *longer* stay and *opposed* any discovery, Plaintiffs' current position that discovery should proceed immediately is contradictory. If discovery is allowed to proceed outright, bwin and Plaintiffs will either be required to litigate issues common to both patents that might need to be relitigated in a matter of months (if Federal Circuit holds the '058 patent is valid) or, to avoid such

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
200 S. VIRGINIA STREET, 8TH FLOOR
RENO, NV 89501
TELEPHONE: 775.440-2373

a duplication of efforts, litigate issues unique to the ’058 patent now—something the Court explicitly decided against. 888’s proposal, which bwin adopts and endorses, resolves this dilemma, complying with the Court’s order and avoiding unnecessary duplicative discovery, by briefly postponing discovery until 888’s motion for summary judgment is resolved.[6]

The Court originally consolidated Plaintiffs’ case against bwin with Plaintiffs’ case against 888 for pre-trial purposes because it would be “more economical” due to the number of common patents and claims. *See* ECF No. 47. Plaintiffs argued in support of that consolidation that “[j]udicial resources - as well as the parties’ resources - will be better served by having to address these overlapping discovery issues just once.” Plaintiffs’ Motion to Consolidate (ECF No. 47 in Member Case No. 16-cv-00871-RCJ-GWF) at 4. Delaying discovery as proposed to avoid serial, repeated and duplicative discovery is necessary to effectuate the purposes of the consolidation and increase—rather than decrease—any efficiencies to bwin.[7]

The parties propose the following competing schedules:

## I. Phased Discovery Cut-Off Dates

The parties agree that discovery should be conducted in phases, but disagree as to when discovery should restart:

| Event | Plaintiffs’ Proposed Deadline | Defendants’ Proposed Deadline |
|---|---|---|
| Fact discovery cut-off | 90 days after entry of the Scheduling Order | 90 days after entry of the Order Adjudicating the 888 Motion for Summary Judgment (the “888 MSJ Order”) |
| Expert discovery cut-off. | 60 days after service of rebuttal expert reports. | 30 days after service of rebuttal expert reports. |

[6] bwin also notes that Defendants’ proposed schedule is likely the most streamlined as discovery concerning bwin’s products, which are not the subject of 888’s Motion for Summary Judgment, is unnecessary at this time. (*See* p. 5, *supra* (discussing Plaintiffs’ discovery motions concerning *bwin’s* products) (citing ECF Nos. 118, 126).) Similarly, claim construction is also unnecessary at this time as the parties agreed that all claim terms should be given their plain and ordinary meanings.

[7] Should the Court adopt Plaintiffs’ proposed schedule or otherwise determine that proceeding with full discovery between Plaintiffs and 888 is appropriate in this case, then the purposes of consolidation may no longer be served and bwin may have no choice but to seek to sever the cases or other appropriate relief.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
200 S. VIRGINIA STREET, 8TH FLOOR
RENO, NV 89501
TELEPHONE: 775.440-2373

**II. 888 Motion For Summary Judgment, Related Discovery and Disputes**

The parties agree to the following proposal:

| Event | Proposed Deadline |
|---|---|
| Plaintiffs' Response to Motion for Summary Judgment | September 14, 2021 |
| Reply of 888 in Further Support of Motion for Summary Judgment | October 5, 2021 |

**III. Amendments to the Pleadings**

Plaintiffs' proposal:

Pursuant to Local Rule 26-1(b)(2), the date for filing motions to amend the pleadings or to add parties shall be 30 days after the entry of the Court's Claim Construction Order, but no later than the date for fact discovery cut-off.[8]

Defendants' proposal:

Defendants object to any further amendments.

**IV. Claim Construction**

The parties agree that claim construction should be conducted in phases, but disagree as to when the claim construction process should restart:

| Event | Plaintiffs' Proposed Deadline | Defendants' Proposed Deadline |
|---|---|---|
| Plaintiffs to submit to Defendants a Proposed Joint Claim Construction and Prehearing Statement under LPR 1-15 | N/A | 28 days after entry of the 888 MSJ Order |
| Defendants to submit to Plaintiffs a Proposed Joint Claim Construction and Prehearing Statement under LPR 1-15 | N/A | 7 days later |
| Submit joint claim construction and prehearing statement, pursuant to Local Patent Rule 1- | 28 days after entry of the Scheduling Order | 7 days later |

[8] The modifications to the Discovery Plan and Scheduling Order relate solely to litigation of the '664 patent in accordance with the Court's instructions (ECF 190). The parties reserve the right to seek amendment of this Discovery Plan and Scheduling Order if necessary based upon the outcome of the appeal of the '058 patent in *CG Tech. Dev., LLC v. FanDuel, Inc*. No. 2020-1695 (Fed. Cir.).

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
200 S. VIRGINIA STREET, 8TH FLOOR
RENO, NV 89501
TELEPHONE: 775.440-2373

| Event | Plaintiffs' Proposed Deadline | Defendants' Proposed Deadline |
|---|---|---|
| 15 | | |
| Opening claim construction brief from Plaintiffs, pursuant to Local Patent Rule 1-16 | 21 days later | 21 days later |
| Responsive claim construction brief from Defendant, pursuant to Local Patent Rule 1-16 | 21 days later | 21 days later |
| Reply claim construction brief from Plaintiffs, pursuant to Local Patent Rule 1-16 | 7 days later | 7 days later |
| Disclosure of amended contentions under LPR 1-18a and opinion of counsel defense under LPR 1-18b | 30 days after the Claim Construction Order | 30 days after the Claim Construction Order |

**V. Expert Disclosures**

The parties agree to the following proposal:

| Event | Proposed Deadline |
|---|---|
| Opening expert reports on issues for which the serving party has the burden of proof | 60 days after Claim Construction Order issues |
| Rebuttal expert reports | 30 days after service of opening expert reports |

**VI. Dispositive Motions and Proposed Pretrial Order**

The parties agree to the following proposal:

| Event | Current Deadline |
|---|---|
| Deadline for dispositive motions | 30 days after the close of expert discovery |
| Parties to File Joint Proposed Pretrial Order | 30 days after the date of order(s) entered ruling on all dispositive motions filed prior to the deadline. If no dispositive motions are filed as of the deadline for dispositive motions, 30 days after the dispositive motion deadline |

. . .

. . .

. . .

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
200 S. VIRGINIA STREET, 8TH FLOOR
RENO, NV 89501
TELEPHONE: 775.440-2373

**VII. Alternative Dispute Resolution and Settlement Conferences**

The parties agree to the following proposal:

| Event | Proposed Deadline |
|---|---|
| Post-claim construction settlement conference | Once the Claim Construction Order is entered, the parties will file a joint stipulation with three dates within 30 days of the Order when the parties are available |
| Pre-trial settlement conference | Once the Pretrial Order is filed, the parties will file a joint stipulation with three dates the parties are available |

DATED this 31st day of August, 2021.

DUANE MORRIS LLP

/s/ *William M. Gantz*

William M. Gantz
Tyler Marandola
100 High Street, Ste. 2400
Boston, MA 02110

Adam J. Pernsteiner
LEWIS BRISBOIS BRISGAARD & SMITH, LLP
Nevada Bar No. 7862
6385 South Rainbow Blvd., Suite 600
Las Vegas, NV 89118
*Attorneys for Defendant 888 Holdings PLC*

DATED this 31st day of August, 2021.

ARNOLD & PORTER KAYE SCHOLER LLP

/s/ *Evan M. Rothstein*

Evan M. Rothstein
1144 15th Street, Ste. 3100
Denver, CO 90202

W. West Allen
HOWARD & HOWARD ATTORNEYS PLLC
Nevada Bar No. 5566
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, NV 89169
*Attorneys for Defendants Bwin.Party Digital Entertainment, PLC; Bwin.Party (USA), Inc.; and Bwin.Party Entertainment (NJ), LLC*

DATED this 31st day of August, 2021.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

/s/ *Molly M. Rezac*

Molly M. Rezac
Nevada Bar No. 7435
200 S. Virginia Street, 8th Floor
Reno, NV 89501

FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP

Robert F. Shaffer
James R. Barney
Anthony D. Del Monaco
Abdul Ghani Saad Hamadi
901 New York Avenue, NW
Washington, DC 20001-4413
*Attorneys for Plaintiffs CG Technology Development, LLC, Interactive Games Limited, and Interactive Games LLC*