UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CG TECHNOLOGY DEVELOPMENT, LLC, INTERACTIVE GAMES LIMITED, and INTERACTIVE GAMES LLC, | Case No.  2:16-cv-00856-RCJ-EJY |
| Plaintiffs, | **ORDER** |
| v. | |
| 888 HOLDINGS, PLC, | |
| Defendant. | |

Pending before the Court is the Joint Submission for Entry of Proposed Amended Discovery Plan and Scheduling Order (ECF No. 196).  The parties submit "competing Proposed Amended Discovery Plans and Scheduling Orders … as it relates to the [U.S. Patent No. 8,814,]664 patent." (the "664 Patent").  *Id*. at 1.  The Court has reviewed the completing plans and orders, the Transcript of the Proceeding (the "Transcript") before District Judge Robert C. Jones on August 4, 2021 (ECF No. 192), and Judge Jones' subsequent Order (ECF No. 193).

On August 4, 2021, Judge Jones stated:

> I'm going to lift the stay on this one claim.  I'll ask counsel for defendant 888 to prepare a simple order lifting the stay.  It should make sure that we're not lifting the stay on any other areas, especially those areas that are covered in the one claim being considered by the federal circuit. That's my circuit court for any decisions I make in this case.
>
> So, a narrow lift of stay so that you can consider and resolve this one last claim, if you'll prepare a simple order to that effect.
>
> ***
>
> And then, of course, going forward, you'll need to consult together regarding the Court's nolo rules regarding discovery and claim construction, please.
>
> ***
>
> It's to both defendants. It's on that one claim.

ECF No. 192 at 13-14.   In his written Order (ECF No. 193), Judge Jones states:

IT IS HEREBY ORDERED that the Motion to Lift Stay (ECF No. 179) is GRANTED. IT IS FURTHER ORDERED that the Stay is lifted in Case 2:16-cv-00856-RCJ-EJY and 2:16-cv-00871-RCJ-EJY only with respect to claim 17 of U.S. Patent No. 8,814,664 (the "'664 Patent") owned by plaintiff Interactive Games LLC.

Neither the oral Order on August 4 nor the written Order on August 16 limit the purposes for which the stay was lifted as to the 664 Patent.  Rather, the Court required the parties to consult regarding discovery and claims construction.

The undersigned is not in a position, nor is it appropriate, to decide the merits of the claims or the pending motion for summary judgment.  Nonetheless, it is true that if Plaintiffs believe they must engage in discovery to effectively oppose the motion for summary judgment filed by 888 Holdings, PLC ("888"), they may seek relief under Fed. R. Civ. P. 56(d).

Defendant bwin, which is named in the member case 2:16-cv-00871 consolidated with the above captioned case for pretrial purposes, explains that the 664 Patent and U.S. Patent No. 8,771,058 (the "058 Patent") "share the same subject matter, inventor, and the same group of individuals involved in drafting, prosecuting and maintaining each."  ECF No. 196 at 14.  bwin further explains that "Plaintiffs accuse the same bwin products of infringement for both patents." ECF No. 196 at 14.  However, Judge Jones was clear that he was lifting the stay as to the 664 Patent only.

When opposing 888's Motion to Lift Stay, Plaintiff stated: "888 ignores that this case is consolidated for pretrial purposes with Defendant bwin, who Plaintiffs also allege infringes the '664 patent and who also opposes lifting the stay. … Lifting the stay for only one defendant would create inefficiencies for this Court and all parties, potentially creating two parallel proceedings on similar issues of fact, claim construction, and validity."  ECF No. 188 at 4.

Based on the foregoing, IT IS HEREBY ORDERED that the Joint Submission for Entry of Proposed Amended Discovery Plan and Scheduling Order (ECF No. 196) is DENIED.

IT IS FURTHER ORDERED that, given Plaintiffs opposed lifting the stay (ECF No. 188), and bwin's particularly persuasive position regarding why discovery on the 664 Patent alone should not go forward, the following discovery plan and scheduling order shall apply:

**Fact Discovery:**  The start of fact discovery shall commence 10 days after entry of the Order Adjudicating 888' Motion for Summary Judgment and end 90 days thereafter.

**Claims Construction:**  The parties have exchanged Preliminary Claim Constructions and Extrinsic Evidence under LPR 1-14.  Claims construction will resume as follows:

| Event | Proposed Deadlines |
|---|---|
| Plaintiff to submit to Defendants a Proposed Joint Claim Construction and Prehearing Statement under LPR 1-15 | 28 days after entry of the 888 MSJ Order |
| Defendant to submit to Plaintiffs a Proposed Joint Claim Construction and Prehearing Statement under LPR 1-15 | 7 days later |
| Parties to File Joint Claim Construction and Prehearing Statement under LPR 1-15 | 7 days later |
| Opening claim construction brief from Plaintiffs, pursuant to Local Patent Rule 1-16 | 21 days later |
| Responsive claim construction brief from Defendant, pursuant to Local Patent Rule 1-16 | 21 days later |
| Reply claim construction brief from Plaintiffs, pursuant to Local Patent Rule 1-16 | 7 days later |
| Disclosure of amended contentions under LPR 1-18a and opinion of counsel defense under LPR 1-18b | 30 days after the Claim Construction Order |

**Expert Discovery:**  Opening Expert Reports on issues for which the service party has the burden of proof shall be due 45 days after the Claims Construct Order.

Rebuttal Expert Reports shall be due 30 days after the service of the Opening Expert Reports. The Expert Depositions period shall commence 30 days after service of Rebuttal Expert Reports and end 45 days thereafter.

**Disposition Motions and Pretrial Order:**  Dispositive motions shall be due 60 days after the close of expert disclosures.  Responses to dispositive motions shall be due 21 days after dispositive motions are served.  Replies in support of dispositive motions shall be due 14 days after responses are served.

The Joint Pretrial Order shall be due 60 days after the date rulings on all dispositive motions are entered.  If no dispositive motions are filed, the Joint Pretrial Order shall be due 60 days after the dispositive motion deadline.

**Alternative Dispute Resolution:**  Once the Claim Construction Order is entered, the parties shall submit a joint stipulation providing three dates on which they are available for a post-claim construction settlement conference.  These dates shall be within 30 days of the date of the Claims Construction Order.

Once the Joint Pretrial Order is entered by the Court, the parties shall file a joint stipulation with three dates for a pre-trial settlement conference.  These dates shall be within 30 days of the entry date of the Joint Pretrial Order.

Dated this 2nd day of September, 2021.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE